# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

**Case No.** _____-CV-_____

KERRY ROTH, on behalf of herself and )
all others similarly situated, )
　）
　　　　　　　　　Plaintiff, )
　）
v. )
　）
GEICO GENERAL INSURANCE )
COMPANY; GOVERNMENT )
EMPLOYEES INSURANCE COMPANY; )
GEICO INDEMNITY COMPANY; AND )
GEICO CASUALTY COMPANY )
　）
　）
　　　　　　　　　Defendants. )
　）
　）
　）

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendants GEICO General Insurance Company, Government Employees Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company (collectively, "GEICO" or "Defendants") gives notice of removal of the action captioned *Kerry Roth v. GEICO General Insurance Company et al.*, Case No. CACE-16-016030, on the docket of the Circuit Court for the 17th Judicial Circuit, in and for Broward County, Florida. In support of this removal, GEICO states as follows:

## FACTUAL BACKGROUND

1. On or about August 30, 2016, Plaintiff Kerry Roth filed a putative state court class action against GEICO in the Circuit Court for the 17th Judicial Circuit, in and

1

for Broward County, Florida, styled *Kerry Roth v. GEICO General Insurance Company et al.*, Case No. CACE-16-016030 (the "State Court Action"). On November 8, 2016, before serving the original complaint, Plaintiff filed an Amended Class Action Complaint. Plaintiff filed a Second Amended Class Action Complaint on November 16, 2016.

2. On November 21, 2016, GEICO waived service of the Second Amended Class Action Complaint.

3. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

4. The State Court Action purports to assert causes of action on behalf of two putative classes for breach of contract and declaratory relief. The asserted claims arise out of GEICO's alleged policy and practice of refusing to pay sales tax and state and local regulatory fees on insured leased vehicles that are declared a total loss in violation of standardized policy language providing coverage for these taxes and fees.[1]  2d Am. Class Action Compl. ¶ 3.

5. Plaintiff seeks certification of two classes. Class A consists of: "All insureds, under a policy issued by GEICO General Insurance Company in the State of Florida, covering a leased vehicle, who sustained a total loss to said vehicle and who, within the five year time period prior to the date on which this lawsuit was filed till the date of any certification order, received payment from GEICO General Insurance

---

[1] Defendants do not admit the underlying facts or allegations and expressly deny any liability to Plaintiff and the putative class. Defendants reserve their rights to challenge the legal sufficiency of the allegations in the Complaint.

2

Company for said loss, which payment did not include ACV Sales Tax[2] or state and local regulatory fees for the loss of said vehicle." *Id.* ¶ 27.  Class B consists of:  "All insureds, under policies issued by Geico General Insurance Company; Government Employees Insurance Company; Geico Indemnity Company; and Geico Casualty Company; in the State of Florida, covering a leased vehicle, who sustained a total loss to said vehicle and who, within the five year time period prior to the date on which this lawsuit was filed till the date of any certification order, received payment from any of the aforementioned insurance companies, which payment did not include ACV Sales Tax or state and local regulatory fees for the loss of said vehicle." *Id.* ¶ 27.

6. Plaintiff seeks recovery on behalf of herself and the respective classes for compensatory damages, pre- and post-judgment interest, costs, attorney fees, payment of ACV Sales Tax and state and local regulatory fees, declaratory relief mandating the payment of ACV Sales Tax and state and local regulatory fees and such other relief as deemed appropriate. *Id*. ¶¶ 33, 34, 38.

## GROUNDS FOR REMOVAL

7. This case is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1453.  CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.,* minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5,000,000 or more, aggregating all claims, but excluding interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2),

---

[2] "Actual Cash Value" or "ACV" is defined in the Amended Class Action Complaint as sales tax and state and local regulatory fees.  Sec. Am. Class Action Compl. ¶ 1.

3

1332(d)(5)(B). As described below, Defendants believe in good faith that each of these requirements is met here.

### A. Minimal Diversity Exists

8. In accordance with 28 U.S.C. § 1332(d)(2)(A), there is diversity in this action. The State Court Action alleges that Plaintiff Kerry Roth is a person residing in Boca Raton, Florida. 2d Am. Class Action Compl. ¶ 6. GEICO General Insurance Company, Government Employees Insurance Company, GEICO Indemnity Company and GEICO Casualty Company are all foreign corporations incorporated under the laws of Maryland, with their principal places of business in Maryland, and are therefore citizens of Maryland for diversity purposes. Accordingly, there is diversity of citizenship under CAFA.

### B. Proposed Class Consists of More than 100 Members

9. Plaintiff brings this action on behalf of two putative classes. *Id.* ¶ 27; *see supra* ¶ 5.

10. While the precise number of putative class members is unknown, Plaintiff alleges that because "the Defendants collectively are one of the largest, if not the largest, motor vehicle insurer in the State of Florida, the classes of persons affected by the Defendants' unlawful practice consists of thousands of individuals." Sec. Am. Class Action Compl. ¶ 30.

11. Accordingly, the putative class consists of more than 100 members, satisfying the requirements of CAFA.

### C. Amount in Controversy Exceeds $5,000,000

12. In the removal context, the assessment of whether the amount-in-controversy requirement is satisfied does not center on what damages the plaintiff will ultimately recover, if any, but on what amount is in controversy between the parties. *Angrignon v. KLI, Inc.,* No. 08-81218-CIV, 2009 WL 506954, at *2 n.3 (S.D. Fla. Feb. 27, 2009); *see also Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010) ("[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," and "[t]he law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life.").

13. Although the complaint does not specify the exact dollar amount of the damages being sought by Plaintiffs and the putative class, based on the substance and scope of the claims that are asserted and the remedies requested, Defendants are informed and believe in good faith that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

14. Plaintiff brings this action on behalf of two putative classes.[3]  Sec. Am. Class Action Compl. ¶ 27, *see supra* ¶ 5. The putative classes are defined as all insureds with a GEICO policy issued in the state of Florida covering a leased vehicle who sustained a total loss to said vehicle and who received payment from GEICO for said loss, which payment did not include ACV Sales Tax or state and local regulatory fees.

---

[3] The two classes asserted in the complaint are essentially identical. The first class is asserted on behalf of GEICO General Insurance company insureds, while the second class is asserted on behalf of Government Employees Insurance Company, GEICO Indemnity Company, and GEICO Casualty company insureds. Sec. Am. Class Action Compl. ¶ 27.

5

*Id.* The term "ACV Sales Tax" is defined as "sales tax equal to at least six percent of the cash value of the insured vehicle at the time of the loss," plus local sales tax of up to 1.5% that some counties impose. Sec. Am. Class Action Compl. ¶ 2.

15. During the period August 2011 through October 2016, there were approximately 136,032 total loss claims made on Florida automobile policies issued by GEICO, resulting in total loss claim payments in excess of $1,000,000,000.

16. The total amount paid on these total loss claims is approximately $1,396,814,777.[4]

17. GEICO does not have complete data with respect to which total loss payments were made for leased vehicles.

18. GEICO's records indicate whether a vehicle is leased or owned for only 23,477 of the 136,032 total loss claims potentially at issue. Of those 23,477 total loss claims, 1,756 claims, or approximately 7.4%, are identified as leased vehicles. The total amount paid on total loss claims for identified leased vehicles was over $37,000,000, with an average total loss payment of approximately $21,000. If, as alleged, GEICO were responsible for paying Florida's 6% state tax and an additional local sales tax of 1.5% for up to $5,000 for each of these leased vehicle total loss claims, that amount would be approximately $2.3 million.

19. Regarding the remaining 112,555 total loss claims for which GEICO's systems do not reflect whether the claim involves a leased vehicle, by extrapolating a similar 7.4% rate of leased vehicles across that population of total loss claims,

---

[4] This number includes certain fees, such as towing and storage, which can only be separated out by a manual claim file review. This amount does not include rental or injury payments.

Defendants reasonably believe that there may be an additional 8,239 total loss claims involving leased vehicles.[5] If, as alleged, GEICO were responsible for paying Florida's 6% state tax and an additional local sales tax of 1.5% for up to $5,000 for each of these leased vehicle total loss claims, that amount would be approximately $11.4 million.

20.   Based on the above estimates and the allegations set forth by Plaintiff the amount in controversy in the Amended Class Action Complaint exceeds $13 million, in addition to state and local regulatory fees, the potential value of declaratory relief requested, and attorneys' fees under Fla. Stat § 627.428.  2d Am. Class Action Compl. ¶¶ 34, 36-38.

21.   Accordingly, while Defendants do not concede that Plaintiff or members of the proposed classes are entitled to the damages sought, they believe in good faith that the amount in controversy exceeds the sum or value of $5,000,000 if certified, including compensatory damages, attorneys' fees, payment of state and local sales tax and regulatory fees, and declaratory relief, all of which are sought in the State Court Action.

---

[5] The number of new vehicles leased annually in the United States ranges from 20% in 2010 to 32.3% in 2016.  *See* "New and Used Passenger Car Sales and Leases," Bureau of Transportation Statistics, http://www.rita.dot.gov/bts/sites/rita.dot.gov.bts/files/publications/national_transportation_statistics/html/table_01_17.html (lasted visited 10/17/2016) and "Record Vehicle Leasing Could Pinch New Auto Margins," Wall Street Journal, March 6, 2016 http://www.wsj.com/articles/record-vehicle-leasing-could-pinch-new-auto-margins-1457294745 (last visited 10/17/2016).  In addition, approximately 3.8% of all used cars are leased.  *See* "Too many used cars? Lease them," Automotive News, 4/16/2016, http://www.autonews.com/article/20160416/RETAIL04/304189964/too-many-used-cars%3F-lease-them (last visited 10/17/2016).  Based on these figures, GEICO's application of a 7.4% ratio of leased to non-leased vehicle total loss claims for purposes of removal is a conservative estimate.

## **COMPLIANCE WITH REMOVAL STATUTE**

22. The Notice of Removal was properly filed in the United States District Court for the Southern District of Florida because the Circuit Court of 17th Judicial Circuit in and for Broward County is located within the Southern District of Florida. Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

23. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  28 U.S.C. § 1446(a).

24. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of service.

25. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit 2 are copies of all process documents, pleadings and orders filed with the court by Plaintiff with respect to this action.

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy, along with a Notice to Clerk of Removal, will be promptly filed with the Clerk of the Circuit Court of 17th Judicial Circuit in and for Broward County, Florida.

## **CONCLUSION**

For the foregoing reasons, GEICO respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of the 17th Judicial Circuit in and for Broward County.

This 14th day of December, 2016.

                      Respectfully submitted,

                      By: s/ Amelia Toy Rudolph
                      Amelia Toy Rudolph
                      Florida Bar No.  57015
                      999 Peachtree Street, N.E.
                      Suite 2300
                      Atlanta, Georgia  30309-3996
                      Tel:     (404) 853-8000
                      Fax:     (404) 853-8806
                      amelia.rudolph@sutherland.com

                      *Attorney for Defendants*
                      *GEICO GENERAL INSURANCE*
                      *COMPANY; GOVERNMENT EMPLOYEES*
                      *INSURANCE COMPANY;*
                      *GEICO INDEMNITY COMPANY; and*
                      *GEICO CASUALTY COMPANY*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Defendants' Notice of Removal was served by first class mail, postage prepaid, upon the attorneys listed below, on this 14th day of December, 2016:

Christopher J. Lynch, P.A.  
Clynch@hunterlynchlaw.com  
6915 Red Road, Suite 208  
Coral Gables, Florida  33143  
Telephone: (305) 443-6200  
Facsimile: (305) 443-6204  
Attorney for Kerry Roth

Edmund A. Normand  
Ed@EdNormand.com  
Normand Law PLLC  
62 W. Colonial Drive  
Suite 209  
Orlando, Florida  32801  
Telephone: (407) 603-6031  
Facsimile: (509) 267-6468  
Attorney for Kerry Roth

    s/ Amelia Toy Rudolph  
    Amelia Toy Rudolph  
    Florida Bar No.  57015