**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 16-62942-CIV-DIMITROULEAS / SNOW**

| | |
|---|---|
| KERRY ROTH, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| GEICO GENERAL INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO CASUALTY COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Defendant GEICO GENERAL INSURANCE COMPANY ("GEICO" or "Defendant") hereby responds to Plaintiff's Second Amended Class Action Complaint for Damages as follows:

### I.   NATURE OF THE ACTION

1.   This is a class action lawsuit by Plaintiff who was the named insured under a GEICO GENERAL INSURANCE COMPANY; (hereinafter also identified as "GEICO GENERAL") automobile policy issued for private passenger auto physical damage requiring payment of "Actual Cash Value" ("ACV"), including sales tax, and state and local regulatory fees, for covered total loss leased vehicles.

**Response:**   Defendant denies every allegation contained in paragraph 1 of the Second Amended Class Action Complaint, except admits that Plaintiff had a private passenger auto insurance policy with GEICO General Insurance Company, policy number 4433080399, with

various coverages, including automobile physical damage coverage. To the extent that paragraph 1 states Plaintiff's contentions and conclusions of law, no response is required.

2. The Defendant GEICO GENERAL's standardized policy language, which is also present in the Florida policies issued by GOVERNMENT EMPLOYEES INSURANCE COMPANY; GEICO INDEMNITY COMPANY; and GEICO CASUALTY COMPANY shows that sales tax equal to at least six percent of the cash value of the insured vehicle at the time of loss (the "ACV Sales Tax"), is included in a total loss vehicle coverage, as are state and local regulatory fees.

**Response:** Defendant denies each and every allegation contained in paragraph 2 of the Second Amended Class Action Complaint. No response is required to the allegations relating to Government Employees Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company because, pursuant to the Court's January 24, 2017 Order, they were dismissed from this action. *See* Order (Jan. 24, 2017) ECF No. 14.

3. This lawsuit is brought on behalf of Plaintiff KERRY ROTH and on behalf of similarly situated insureds who have suffered damages due to the Defendants' policy and practice of refusing to pay full ACV Sales Tax and state and local regulatory fees, on insured leased vehicles, in the case of total loss, notwithstanding that, as set forth above, the Defendants' standardized policy language provides coverage for said ACV Sales Tax and fees.

**Response:** Defendant denies each and every allegation contained in paragraph 3 of the Second Amended Class Action Complaint, but admits that Kerry Roth is the named Plaintiff in this putative class action. Defendant specifically denies that class treatment is appropriate.

## II.  JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims since the Plaintiff's and Classes' claims exceed $15,000.00.

**Response:** Defendant denies the allegations contained in paragraph 4 of the Second Amended Class Action Complaint as moot. As set forth in Defendant's Notice of Removal, Jurisdiction and Venue are proper in the United States District Court for the Southern District

of Florida pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453. *See* Notice of Removal (Dec. 14, 2016) ECF No. 1.

5.     Venue is proper in this Court pursuant to §47.051 Fla. Stat. since the Defendants have agents or representatives doing business in this county.

**Response:**  Defendant denies the allegations contained in paragraph 5 of the Second Amended Class Action Complaint as moot. As set forth in Defendant's Notice of Removal, Jurisdiction and Venue are proper in the United States District Court for the Southern District of Florida pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453. *See* Notice of Removal (Dec. 14, 2016) ECF No. 1.

### III.   THE PARTIES

6.     At all times material hereto, the Plaintiff KERRY ROTH, is and was a person residing in Boca Raton, Florida.

**Response:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's residence.

7.     At all times material hereto, the Defendant GEICO GENERAL is and was a foreign corporation authorized to transact insurance in the State of Florida, and one of the largest, if not the largest, motor vehicle insurer in Florida. The Defendants GOVERNMENT EMPLOYEES INSURANCE COMPANY; GEICO INDEMNITY COMPANY; and GEICO CASUALTY COMPANY are also foreign corporations authorized to transact insurance in Florida.

**Response:**  Defendant admits that it is a foreign corporation that is authorized to write private passenger auto insurance in the state of Florida and that it is a leading private passenger auto insurer in the state of Florida. No response is required to the allegations relating to Government Employees Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company because, pursuant to the Court's January 24, 2017 Order, they were dismissed from this action. *See* Order (Jan. 24, 2017) ECF No. 14.

## IV.     FACTUAL ALLEGATIONS

8.     At all times material hereto, the Plaintiff ROTH was a lessee of a 2015 Audi A3 Sedan, VIN number WAUACGFF7F1092286, financed through VW Credit, Inc.

**Response:**     Defendant admits that Plaintiff insured a 2015 Audi A3, VIN number WAUACGFF7F1092286, (the "Vehicle") under her policy with Defendant, policy number 4433080399.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 8 of the Second Amended Class Action Complaint.

9.     At all times material hereto, the Plaintiff ROTH insured the 2015 Audi A3 under a Florida Family Automobile Insurance Policy with GEICO GENERAL (a copy of said policy is attached hereto as Exhibit A).

**Response:**     Defendant admits that Plaintiff insured a 2015 Audi A3, VIN number WAUACGFF7F1092286, under a Florida Family Automobile Insurance Policy contract, A-70FL (03-11), including applicable amendments and endorsements, with Defendant, policy number 4433080399.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 9 of the Second Amended Class Action Complaint.

10.     On or about June 18, 2016, the Plaintiff ROTH was involved in an accident while operating the 2015 Audi A3.  As a result of said accident, ROTH filed a claim for property damage with GEICO GENERAL, claim number 05590116-0101-012.

**Response:**     Defendant denies the allegations contained in paragraph 10 of the Second Amended Class Action Complaint, but admits that Plaintiff reported a loss to Defendant resulting in a claim, claim number 055901116-0101-012, under her Policy, for physical damage to the Vehicle arising out of an accident occurring on or about June 18, 2016.

11.     Following the filing of said claim, GEICO GENERAL determined that the 2015 Audi A3 was a total loss with an ACV of $23,947.00. GEICO GENERAL then paid the

4

aforementioned sum to the lienholder, VW Credit Inc., minus the GEICO GENERAL policy's deductible of $1,000.00, for a total of $22,947.00.

**Response:**   Defendant denies all of the allegations in paragraph 11 of the Second Amended Class Action Complaint, except admits that following the assessment of damage to Plaintiff's vehicle in connection with her claim, claim number 055901116-0101-012, Defendant determined that the Vehicle was a total loss with a value of $23,947.00. Defendant further admits that in settlement of Plaintiff's claim, after subtracting Plaintiff's $1,000 deductible, Defendant paid VW Credit Inc. $22,947.00.

12.   In paying the aforementioned amount, GEICO GENERAL indicated that because the vehicle was leased, no ACV Sales Tax or state or local regulatory fees were owed under the GEICO GENERAL policy.

**Response:**   Defendant denies each and every allegation contained in paragraph 12 of the Second Amended Class Action Complaint.

## V.   THE GEICO GENERAL POLICY

13.   The GEICO GENERAL policy, under Section III, entitled PHYSICAL DAMAGE COVERAGE, (page 14 of Form A-70 FL(03-11), states:

> LOSSES WE WILL PAY
>
> \*             \*             \*
>
> *Collision*
>
> 1. We will pay for ***collision loss*** to the ***owned auto*** for the amount of each ***loss*** less the applicable deductible and to the ***non-owned auto*** for the amount of each ***loss*** less the applicable deductible when driven by ***you*** or a ***relative***.

**Response:**   Defendant denies the allegations in paragraph 13 of the Second Amended Class Action Complaint to the extent that Section III of Defendant's Florida Family Automobile Insurance Policy, A-70FL (03-11) states "PHYSICAL DAMAGE

5

COVERAGES" not "PHYSICAL DAMAGE COVERAGE."  Defendant states that the remaining allegations in paragraph 13 quote one excerpt from its Florida Family Automobile Insurance Policy, A-70FL (03-11), the complete terms, conditions, exclusions and limitations of which speak for themselves.

      14.    The GEICO GENERAL policy, in Section III,  under the provision entitled **LIMIT OF LIABILITY,** (page 15 of Form A-70FL (03-11)), states:

> The limit of our liability for **loss:**
>
> 1. Is the ***actual cash value*** of the property at the time of the ***loss.***

**Response:**    Defendant states that the allegations in paragraph 14 of the Second Amended Class Action Complaint quote one excerpt from its Florida Family Automobile Insurance Policy, A-70FL (03-11), the complete terms, conditions, exclusions and limitations of which speak for themselves.

      15.    Finally, the **DEFINITIONS** provision of the GEICO GENERAL policy (page 13 of form A-70FL (03-11)), states:
> 1. ***Actual cash value*** is the replacement cost of the auto or property less ***depreciation*** or ***betterment.***

**Response:**    Defendant avers that the allegations in paragraph 15 of the Second Amended Class Action Complaint quote one excerpt from its Florida Family Automobile Insurance Policy, A-70FL (03-11), the complete terms, conditions, exclusions and limitations of which speak for themselves.

      16.    Clearly, the policy language, which is identical to the language contained in the Florida  policies  issued by GOVERNMENT  EMPLOYEES INSURANCE COMPANY; GEICO INDEMNITY COMPANY; and GEICO CASUALTY COMPANY; does not include: (1) any provision  excluding sales tax or state and local regulatory fees from ACV; (2) any provision deferring  payment of the ACV Sales Tax and state or local regulatory  fees for any purpose whatsoever; (3) any provision  requiring  an insured to lease a replacement vehicle; (4) any provision requiring the insured to first lease a replacement vehicle as a condition precedent to receiving a ACV Sales Tax or state and regulatory  fees; and (5) any provision  linking the

amount of ACV Sales Tax or state and regulatory fees to the lease of a replacement vehicle and the corresponding sales tax or state or regulatory fees on said replacement vehicle.

**Response:**   Defendant denies each and every allegation contained in paragraph 16 of the Second Amended Class Action Complaint, except states that to the extent Paragraph 16 contains legal conclusions and general opinions, no response is required. No response is required to the allegations relating to Government Employees Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company because, pursuant to the Court's January 24, 2017 Order, they were dismissed from this action. *See* Order (Jan. 24, 2017) ECF No. 14.

## VI.   CLASS ALLEGATIONS

17.   The Plaintiff brings this action seeking representation of two classes pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and 1.220(b)(3).

**Response:**   Defendant denies the allegations in paragraph 17 of the Second Amended Class Action Complaint, except admits that Plaintiff seeks to represent two classes. No response is required to the allegations relating to Government Employees Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company because, pursuant to the Court's January 24, 2017 Order, they were dismissed from this action. *See* Order (Jan. 24, 2017) ECF No. 14.

18.   Plaintiff's claims are typical to those of all class members because members of the class are similarly affected by the Defendant's failure to pay ACV Sales Tax and state and local regulatory fees upon the total loss of insured leased vehicles. The material policy terms for each class member are identical to the terms of the Plaintiff's policy.

**Response**:   Defendant denies each and every allegation contained in paragraph 18 of the Second Amended Class Action Complaint and specifically denies that class treatment is appropriate.

19. Plaintiff's interests are not antagonistic to those of other class members nor is the Plaintiff subject to any unique defenses.

**Response:** Defendant denies each and every allegation contained in paragraph 19 of the Second Amended Class Action Complaint and specifically denies that class treatment is appropriate.

20. The claim of the representative Plaintiff ROTH, raises questions of law and fact that are common to all members of the classes, within the meaning of Florida Rule of Civil Procedure 1.220. Said common questions include, but are not limited to, the following: (a) whether under the Defendant's standardized policy language Plaintiff and the class members are owed ACV Sales Tax and state and local regulatory fees upon the total loss of an insured leased vehicle; and (b) whether the Defendants have breached their insurance contracts with the Plaintiff and the class members by failing to pay ACV Sales Tax and state and local regulatory fees upon the total loss of an insured leased vehicle.

**Response:** Defendant denies each and every allegation contained in paragraph 20 of the Second Amended Class Action Complaint and specifically denies that class treatment is appropriate.

21. The claims of the Plaintiff are typical of the claims of all other members of the classes because all such claims arise from the alleged improper failure of the Defendant to pay ACV Sales Tax and state and local regulatory fees upon the total loss of insured leased vehicles.

**Response:** Defendant denies each and every allegation contained in paragraph 21 of the Second Amended Class Action Complaint and specifically denies that class treatment is appropriate.

22. The Plaintiff and her counsel will fairly and adequately protect and represent the interests of each member of the classes.

**Response:** Defendant denies each and every allegation contained in paragraph 22 of the Second Amended Class Action Complaint and specifically denies that class treatment is appropriate.

23. The Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in prosecuting and defending class actions.

**Response:** Defendant denies each and every allegation contained in paragraph 23 of the Second Amended Class Action Complaint and specifically denies that class treatment is appropriate.

24. Defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole pursuant to Rule 1.220(b)(2).

**Response:** By way of the Court's Order dated January 24, 2017, Plaintiff's second cause of action for declaratory relief was dismissed and therefore no response to paragraph 24 of the Second Amended Class Action Complaint is required. *See* Order (Jan. 24, 2017) ECF No. 14.

25. This action is properly maintained as class action pursuant to Florida Rule of Civil Procedure 1.220(b)(3) in that questions of law and fact, common to claims of the Plaintiff and the members of the classes, will predominate over questions of law or fact, affecting only individual members of the classes, such that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**Response:** Defendant denies each and every allegation contained in paragraph 25 of the Second Amended Class Action Complaint and specifically denies that class treatment is appropriate.

26. The Plaintiff brings this action pursuant to Rules 1.220(b)(2) and 1.220(b)(3) of the Florida Rules of Civil Procedure as class representative, individually and on behalf of all other persons or entities similarly situated, more specifically defined as follows:

### CLASS A

> All insureds, under a policy issued by Geico General Insurance Company in the State of Florida, covering a leased vehicle, who sustained a total loss to said vehicle and who, within the five year time period prior to the date on which this lawsuit was filed till the date of any certification order, received payment from Geico General Insurance Company for said loss, which payment did not include ACV Sales Tax or state and local regulatory fees for the loss of said vehicle.

9

<u>CLASS B</u>

>All insureds, under policies issued by Geico General Insurance Company; Government Employees Insurance Company; Geico Indemnity Company; and Geico Casualty Company; in the State of Florida, covering a leased vehicle, who sustained a total loss to said vehicle, and who, within the five years time period prior to the date on which this lawsuit was filed to the date of any certification order, received payment from any of the aforementioned insurance companies, which payment did not include ACV Sales Tax or state and local regulatory fees for the loss of said vehicle.

**Response:** No response is required to paragraph 26 of the Second Amended Complaint to the extent that it states Plaintiff's contentions and conclusions of law. Defendant denies all other allegations in paragraph 26, but admits that Plaintiff seeks to certify the putative classes labeled "Class A" and "Class B" in paragraph 26 of the Second Amended Class Action Complaint. No response is required to the allegations relating to Government Employees Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company because, pursuant to the Court's January 24, 2017 Order, they were dismissed from this action. *See* Order (Jan. 24, 2017) ECF No. 14.

27. The issues relating to the claim of the Plaintiff do not vary from the issues relating to the claims of the other members of the classes such that a class action provides a more efficient vehicle to resolve this claim than through a myriad of separate lawsuits.

**Response:** Defendant denies each and every allegation contained in paragraph 27 of the Second Amended Class Action Complaint and specifically denies that class treatment is appropriate.

28. Certification of the above classes under Florida Rule of Civil Procedure 1.220 is also supported by the following considerations:

> (a) The relatively small amount of damages that members of the classes have suffered on an individual basis would not justify the prosecution of separate lawsuits.
>
> (b) Counsel in this class action is not aware of any previously filed litigation against the Defendants in which any of the members of the classes are a party and which any question of law or fact in the subject action is to be adjudicated.
>
> (c) No difficulties would be encountered in the management of the Plaintiff's claim on a class action basis because the classes are readily definable and the prosecution of this class action would reduce the possibility of repetitious litigation.

**Response:** Defendant denies each and every allegation contained in paragraph 28 of the Second Amended Class Action Complaint and specifically denies that class treatment is appropriate.

29. Finally, although the precise number of class members is unknown to Plaintiff at this time, and can only be determined through appropriate discovery, the Plaintiff believes that since the Defendants collectively are one of the largest, if not the largest, motor vehicle insurer in the State of Florida, the classes of persons affected by the Defendants' unlawful practice consists of thousands of individuals or the classes of persons affected are otherwise so numerous, that joinder of all class members is impractical. The unlawful practice alleged herein is a standardized uniform practice, employed by the Defendants, pursuant to standardized insurance policy language, resulting in the retention by the Defendants of insurance benefits and monies properly owed to the Plaintiff and the class members.

**Response:** Defendant denies each and every allegation contained in paragraph 29 of the Second Amended Class Action Complaint and specifically denies that class treatment is appropriate.

## COUNT I – BREACH OF CONTRACT FOR CLASSES A AND B

30. The allegations contained in paragraphs 1 through 29 above are incorporated herein by reference.

**Response:** Defendant repeats and reiterates its response to each and every allegation contained in paragraphs 1 through 29 of the Second Amended Class Action Complaint.

31. Pursuant to the aforementioned uniform contractual provisions, upon the total loss of insured leased vehicles, the Plaintiff and the class members were owed the actual cash value of the vehicle which would include ACV Sales Tax and state and local regulatory fees.

**Response:** Defendant denies each and every allegation contained in paragraph 31 of the Second Amended Class Action Complaint.

32. The Defendants failure to provide coverage for the aforementioned ACV Sales Tax and state and local regulatory fees, constitutes a breach of said contractual provisions. As a result of said breaches, the Plaintiff and the class members are entitled to sums representing the benefits owed for ACV Sales Tax and state and local regulatory fees, under the Defendants' insurance policies, as well as costs, prejudgment and post judgment interest and other relief as is appropriate.

**Response:** Defendant denies each and every allegation contained in paragraph 32 of the Second Amended Class Action Complaint.

33. In addition, the Plaintiff and the class members are entitled to an award of attorney fees pursuant to §627.428 Fla. Stat.

**Response:** Defendant denies each and every allegation contained in paragraph 33 of the Second Amended Class Action Complaint.

WHEREFORE, the Plaintiff KERRY ROTH, individually and on behalf of Classes A and B, seeks an award of compensatory damages as outlined above, pre and post judgment interest, costs, attorney fees and such other relief deemed appropriate. In addition, the Plaintiff ROTH seeks trial by jury of all issues so triable.

**Response:** Defendant denies that Plaintiff is entitled to any of the relief demanded in the "WHEREFORE" paragraph following paragraph 33 and specifically denies that class treatment is appropriate.

### COUNT II – DECLARATORY RELIEF FOR CLASSES A AND B

34. The allegations in paragraphs 1 through 29 above are incorporated herein by reference.

**Response:** Defendant repeats and reiterates its response to each and every allegation contained in paragraphs 1 through 29 of the Second Amended Class Action Complaint.

35. This is a class action for declaratory relief against the Defendants pursuant to 86.011 et. seq. Fla. Stat. The question of law and fact common to the claim of the representative party ROTH, and the Classes, is whether the Defendants were obligated to provide coverage for ACV Sales Tax and state and local regulatory fees under the Defendants' insurance contracts issued to ROTH and the class members.

**Response:** Pursuant to the Court's Order dated January 24, 2017, Plaintiff's second cause of action for declaratory relief was dismissed and therefore no response to paragraph 35 of the Second Amended Class Action Complaint is required. *See* Order (Jan. 24, 2017) ECF No. 14.

36. It is ROTH's and the class members position that pursuant to the Defendants policies, ROTH and the class members are entitled to ACV Sales Tax and state and local regulatory fees, while it is the Defendants' position that coverage for the aforementioned is not owed under the Defendants' policies.

**Response:** Pursuant to the Court's Order dated January 24, 2017, Plaintiff's second cause of action for declaratory relief was dismissed and therefore no response to paragraph 36 of the Second Amended Class Action Complaint is required. *See* Order (Jan. 24, 2017) ECF No. 14.

37. Accordingly, ROTH and the class members request a declaratory degree that the Defendants are obligated to provide coverage for ACV Sales Tax and state and local regulatory fees, under the insurance policies issued to the Class Members.

**Response:** Pursuant to the Court's Order dated January 24, 2017, Plaintiff's second cause of action for declaratory relief was dismissed and therefore no response to paragraph 37 of the Second Amended Class Action Complaint is required. *See* Order (Jan. 24, 2017) ECF No. 14.

The remaining allegations in the Second Amended Class Action Complaint are prayers for relief to which no response is necessary. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

All allegations in the Second Amended Class Action Complaint not hereto admitted, denied or otherwise explained are specifically denied as though set forth individually and separately denied.

## AFFIRMATIVE DEFENSES

Defendant sets forth the following affirmative and other defenses to Plaintiff's Second Amended Class Action Complaint. Defendant does not intend to assume the burden of proof with respect to any matters as to which Plaintiff bears the burden under applicable law.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Class Action Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The granting of Plaintiff's demand in the Second Amended Class Action Complaint would result in unjust enrichment.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' grievances should be addressed by the Office of Insurance Regulation and therefore this court lacks jurisdiction.

**FIFTH AFFIRMATIVE DEFENSE**

The alleged conduct of Defendant is permitted under the laws and regulations of the State of Florida and elsewhere.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant, at all times, complied with and fulfilled all of its obligations under any and all insurance laws and regulations, including the applicable Circular Letter(s) issued by the Florida Office of Insurance Regulation and court opinions interpreting the applicable insurance laws and regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims are barred in whole or in part by the appraisal provision in Defendant's insurance policies.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims are barred because they did not sustain any ascertainable losses or damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members are not entitled to attorneys' fees, punitive damages, or treble damages.

**TENTH AFFIRMATIVE DEFENSE**

Defendant at all times complied with its contractual obligations and did not breach any contract provisions.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to identify any breached contract provisions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Second Amended Class Action Complaint, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members have failed to timely and completely exhaust the requisite administrative remedies, statutory and/or contractual remedies, and/or policy conditions precedent available to her prior to commencing this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred because, without admitting (and specifically denying) the Defendant owed any duty to Plaintiff or putative class members, any duty or obligation owed was fully performed, satisfied, and/or discharged.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred by the doctrine of collateral estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims of some putative class members may be barred by *res judicata*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of some putative class members may be barred by their lack of standing to bring the claims alleged in the Second Amended Class Action Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of some putative class members may be barred by set-off and/or recoupment.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims of some putative class members may be barred by release.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims of some putative class members may be barred by accord and satisfaction.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims of some putative class members may be barred by statute of limitations, waiver, and/or laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims of some putative class members may be barred by discharge in bankruptcy.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This suit may not be properly maintained as a class action because: (1) Plaintiff has failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Second Amended Class Action Complaint; (3) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not a proper class representative; (6) counsel for Plaintiff and the putative class are not adequate representatives; (7) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the putative class; and (9) the putative class is not ascertainable, nor are its members identifiable.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant opposes class certification and disputes the propriety of class treatment.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant expressly reserves its right to assert additional defenses as may be warranted by facts obtained during the course of its investigation and/or discovery in this litigation.

**WHEREFORE**, having fully answered, Defendant GEICO General Insurance Company prays that judgment be entered against Plaintiff, that the Second Amended Class Action Complaint be dismissed with prejudice, that Defendant be awarded all costs, disbursements, and fees incurred in the defense of this action, including, but not limited to, all attorneys' and expert witness fees, and that Defendant be awarded all such other relief as this Court may deem just, proper, and equitable.

Dated:  February 6, 2017.

**EVERSHEDS SUTHERLAND (US) LLP**

By:  s/ Amelia Toy Rudolph
Amelia Toy Rudolph
Florida Bar No.  57015
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, N.E.
Suite 2300
Atlanta, Georgia  30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
amyrudolph@eversheds-sutherland.com

Kymberly Kochis (*pro hac vice*)
Alexander Fuchs (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 389-5068
Facsimile:  (212) 389-5099
kymberlykochis@eversheds-sutherland.com
alexfuchs@eversheds-sutherland.com

*Attorneys for Defendant*
*GEICO GENERAL INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Second Amended Class Action Complaint for Damages was served via the Court's CM/ECF system on February 6, 2017, on all counsel or parties of record on the service list.

                                              s/ Amelia Toy Rudolph
                                              Amelia Toy Rudolph
                                              Florida Bar No.  57015

## SERVICE LIST

| | |
|---|---|
| Christopher J. Lynch | Edmund A. Normand |
| Christopher J. Lynch, P.A. | Ed@EdNormand.com |
| clynch@hunterlynchlaw.com | Normand Law PLLC |
| clynch@hunterwilliamslaw.com | 62 W. Colonial Drive |
| Lmartinez@hunterlynchaw.com | Suite 209 |
| 6915 Red Road, Suite 208 | Orlando, Florida  32801 |
| Coral Gables, Florida  33143 | Telephone: (407) 603-6031 |
| Telephone: (305) 443-6200 | Facsimile: (509) 267-6468 |
| Facsimile: (305) 443-6204 | Attorney for Kerry Roth |
| Attorney for Kerry Roth | |