UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

KERRY ROTH, on behalf of themselves and
all others similarly situated,

      Plaintiffs,

v.

GEICO GENERAL INSURANCE
COMPANY,

      Defendant.

Case No.: 0:16-cv-62942-WPD

**DECLARATION OF JACOB PHILLIPS**

The undersigned Jacob Phillips states as follows:

1. I am over the age of majority and competent to make this declaration.

2. This declaration is given voluntarily and is based on personal knowledge.

3. I am an associate with Normand Law PLLC and counsel of record representing the Plaintiff in this lawsuit.

4. This putative class action lawsuit was filed in the Circuit Court for the Seventeenth Judicial Circuit, Broward County, Florida. (See Doc. No. 1, Exhibit 2, Copies of All Process Documents, Pleadings, and Orders.)

1

5. Plaintiff promptly served discovery on Defendant by serving Requests for the Production of Documents and Interrogatories on the then-Defendants, including GEICO General, contemporaneously with filing her complaint. (Id.)

6. This discovery was not answered, however, because the then-Defendants removed the action to this federal court on December 14, 2016. (See Doc. No. 1.)

7. Following removal, the then-Defendants moved to dismiss certain of the claims in the operative complaint, and this Court granted in part and denied in part that motion on January 24, 2017, and entered a Scheduling Order on the same day. (See Doc. Nos. 14 and 15.)

8. The remaining defendant, GEICO General, filed its answer on February 6, 2017, and Plaintiff served her first written discovery requests in federal court less than twenty days later on February 23, 2017.

9. GEICO General did not respond to Plaintiff's Requests for Production of Documents until April 7, 2017, and indicated that its production in this case would be a "rolling" production – meaning documents and data would be produced in batches over time.

10. As the "rolling production" continued, another batch of documents and data was produced on June 2, 2017.

11. On the same day, Plaintiff's counsel inquired with GEICO General's counsel regarding documents Plaintiff believed to be missing from this production. (See June 15, 2017 Email from Ed Normand to Alex Fuchs, attached as Exhibit D.)[1]

12. On June 15, 2017, GEICO General took the position that the missing information and data requested by Plaintiff were not responsive to Plaintiff's requests. (Id.)

13. Rather than involve the Court in a discovery dispute on this point, Plaintiff attempted to avoid the dispute by serving a Second Set of Requests for Production on July 27, 2017. (See Exhibit C.)

14. Even without responsive data in hand, Plaintiff first sent Defendant a notice for the Rule 30(b)(6) deposition of its corporate representative on August 1, 2017.

15. Also in early August, Plaintiff informed GEICO General that certain training materials appeared to be missing from prior productions, and on August 18, 2017, GEICO General produced another batch of production documents which did include some training materials.

16. Incredibly, on August 25, 2017, GEICO General responded to Plaintiff's Second Set of Requests for Production – the requests Plaintiff sent *because* GEICO General had earlier taken the position that requested data was not responsive to Plaintiff's first set of requests – *by objecting to all requests and producing no documents*. (See Response and Objections to Plaintiff's Second Set of Requests for Production, attached as Exhibit E.)

---

[1] The exhibits referenced in this declaration are to exhibits attached to Plaintiff's Motion and Incorporated Memorandum of Law in Support of Amending the Court's Scheduling Order, or, in the Alternative, Extending the Time to File Plaintiff's Motion for Class Certification.

17. In an effort to resolve the mounting discovery disputes, counsel for the parties engaged in several calls during this period to discuss disputes regarding the "rolling" productions, the refusal to produce key data, and 30(b)(6) depositions that would address key topics in the litigation.

18. Defendant informed Plaintiff that there would have to be many witnesses designated to address the 30(b)(6) topics identified by Plaintiff, and Plaintiff requested Defendant produce responsive and requested data prior to those depositions.

19. Meanwhile, the parties sought the Court's assistance in extending deadlines in the case to accommodate the time these discovery delays were consuming, and filed a joint motion to amend the Scheduling Order on August 18, 2017. (See Doc. No. 28.) The Court granted this motion on the same day. (See Doc. No. 29.)

20. However, eight days later on August 26, 2017 Hurricane Harvey made landfall in Texas, and then on September 10, 2017, Hurricane Irma made landfall in the United States (including in Florida and Georgia).

21. As a result of the damage caused by these hurricanes, defendant GEICO General anticipated receiving an extraordinarily large number of automobile total loss claims.

22. Consequently, GEICO General represented to the Court this increased claims volume would impact its ability to timely produce data and documents requested by Plaintiff in discovery, and would negatively affect the availability of key personnel who might be necessary for depositions. (See Joint Motion to Amend Case Management and Scheduling Order, Doc. No. 30, at 3-4, and attached GEICO General Affidavit.)

23. The parties therefore jointly moved this Court for an extension of deadlines in the case on September 22, 2017.  (Id.)

24. In their joint motion, the parties jointly requested that deadlines be extended, including requesting extending the deadline for Plaintiff's motion for class certification to April 10, 2018, the deadline for the close of fact discovery to June 15, 2018, the deadline for dispositive motions to August 22, 2018, and trial to December 2018.  (Id.)

25. The Court granted the joint motion to extend deadlines, but declined to move them as requested by the parties.  (See Order Granting In Part Joint Motion to Amend Scheduling Order, Doc. No. 31.)  Instead, the Court moved the trial date from June 4, 2018 to July 16, 2018, and moved the motion for class certification to January 4, 2018.  (Id. at 2.)

26. As the "rolling" production continued, the parties continued to attempt to resolve their disputes regarding Plaintiff's requested data and documents without Court intervention.

27. On September 25, 2017, the parties jointly moved the Magistrate Judge for an extension of time to file motions to compel (see Doc. No. 32), and Magistrate Judge Snow granted that motion two days later (see Doc. No. 33).

28. On Friday, October 27, 2017, the ongoing discovery disputes between the parties – including critical data and documents like "claim files" for leased vehicle total loss claims – appeared to reach a breaking point when Plaintiff's counsel informed GEICO General's counsel that they could not continue these delay tactics, and Plaintiff would be

forced to file a motion to compel on the following Monday. (See October 27, 2017 Email from Jacob Phillips to Kymberly Kochis, attached as Exhibit F.)

29. Plaintiff's counsel even offered a compromise in an effort to resolve the discovery dispute. (Id.) Counsel held a meet-and-confer conference call on Monday, October 30, 2017, which was memorialized by email and letter reflecting Plaintiff's demands for responsive documents and data. (See October 30, 2017 Email from Ed Normand to Kymberly Kochis, attached as Exhibit G; October 31, 2017 Letter from Ed Normand to Kymberly Kochis, attached as Exhibit H.)

30. Counsel for Defendant led counsel for Plaintiff to believe additional data and documents would be forthcoming. Therefore, following these meet-and-confers, and again in an effort to avoid unnecessarily involving the Court, the parties moved for another extension of the deadline for filing a motion to compel discovery on October 30, which was granted the same day. (See Doc. No. 36 and 37.)

31. The parties continued to have numerous telephone conferences to meet-and-confer regarding the production of critical data requested by Plaintiff. All the while, Plaintiff took depositions of witnesses with incomplete data and productions in a good faith effort to move the case in discovery. On November 8, 2017, GEICO General's counsel outlined additional information, documents, and data that would be produced in an effort to meet some of Plaintiff's demands. (See November 8, 2017 Email from Alex Fuchs to Ed Normand, attached as Exhibit I.) At a deposition on November 14, 2017, having still not received the necessary documents or data, counsel for Plaintiff asked counsel for GEICO

General when production was forthcoming because the deadline for Plaintiff's motion for class certification was approaching.

32. On November 27, 2017, GEICO General produced another batch of data and documents. On December 8, 2017, GEICO General produced yet another batch of data. On December 19, 2017 (only three days ago and the night before a critical deposition), GEICO General again produced another batch of data. Plaintiff and her experts have been vigorous in analyzing these recent productions, but it appears that the production remains incomplete in several important respects.

33. GEICO General still appears to have not produced data showing actual payments (or non-payment) of sales tax on total loss claims.

34. This data was requested ten (10) months ago in Plaintiff's first document requests, No. 32, and the data should easily be available to GEICO General. Such payment information is provided to total loss leased vehicle claimants by way of Total Loss Explanation. See Ex. J, Plaintiff Roth Total Loss Explanation. The failure to produce this data is important because the payment of sales tax is one way to distinguish between a leased vehicle and non-leased vehicle. GEICO General pays sales tax on non-leased vehicles, and does not pay it on leased vehicles.

35. Moreover, GEICO General also appears to have failed to accurately identify leased vs. non-leased vehicles. Data produced by GEICO General indicates that only 1.6% of total loss claims involved leased vehicles. With approximately 20% of vehicles leased on the roads today, the 1.6% of identified leased vehicles is not credible.

36. At the last deposition on December 20, 2017, defense counsel indicated that as many as eight to ten additional witnesses may have access to various pieces of the requested data.

37. In this deposition, GEICO General also revealed the "claim file" previously produced to Plaintiff – one of the core documents in this case about an insurance claim – is not even the *complete* claim file (e.g., it lacks the claim "notes" and "initial assignment" of case, which the witness testified reflects whether a vehicle is "leased," and which is critically important in this "leased vehicle" putative class action).

38. Additional depositions related to the process of data production, including delays and omissions, are currently being scheduled.

Further declarant sayeth not.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 22nd day of December 2017.

> */s/ Jake Phillips*
> Jacob Phillips, Esq.