UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KERRY ROTH, on behalf of herself and all
others similarly situated,

    Plaintiff,

Vs.

Case No.
16-62942-Civ-DIMITROULEAS

GEICO GENERAL INSURANCE
COMPANY; GOVERNMENT EMPLOYEES
INSURANCE COMPANY;
GEICO INDEMNITY COMPANY;
GEICO CASUALTY COMPANY; and
GEICO CORPORATION,
    Defendants.

## PLAINTIFF'S SECOND SET OF REQUESTS TO PRODUCE

COMES NOW, the Plaintiff, KERRY ROTH, on behalf of herself and all others similarly situated, and pursuant to Federal Rule of Civil Procedure 34, and requests that the Defendant, GEICO General Insurance Company, respond to the following Second Set of Requests for Production of Documents within thirty (30) days after service of the same.

## INSTRUCTIONS

1. Prior to the deadline above and prior to providing requested production the parties should meet and confer and mutually agree on delivery method of records and the digital format(s). If, however, no agreement is reached the requested production must be served on or before the above deadline.

2. All definitions, instructions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure are incorporated herein by reference.

3. This request is intended to cover all items in possession of the Defendant, or subject to its custody and/or control, regardless of location. In complying with these Requests for Production of Documents, you are required to produce all documents specified herein that are in your possession, custody, or control, or are otherwise available to you.

4. If in response to any document demand Defendant has refused to produce a document because of a claim of confidentiality or privilege or for any other reason, Defendant shall set forth in detail the facts or the circumstances upon which Defendant purports to rely. In addition, Defendant is required to produce a privilege log with sufficiently detailed information so as to allow Plaintiff to understand the basis of any asserted claim of privilege.

5. These requests for production are considered to be continuing in nature, and, therefore, Plaintiffs responses shall be supplemented or modified as Plaintiff acquires or discovers further information or documents prior to trial in this case.

## DEFINITIONS

"**And**" as well as "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside its scope. The terms "and" and "or" are used interchangeably (rather than relying on the less exact and sometimes more ambiguous term "and/or").

"**Any**" and "**all**" shall be construed to include "each" and "each and every" and vice versa, so as to acquire the broadest meaning possible.

"**Class**" or "**class members**" means any and all alleged members of the putative class defined in the Complaint.

"**Communication**" means or refers to the transmittal of information, facts, or ideas including but not limited to communications in the form of any discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, e-mail message, telegram, advertisement, or other form of exchange of words, whether oral or written.

"**Computer**" and "**computer equipment**" means all data processing equipment including but not limited to central processing units (CPUs), whether contained in a server or free standing computer, laptop, PDA, or similar device that may contain data storage capabilities, irrespective of whether such computing platform, infrastructure, or storage is virtualized, whether that data be structured or unstructured, and including any equipment where computer files (including without limitation, records, documents, logs, and any other contiguous or non-contiguous bit strings), hidden system files or metadata presently reside such as hard disk drives, optical disk drives, removable media, such as floppy disk drives, CD-ROM and DVD drives, Zip drives, Jaz drives, Maxtor drives, or snap drives, data processing cards, computer magnetic tapes, backup tapes, drum and disk storage devices, or any other similar electronic storage media or system of whatever name or description. "Computer or computer equipment" also means all digital image evidence that may be stored on any type of hardware used to store or manipulate electronic images, including but not limited to microfilm, microfiche and their repositories and readers, or design or engineering computer systems, and regardless of any digital image's format, including .jpg, .bmp, or some other advanced or proprietary form of digital image format, such as CAD layered drawings. "Computer or computer equipment" also refers to sources of digital evidence that may not presently be in use by your company, or may have been deleted from your active systems, whether the source is a backup tape or disk, some other data retention system, or some form of disaster recovery system. "Computer or computer equipment" also refers to places where digital evidence may reside that may have been deleted from your active files, and which may not be readily recoverable from a backup medium, such as metadata.

"**Correspondence**" means or refers to all written and unwritten but recorded communications, including non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, including memos, letters, analog or digital recordings, voicemail, email, computer files, computer disks, or other correspondence or things sent or received by you to or from any entity, including correspondence or files maintained or exchanged internally within your business or with your employees.

"**Date**" means the exact year, month, and date, if known, or if not known, your best approximation thereof.

"**Document**" or "**documents**" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including ESI—stored in any medium from which information can be obtained. Additionally, the word "document" is intended to include all "writings and recordings" and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence. The word "document" is also intended to include all that within and defined by Federal Rule of Civil Procedure 34(a)(1)(A) and (B), including Comments to the Rule and case law interpreting the rule.

"**Duplicates**" means exact duplicate ESI documents. Only documents where the main document and the attachments are exactly the same will be considered exact duplicates. ESI with differing file names but identical hash values shall not be considered duplicates. Exact duplicate shall mean bit-for-bit identicality with both document content and any associated metadata. Where any

such documents have attachments, hash values must be identical for both the document—plus the attachment (including associated metadata), as well as for any attachment (including associated metadata) standing alone.

"**Electronically stored information**" or "ESI" as used herein, means and refers to computer generated information or data, of any kind, stored on computers, file servers, disks, tapes, or other devices or media, or otherwise evidenced by recording on some storage media, whether real virtual, or cloud based. ESI includes any associated Metadata.

"**Include(s)**" and "**including**" means "including, but not limited to;" "includes" means "includes, but not limited to."

"**Person**" means or refers to any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

"**Policy**" means or refers to any policy, contract, or agreement effecting and evidencing insurance that, unless otherwise specified, includes coverage for first-party motor vehicle total losses in Florida in the relevant time period.

"**Relating to**," including its various forms such as "relates to," or "relating to" or "concerning" means to consist of, concern, discuss, mention, regard, refer to, reflect, or be in any way logically, factually, or legally connected, directly or indirectly, with the matter described and are intended broadly, but not in a way designed to seek information that is irrelevant, or beyond the scope authorized by Rule 26(b)(1). Accordingly, the terms should be understood and read in their common, dictionary-sense as meaning "to have to do with, to be of importance to, to involve, or to in some manner, direct or indirect, to evidence, define, describe, or explain." Any objection to an interrogatory on the ground that it is overbroad, based solely on the use of one or the other of these terms, is therefore not appropriate.

"**Relevant time periods**" means the five (5) years prior to the date the Complaint was filed in the Federal District Court until the present. Unless otherwise indicated, all DOCUMENT and ESI production and interrogatory requests shall mean for the RELEVANT TIME PERIOD.

"**Sales tax data**" means the actual cash value, the amount of sales tax due on the insured vehicle, and the amount of sales tax actually paid to the insured as calculated by Defendant and/or any agent, employee, vendor, subsidiary, related company or other such entity.

"**Sales tax**" or State and local sales tax", means the mandatory sales tax collected or assessed by the State of Florida and any of its political subdivisions and any Florida county, when a vehicle is leased, purchased or sold.

"**Tag and title fees**" or "**regulatory fees**", sometimes referred to as "DMV fees", means any mandatory fee, other than sales tax, collected or assessed by the State of Florida when a vehicle is leased, purchased or sold and includes, but is not limited to, motor vehicle registration fees

(commonly referred to as "licence plate fees" or "tag fees") and motor vehicle title fees (commonly referred to as "title fees" or title transfer fees").

"**You**," "y**our**," "**Defendant**," or "**GEICO**" or "**GEICO GENERAL INSURANCE COMPANY**" means or refers to Defendant, GEICO GENERAL INSURANCE COMPANY, and its divisions, subsidiaries, related companies, predecessors, and successors, including but not limited to all related corporate entities listed on your Rule 26 disclosures in the instant action and to include all present and former officers, directors, agents, attorneys, employees, and all persons acting or purporting to act on behalf of any of them.

## REQUEST FOR PRODUCTION

1. Produce any and all documents related to instances where the payment you provided to the insured of a total loss leased vehicle included sales tax on the total loss leased vehicle.

2. Produce any and all market valuation reports for physical damage total loss claims by CCC Information Services ("CCC") -- referenced in Defendant's Response to Plaintiff's First Set of Requests to Produce (Request #30) -- for all total loss vehicles identified as leased vehicles during the relevant time period. See Defendant's Response to Plaintiff's First Set of Interrogatories #4.

3. Produce any and all market valuation reports for physical damage total loss claims by CCC Information Services ("CCC") -- referenced in Defendant's Response to Plaintiff's First Set of Requests to Produce (Request #30) -- for all vehicles that have yet to be confirmed to be owned or leased vehicles during the relevant time period. See Defendant's Response to Plaintiff's First Set of Interrogatories #4.

4. Produce any and all documents, communications, correspondence or electronically stored information related to CCC Market Valuation Reports prepared for Geico and elements thereof, including but not limited to the following categories of the valuation summary: 1)

Base Vehicle Value; 2) Adjusted Vehicle Value; 3) Vehicular Tax; 4) Value before Deductible 5)License/transfer/title fees; or 6) governmental/regulatory fees, including differences, if any, between CCC Market Valuation Reports for owned vehicles versus CCC Market Valuation Reports for leased vehicles during the relevant time period.

Date: July 27, 2017

Respectfully Submitted,

/s/ Edmund A. Normand
Edmund A. Normand
FBN: 0865590
Normand Law PLLC
62 W. Colonial Drive, Suite 209
Orlando, FL 32801
Telephone: 407-603-6031
Fax: 888-974-2175
Ed@ednormand.com
Firm@ednormand.com
*Attorney for Plaintiff*

Christopher J. Lynch
FBN 331041
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Fax: (305) 443-6204
Clynch@hunterlynchlaw.com
Lmartinez@hunterlynchaw.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served upon all attorneys and parties of record listed in the attached Service List via electronic mail on this the 27th day of July, 2017.

/s/ Edmund A. Normand
Edmund A. Normand
FBN: 0865590
Normand Law PLLC
62 W. Colonial Drive Suite 209
Orlando, FL 32801
Telephone: 407-603-6031
Fax: 888-974-2175
Ed@ednormand.com
Firm@ednormand.com
*Attorney for Plaintiff*

Christopher J. Lynch
FBN 331041
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Fax: (305) 443-6204
Clynch@hunterlynchlaw.com
Lmartinez@hunterlynchaw.com
*Attorney for Plaintiff*

SERVICE LIST

Amelia Toy Rudolph
Florida Bar No. 57015
999 Peachtree Street, N.E.
Suite 2300
Atlanta, Georgia 30309
Tel: (404) 853-8000
Fax: (404) 853-8806
amelia.rudolph@sutherland.com
*Attorney for Defendants*

Kymberly Kochis (*pro hac vice*)
Alexander Fuchs (*pro hac vice*)
Sutherland Asbill & Brennan LLP
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 389-5068
Facsimile: (212) 389-5099
kymberly.kochis@sutherland.com
alex.fuchs@sutherland.com
*Attorneys for Defendants*