IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 16-62942-CIV-DIMITROULEAS / SNOW

KERRY ROTH, on behalf of herself and  )
all others similarly situated,         )
                                       )
                    Plaintiff,       )
                                       )
v.                                     )
                                       )
GEICO GENERAL INSURANCE                )
COMPANY; GOVERNMENT                    )
EMPLOYEES INSURANCE COMPANY;           )
GEICO INDEMNITY COMPANY;               )
GEICO CASUALTY COMPANY,                )
                                       )
                    Defendants.     )
_____)

**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S
RESPONSES AND OBJECTIONS TO PLAINTIFF'S
SECOND SET OF REQUESTS TO PRODUCE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant GEICO GENERAL INSURANCE COMPANY ("GEICO General"), by and through its attorneys, hereby responds to Plaintiff's Second Set of Requests to Produce ("Requests"), dated February 27, 2017, as follows:

**DEFINITIONS/SPECIFIC LIMITATIONS**

1.     "GEICO General" refers to defendant GEICO General Insurance Company.

2.     GEICO General objects to the Requests to the extent they seek information or documents outside the applicable statute of limitations period of August 30, 2011 through present.

1

39501862.1

3.  GEICO General objects to the Requests to the extent they seek information or documents relating to total loss settlement processes and procedures that are solely applied to vehicles that are owned by its insureds.

4.  GEICO General objects to the Requests to the extent they seek information or documents outside the State of Florida.

## REQUESTS FOR PRODUCTION

1. Produce any and all documents related to instances where the payment you provided to the insured of a total loss leased vehicle included sales tax on the total loss leased vehicle.

**RESPONSE:** GEICO General objects to this request as unduly burdensome and disproportionate as GEICO General does not track the payment of sales tax as a component of total loss claim settlement payments and it would therefore require GEICO General to manually review the claims files of thousands of insureds to search for the requested information.

2. Produce any and all market valuation reports for physical damage total loss claims by CCC Information Services ("CCC") -- referenced in Defendant's Response to Plaintiff's First Set of Requests to Produce (Request #30) -- for all total loss vehicles identified as leased vehicles during the relevant time period. See Defendant's Response to Plaintiff's First Set of Interrogatories #4.

**RESPONSE:** GEICO General objects to this request as unduly burdensome as GEICO General's systems cannot aggregate or export CCC market valuation reports for total loss leased vehicles en masse, and it would therefore require GEICO General to manually review the claims files of thousands of insureds to search for the requested information. GEICO General further objects to this request as premature as it seeks information concerning absentee class members prior to the certification of a class in this case. *See Levine v. Gunther Motor Co. of Plantation, Inc.*, No. 10-61812-CIV, 2010 WL 5140590, at *2-3 (S.D. Fla. Dec. 9, 2010) (finding discovery concerning absentee class members prior to certification of class was premature because it was

2

"not relevant to the claims or defenses of the only parties currently before the Court"); *see also Tiger v. Dynamic Sports Nutrition, LLC*, Case No. 6:15-cv-1701, 2016 WL 1408098, at *5 (M.D. Fla. April 11, 2016) (same). GEICO General also objects to the request as not proportional to the needs of the case as the requested documents contain personally identifiable information concerning putative class members that would need to redacted by hand prior to production, which given the thousands of potential putative class members, would be extremely burdensome and costly to GEICO General. *See Hankinson v. Class Action R.T.G. Furniture Corp.*, No. 15-81139-CIV-COHN, 2016 WL 1182768, at *1 (D.D. Fla. Mar. 28, 2016). GEICO General further objects to this request as irrelevant.

3. Produce any and all market valuation reports for physical damage total loss claims by CCC Information Services ("CCC") -- referenced in Defendant's Response to Plaintiff's First Set of Requests to Produce (Request #30) -- for all vehicles that have yet to be confirmed to be owned or leased vehicles during the relevant time period. See Defendant's Response to Plaintiff's First Set of Interrogatories #4.

**RESPONSE:** GEICO General objects to the scope of this request as it seeks information concerning GEICO General's practices with respect to owned vehicles, which are not at issue in this litigation. GEICO General further objects to this request as unduly burdensome as GEICO's systems cannot aggregate or export CCC market valuation reports for total loss leased vehicles en masse, and it would therefore require GEICO General to manually review the claims files of thousands of insureds to search for the requested information. GEICO General further objects to this request as premature as it seeks information concerning absentee class members prior to the certification of a class in this case. *See Levine v. Gunther Motor Co. of Plantation, Inc.*, No. 10-61812-CIV, 2010 WL 5140590, at *2-3 (S.D. Fla. Dec. 9, 2010) (finding discovery concerning absentee class members prior to certification of class was premature because it was "not relevant to the claims or defenses of the only parties currently before the Court"); *see also Tiger v.*

3

*Dynamic Sports Nutrition, LLC*, Case No. 6:15-cv-1701, 2016 WL 1408098, at *5 (M.D. Fla. April 11, 2016) (same). GEICO General also objects to the request as not proportional to the needs of the case as the requested documents contain personally identifiable information concerning putative class members that would need to redacted by hand prior to production, which given the thousands of potential putative class members, would be extremely burdensome and costly to GEICO General. *See Hankinson v. Class Action R.T.G. Furniture Corp.*, No. 15-81139-CIV-COHN, 2016 WL 1182768, at *1 (D.D. Fla. Mar. 28, 2016). GEICO General further objects to this request as irrelevant.

4. Produce any and all documents, communications, correspondence or electronically stored information related to CCC Market Valuation Reports prepared for Geico and elements thereof, including but not limited to the following categories of the valuation summary: 1) Base Vehicle Value; 2) Adjusted Vehicle Value; 3) Vehicular Tax; 4) Value before Deductible; 5)License/transfer/title fees; or 6) governmental/regulatory fees, including differences, if any, between CCC Market Valuation Reports for owned vehicles versus CCC Market Valuation Reports for leased vehicles during the relevant time period.

**RESPONSE:** GEICO General objects to the scope of this request as it seeks information concerning GEICO General's practices with respect to owned vehicles, which are not at issue in this litigation. GEICO General further objects to this request as unduly burdensome as GEICO General's systems cannot aggregate or export CCC market valuation reports, or the data contained in those reports, for total loss leased vehicles, en masse, and it would therefore require GEICO General to manually review the claims files of thousands of insureds to search for the requested information. GEICO General also objects to this request as premature as it seeks information concerning absentee class members prior to the certification of a class in this case. *See Levine v. Gunther Motor Co. of Plantation, Inc.*, No. 10-61812-CIV, 2010 WL 5140590, at *2-3 (S.D. Fla. Dec. 9, 2010) (finding discovery concerning absentee class members prior to certification of class was premature because it was "not relevant to the claims or defenses of the

4

39501862.1

only parties currently before the Court"); *see also Tiger v. Dynamic Sports Nutrition, LLC*, Case No. 6:15-cv-1701, 2016 WL 1408098, at *5 (M.D. Fla. April 11, 2016) (same). GEICO General also objects to the request as not proportional to the needs of the case as the requested documents contain personally identifiable information concerning putative class members that would need to redacted by hand prior to production, which given the thousands of potential putative class members, would be extremely burdensome and costly to GEICO General. *See Hankinson v. Class Action R.T.G. Furniture Corp.*, No. 15-81139-CIV-COHN, 2016 WL 1182768, at *1 (D.D. Fla. Mar. 28, 2016). GEICO General further objects to this request as irrelevant.

Dated: August 25, 2017
      New York, New York

By: _____
Alexander Fuchs (pro hac vice)
Kymberly Kochis (pro hac vice)
EVERSHEDS SUTHERLAND (US) LLP
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 389-5068
Facsimile: (212) 389-5099
kymberlykochis@eversheds-sutherland.com
alexfuchs@eversheds-sutherland.com

Amelia Toy Rudolph
Florida Bar No. 57015
999 Peachtree Street, N.E.
Suite 2300
Atlanta, Georgia 30309
Tel: (404) 853-8000
Fax: (404) 853-8806
amyrudolph@eversheds-sutherland.com

*Attorneys for Defendant GEICO General Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant GEICO General Insurance Company's Responses to Plaintiff's Second Set of Requests for Production was served by email on August 25, 2017, on all counsel or parties of record on the service list.

_____
Alexander Fuchs

## SERVICE LIST

Christopher J. Lynch
Christopher J. Lynch, P.A.
Clynch@hunterlynchlaw.com
clynch@hunterwilliamslaw.com
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
Attorney for Kerry Roth

Edmund A. Normand
Ed@EdNormand.com
Normand Law PLLC
62 W. Colonial Drive
Suite 209
Orlando, Florida 32801
Telephone: (407) 603-6031
Facsimile: (509) 267-6468
Attorney for Kerry Roth

39501862.1