UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-62942-Civ-DIMITROULEAS

KERRY ROTH, on behalf of herself and
all others similarly situated,

       Plaintiff,

  vs.
GEICO GENERAL INSURANCE
COMPANY; GOVERNMENT
EMPLOYEES INSURANCE COMPANY;
GEICO INDEMNITY COMPANY; and
GEICO CASUALTY COMPANY,

       Defendants.

_____

## ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

THIS CAUSE is before the Court on Plaintiff Kerry Roth ("Plaintiff" or "Roth")'s Motion for Class Certification [DE 46/47] (the "Motion"). The Court has carefully considered the Motion, Defendant GEICO General Insurance Company ("Defendant" or "GEICO")'s Response in Opposition [DE 77], Plaintiff's' Reply [DE 114], the exhibits submitted in the record, and is otherwise fully advised in the premises.

### I.    BACKGROUND

Plaintiff filed a putative state court class action against GEICO in Florida state court on August 30, 2016, which she replaced on November 8, 2016 with an Amended Class Action Complaint, and which she replaced on November 16, 2016 with a Second Amended Class Action Complaint. *See* [DE 1-2] at pp. 85-115. The Second Amended Complaint alleged two counts:

Count I for breach of contract, and Count II for declaratory relief. Defendant removed the case to federal court on December 14, 2016, pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1453. *See* [DE 1]. On January 24, 2017, the Court dismissed Count II for declaratory relief. *See* [DE 14]. Accordingly, Plaintiff is proceeding solely on the breach of contract claim in Count I.

Plaintiff's breach of contract claim arises out of GEICO's alleged failure to pay state and local sales tax and title transfer fees ("title fees") in the settlement of total loss claims on leased vehicles. Plaintiff alleges that GEICO does not include sales tax or title fees in its Actual Cash Value ("ACV") payments made to insureds in settlement of total loss claims on leased vehicles, in violation of GEICO's policy language. Plaintiff contends that, while the GEICO policies provide that leased and owned vehicles are treated the same, and the premiums and underwriting auto policies for leased and owned vehicles are the same, GEICO arbitrarily reduces coverage to insureds with leased vehicle total loss claims compared to insureds with owned vehicle total loss claims by failing to pay the sales tax and title fees on total losses of leased vehicles.

In the instant Motion, Plaintiff seeks class certification and appointment of class counsel under Fed. R. Civ. P. 23(a), (b)(3), and (g).

## II.    STANDARD OF REVIEW

In deciding whether to certify a class, a district court has broad discretion. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992). A class action may only be certified if the court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 have been met. *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984). Although a district court is not to determine the merits of a case at the certification stage, "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Id.* at

1570 n.11 (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982)).  A court "may look beyond the allegations of the complaint in determining whether a motion for class certification should be granted." *Veal v. Crown Auto Dealerships, Inc.*, 236 F.R.D. 572, 577 (M.D. Fla. 2006).  Therefore, "before a district court determines the efficacy of class certification, it may be required to make an informed assessment of the parties' evidence. That a trial court does so does not mean that it has erroneously 'reached the merits' of the litigation." *Cooper v. S. Co.*, 390 F.3d 695, 712-713 (11th Cir.2004) (quoting *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 722 (11th Cir. 1987)).

Parties seeking class action certification must satisfy the four requirements of Rule 23(a), commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 613 (1997).  Specifically, the four requirements of Rule 23(a) are:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  The party moving for class certification bears the burden of establishing each element of Rule 23(a). *London v. Wal-Mart Stores*, 340 F.3d 1246, 1253 (11th Cir. 2003). If the party seeking class certification fails to demonstrate any single requirement, then the case may not continue as a class action. *Jones v. Roy*, 202 F.R.D. 658, 662 (M.D. Ala. 2001).

If the plaintiff satisfies the requirements of Rule 23(a), it must also satisfy one of the three subsections of Rule 23(b). *Heaven v. Trust Co. Bank*, 118 F.3d 735, 737 (11th Cir. 1997). Rule 23(b)(3)—the provision on which Plaintiffs rely—"permits class certification if 'the court finds that the questions of law or fact common to class members *predominate* over any questions

affecting only individual members, and that a class action is *superior* to other available methods for fairly and efficiently adjudicating the controversy.'" *Little v. T-Mobile, USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (quoting Fed. R. Civ. P. 23(b)(3)) (emphasis in original).

The moving party "must affirmatively demonstrate his compliance" with the class certification requirements. *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (quoting *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, (2011)). That is, "a party must not only be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a) [but also] satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Id.* "All else being equal, the presumption is against class certification because class actions are an exception to our constitutional tradition of individual litigation." *Brown v. Electrolux Home Prod., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016).

For the reasons discussed below, the Court is satisfied that the requirements for a class action have been met.

### III.   DISCUSSION

Plaintiff seeks certification of the following class:

> All persons insured by Defendant under a Florida insurance policy for private passenger auto ("PPA") physical damage who suffered a first-party total loss of a covered leased vehicle at any time during the 5 years prior to the filing of this lawsuit, whose claim was adjusted by Defendant as a total loss claim, whose claim resulted in payment by Defendant of a covered claim, and who was not paid the full total loss vehicle value ("TLVV ") sales tax or title transfer fees.

[DE 47] at p. 2.

For the following reasons, the Court finds that class certification is warranted under Rule 23(a) and Rule 23(b)(3). In addition, the Court grants the request to appoint class counsel under Rule 23(g).

**A.     Rule 23(a)**

    **1.     <u>Numerosity</u>**

The first requirement of Rule 23(a) is that the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The focus of the numerosity inquiry is not whether the number of proposed class members is "too few" to satisfy the Rule, but "whether joinder of proposed class members is impractical." *Armstead v. Pingree*, 629 F. Supp. 273, 279 (M.D. Fla. 1986). Parties seeking class certification do not need to know the "precise number of class members," but they "must make reasonable estimates with support as to the size of the proposed class." *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 699 (M.D. Fla. 2000). Therefore, "[a] plaintiff must present some evidence that the class to be certified will satisfy the numerosity requirement of Rule 23." *Williams v. Wells Fargo Bank, N.A.*, 280 F.R.D. 665, 672 (S.D. Fla. 2012). With respect to this requirement, "[t]he Eleventh Circuit has held that '[g]enerally, less than twenty-one is inadequate, more than forty adequate.'" *Cheny v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)). Thus, the "sheer number of potential class members may warrant a conclusion that Rule 23(a)(1) is satisfied." *LaBauve v. Olin Corp.*, 231 F.R.D. 632, 665 (S.D. Ala. 2005) (citing *Bacon v. Honda of Amer. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004)).

Plaintiff has satisfied the numerosity requirement. Plaintiff points to data produced by Defendant showing that there are over 3,600 class members. Defendant's opposition does not challenge numerosity.

### 2.     **Commonality**

The next requirement is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "This part of the rule does not require that all the questions of law and fact raised by the dispute be common or that the common questions of law or fact predominate over individual issues." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009) (internal quotations and citation omitted). Rather, "[c]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009).

Plaintiff has identified several issues satisfying the commonality requirement. Plaintiff identifies, *inter alia*, that there are questions of law common to the class as to whether Defendant breached the insurance policies by failing to pay sales tax and title transfer fees on Florida first-party PPA leased vehicle total loss claims, and a common answer to this question in interpreting the uniform policy language across the putative class. Plaintiff sets forth the following issues in support of her claim that the same factors supporting Plaintiff's individual breach of contract claim for unpaid sales tax apply equally to all putative class members: (1) the Policies define leased vehicles as an "owned auto" under the Policies; (2) all Policies of the putative class have identical material terms; (3) there is no windfall that will result in Defendant paying sales tax on the leased vehicle total loss claims because the insureds of leased vehicles paid the same premiums paid by owned vehicles under the same Policies; (4) Defendant underwrites and charges the same premium for owned vs. leased vehicles; (5) the cost to replace a total loss vehicle is the same for owned vehicles and leased vehicles (i.e., an insured may replace an owned vehicle with a leased vehicle, an owned vehicle, or choose not to replace the vehicle at all); and (6) six percent state sales tax (and applicable local sales tax) apply equally to all

payments for an owned auto and all payments for a leased vehicle.  Plaintiff also posits that title transfer fees likewise apply equally across the class, and likewise present a common question of contract interpretation.  The Court agrees that these issues are central to Defendant's liability, and resolution of these issues will affect all members of the putative class.

The Court rejects Defendant's argument that class certification is inappropriate due to potential differences between class members regarding the amount of sales tax incurred, as it is not the incurred amount that determines the amount owed under the policies for calculating replacement costs.  Moreover, Plaintiff has proffered a uniform methodology to identify total loss leased vehicles using Defendant's records[1] and for calculating damages the alleged amount of underpaid sales tax, which methodology can be applied across the entire class.

Commonality has been satisfied.

### 3.      Typicality

The next requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality . . . does not require identical claims or defenses." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). Rather, typicality "is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Id.*

Plaintiff has satisfied this requirement.  Plaintiff's claims are typical of claims of other putative class members because they were each insured by GEICO pursuant to insurance policies with identical material terms when they had a claim determined by GEICO to be a covered

---

[1] This also supports ascertainability, *i.e.*, that Plaintiff will be able to identify the class members by reference to objective criteria in an administratively feasible way. *See Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 947 (11th Cir. 2015).

leased vehicle total loss claim.  Plaintiff and the putative class members all suffered the same injury as a result of Defendant's conduct, namely, that GEICO did not pay sales tax and title transfer fees as replacement costs.  The injury common to the Plaintiff and the class relies on the same legal and factual theories of liability.

Defendants' arguments regarding the typicality requirement are unpersuasive.  "Differences in the amount of damages between the class representative and other class members does not affect typicality." *Kornberg*, 741 F.2d at 1337.  The class representative's claims "need not be identical" to those of class members; they need only "'arise from the same event or pattern or practice and [be] based on the same legal theory.'" *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216-17 (11th Cir. 2012).  Here, Plaintiff and all the class members were injured by the alleged failure to pay sales tax and title transfer fees allegedly owed under the insurance policies, resulting in monetary damages.

Therefore, Plaintiff satisfies the typicality requirement.

### 4. Adequacy

The final requirement under Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  "[T]his requirement applies to both the named plaintiff and counsel," and "the requirement's purpose is to protect the legal rights of absent class members." *London*, 340 F.3d at 1253 (internal quotations omitted).  Additionally, this requirement is meant "to uncover conflicts of interest between named parties and the class they seek to represent." *Id.* (internal quotations omitted).

Plaintiff and her counsel satisfy this requirement.  There do not appear to be any conflicts of interest between Plaintiff and the putative class.  Further, the Court finds Plaintiff's counsel qualified pursuant to Rule 23(g)(1) to represent the putative class.  Plaintiff's counsel has

sufficient experience with class actions and complex litigation. Defendant has not offered evidence to negate Plaintiff or her counsel's adequacy. Therefore, Plaintiff and counsel satisfy the adequacy requirement.

**B.     Rule 23(b)(3)**

In addition to meeting the requirements under Rule 23(a), parties seeking class certification must also satisfy one of the subsections of Rule 23(b). *Rosen v. J.M. Auto, Inc.*, 270 F.R.D. 675, 678 (S.D. Fla. 2009). Here, Plaintiff asserts that certification is appropriate under Rule 23(b)(3). "Class certification under Rule 23(b)(3) is appropriate when (1) 'questions of law or fact common to the members of the class predominate over any questions affecting only individuals members,' and when (2) 'a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(3)). The Court will consider each requirement in turn.

**1.     Predominance**

Under this factor, "[i]t is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004). "Issues that are subject to generalized proof and applicable to the whole class must predominate over the issues involving individualized proof." *Rosen*, 270 F.R.D. at 681 (citing *Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1558 (11th Cir.1989)). "Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action." *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir. 2000). Moreover, "the presence of individualized damages issues does not prevent a finding

that the common issues in the case predominate." *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. 2003).

The Court agrees with Plaintiff that common issues of law and fact that are susceptible to common proof, *see supra,* predominate over any issues that may be subject to individualized proof. Interpretation of uniform material insurance provisions that will determine liability is particularly indicative of predominance. *See, e.g., Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 80 (E.D.N.Y. 2004) ("For purposes of the litigation, the pertinent provisions of Nationwide's policies are substantially uniform and adjudication of the putative class' breach of contract claim would not invoke predomination of individual issues of fact."); *Burton v. Mountain W. Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 611 (D. Mont. 2003) ("The most significant aspect of this case is whether Mountain West denied stacking benefits to its insureds, and this question is common to all.").

Defendant contends that individualized damages defeat predominance. The Court finds Defendant's arguments unpersuasive. "The 'black letter rule' recognized in every circuit is that 'individual damage calculations generally do not defeat a finding that common issues predominate.' " *Brown v. Electrolux Home Prod., Inc.*, 817 F.3d 1225, 1239 (11th Cir. 2016) Neither of the exceptions to the rule apply here, as computing damages will not be "so complex, fact-specific, and difficult that the burden on the court system would be simply intolerable," nor are individual damages accompanied here by "significant individualized questions going to liability." *Id.* (citations omitted). Plaintiff has proffered a uniform methodology for calculating damages that can be applied ministerially and formulaically across the entire class to determine the alleged amount of underpaid sales tax. Plaintiff has also set forth evidence to show that Defendant did not pay title transfer fees for total losses of leased vehicles in Florida, resulting in

a minimum damage of $75.25 for each class member. The need for individual damages calculations in this case does not defeat a finding of predominance. The common legal and factual issues identified in this case are significantly more substantial than the individualized damages issue emphasized by Defendant. Thus, the Court finds that the predominance factor under Rule 23(b)(3) is satisfied.

### 2. Superiority

Rule 23(b)(3) requires that

> a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:(A) the class members' interests in individually controlling the prosecution or defense of separate actions;(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and(D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23

This factor is closely linked to the predominance factor "because when common issues predominate over individual issues, a class action lawsuit becomes more desirable as a vehicle for adjudicating the plaintiffs' claims." *Nelson*, 270 F.R.D. at 698 (citing *Klay*, 382 F.3d at 1269).

Plaintiff cites several reasons why a class action is the most desirable vehicle to adjudicate the claims, including that the average claim of each class member is approximately $1,480.00, which is relatively small when compared to the cost of litigating a breach of contract case against a large insurance company, and that the class action is manageable, as the uniform policy provision in question lies at the heart of this case and damages can be determined by an analysis of Defendant's data. The Court finds that class certification is superior to other methods for adjudicating this controversy.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE DE 46/47] is **GRANTED**;

2. The Court hereby certifies a class (the "Class") pursuant to Fed. R. Civ. P. 23(b)(3) consisting of the following:

    All persons insured by GEICO General Insurance Company ("GEICO General") under a Florida insurance policy for private passenger auto ("PPA") physical damage who suffered a first-party total loss of a covered leased vehicle at any time during the 5 years prior to the filing of this lawsuit, whose claim was adjusted by GEICO General as a total loss claim, whose claim resulted in payment by GEICO General of a covered claim, and who was not paid the full total loss vehicle value ("TLVV ") sales tax or title transfer fees.

3. Kerry Roth is hereby certified as representative of the Class;

4. Edmund Normand, Esq., Normand PLLC, Christopher J. Lynch, Esq., Christopher J. Lynch, PA, Bradley W. Pratt, Esq., Pratt Clay LLC, Tracy Markham, Esq., Avolio & Hanlon, PC,  Andrew Lampros, Esq., and Hall & Lampros, LLP are hereby certified as Class Counsel pursuant to Rule 23(g)(1).

5. On or before **May 14, 2018**, the parties shall jointly file for approval by the Court a proposed notice to Class members; alternatively, if the parties cannot agree on a proposed notice, Plaintiff shall file a proposed notice on or before **May 14, 2018**, and Defendant shall file any objections within three (3) days of the filing of Plaintiff's proposed notice.

6. Plaintiff's Motion to Postpone Determination [DE 162] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 3rd day of May, 2018.

*William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record