**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO. 16-62942-CIV-DIMITROULEAS / SNOW**

| | |
|---|---|
| KERRY ROTH, on behalf of herself and all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GEICO GENERAL INSURANCE COMPANY; GOVERNMENT EMPLOYEES INSURANCE COMPANY; GEICO INDEMNITY COMPANY; GEICO CASUALTY COMPANY, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

---

**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S
REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH SUBPOENAS
AND/OR FOR A PROTECTIVE ORDER**

---

Defendant GEICO General Insurance Company ("GEICO") and its counsel, Eversheds Sutherland (US) LLP ("Eversheds Sutherland"), submit the following Reply in further support of their Motion to Quash two improper subpoenas pursuant to Federal Rule of Civil Procedure 45 and/or Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26 ("Motion").[1] The Court should quash Plaintiff's subpoenas because they seek information that is neither relevant nor proportional, and because the subpoenas are untimely.

## I.  THE INFORMATION PLAINTIFF SEEKS IS NEITHER RELEVANT NOR PROPORTIONAL.

In her Opposition, Plaintiff fails to cite to the current Federal Rule of Procedure 26(b)(1), which requires that, to be discoverable, information must be both relevant and proportional to the needs of the case.  Plaintiff's subpoenas do not satisfy either prong and should therefore be quashed.

First, the information Plaintiff seeks from GEICO and Eversheds Sutherland is not relevant to the issues before the Court in Plaintiff's Motion for Attorneys' Fees.  Plaintiff and the Court already have the information from GEICO relevant to Plaintiff's application for fees: GEICO submitted Eversheds Sutherland's billing rates for this matter, as was required in light of GEICO's challenge to Plaintiff's counsel's rates.  Nothing else Plaintiff seeks through her subpoenas on GEICO and Eversheds Sutherland is relevant to the matter of Plaintiff's application for fees.

Plaintiff notes in her Opposition that GEICO objected to "approximately 26% of the total hours billed by Plaintiff's counsel."  Pl.'s Opp'n Mot. to Quash (July 22, 2019) at 2, Dkt. No. 320.

---

[1] Plaintiff's Opposition consists of nine paragraphs, one of which serves only to incorporate Plaintiff's Motion to Compel GEICO and Eversheds Sutherland to respond to the same subpoenas at issue in the underlying Motion. *See* Pl.'s Mot. to Compel (July 9, 2019), Dkt. No. 318.  GEICO similarly incorporates its own Opposition to Plaintiff's Motion to Compel.  *See* GEICO's Opp'n Mot. to Compel (July 23, 2019), Dkt. No. 321.

Plaintiff is correct that GEICO explained in its Opposition that more than one-quarter of Plaintiff's time entries were for tasks that cannot be reimbursed pursuant to the fee-shifting statute, Fla. Stat. § 627.428, and under controlling case law.   But Plaintiff conflates GEICO's objections to *categories* of billing entries with *reasonableness of time billed* to reimbursable categories.   GEICO did not object to the reasonableness of hours billed for reimbursable tasks because Plaintiff failed to group her entries according to task, as required.   It is therefore irrelevant to the Court's analysis how much time Eversheds Sutherland billed for tasks.

Furthermore, GEICO, in raising its objections, did not argue that Plaintiff's counsel could not charge their client or the class for those entries, but that GEICO could not be ordered to reimburse for them.[2]   It would not matter if Eversheds Sutherland charged GEICO for those categories of work because the question is not whether the amount of time billed is *reasonable*, but whether the work itself is *reimbursable*.   Thus, Plaintiff's unsupported statement that she "anticipates that GEICO's billing records would not withstand many of the types of objections GEICO has raised to Plaintiff's billing records" (Opp'n at 3) is a non-sequitur, and her argument that "GEICO's billing records would provide additional context for this Court in understanding the various aspects of this litigation," is meaningless.   Pl.'s Opp'n at 3-4, Dkt. No. 320.

In addition, Plaintiff does not explain how information like GEICO's *expert and consultant bills* has any bearing on the objections GEICO made to Plaintiff's *attorneys' fees* request.   Nor does Plaintiff assert that there are any exceptional or special circumstances here that would entitle her to GEICO's and Eversheds Sutherland's billing records.   *See* GEICO's Mot. to Quash at 7-8,

---

[2] These categories include work: (1) prior to the filing of the complaint (except work associated with drafting the complaint); (2) relating to unsuccessful motions, including a denied motion for sanctions; (3) for inter-office and intra-office communications; (4) calculating the amount of fees requested; (5) prosecuting unsuccessful claims; (6) appellate work; and (7) travel time. GEICO's Opp'n to Mot. for Attorneys' Fees (June 24, 2019) at 12-18, Dkt. No. 308.

Dkt. No. 315 (citing *Gaines v. Dougherty Cty. Bd. of Educ.*, 775 F.2d 1565, 1571 n.12 (11th Cir. 1985)).  Instead, Plaintiff cites to *Paton v. GEICO Gen. Ins. Co.*, 190 So. 3d 1047 (Fla. 2016).  In that case, however, the *reasonableness of the time expended* was at issue, not whether the categories of billing entries were *reimbursable*, as is at issue here.[3]

Second, Plaintiff's subpoenas seek information that is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1) (listing proportionality factors, including "whether the burden or expense of the proposed discovery outweighs its likely benefit").  Instead, Plaintiff's subpoenas amount to a fishing expedition.  *See, e.g.*, Subpoenas, Dkt. No. 315-2 (Request Nos. 1 and 2 (seeking all documents bearing on GEICO's legal and expert/consultant fees, invoices, costs and bills in this case); Request Nos. 3 and 4 (seeking all retention agreements and relationship documents between Eversheds Sutherland and GEICO); Definitions Section (stating that the subpoenas should be interpreted in the "broadest possible sense").  Plaintiff does not cite to, much less satisfy, the current Rule 26(b)(1), and instead relies on *In re O'Keeffe*, 184 F. Supp. 3d 1362 (S.D. Fla. 2016), for the proposition that "information is discoverable if it is relevant and not otherwise privileged."  Pl.'s Opp'n at 3, Dkt. No. 320.  In that case, however, the court applied the old Rule 26(b)(1) standard for discovery, which did not include the proportionality standard that controls federal court discovery now.  *O'Keefe*, 184 F. Supp. 3d at 1367 n.1 (noting that Rule 26(b)(1) was amended in December 2015).  Moreover, the *O'Keeffe* court was not dealing with the issue of attorneys' fees or records relating to same.

---

[3] *Paton* was also decided in state court, where Florida Rule of Civil Procedure 1.280 controls the scope of discovery, not Federal Rule of Civil Procedure 26(b)(1).  In *Paton*, furthermore, the plaintiff sought discovery through timely requests for production, not untimely subpoenas on the defendant and its counsel.

Applying the current, correct Rule 26(b)(1) to Plaintiff's subpoenas further supports GEICO's argument that the subpoenas should be quashed.  For example, to comply with the subpoenas, GEICO and Eversheds Sutherland would need to painstakingly review all of the invoices in this matter to redact privileged, confidential, and irrelevant information, such as fees that were billed but not paid, or fees that were only tangentially associated with this litigation. This would be burdensome to GEICO and its counsel, and with no marginal utility for the Court as it evaluates Plaintiff's Motion for Attorneys' Fees.  *See* Decl. of Kymberly Kochis in Supp. of Def.'s Opp'n to Pl.'s Mot. to Compel (July 23, 2019), Dkt. No. 321-1; *see Glatter v. MSC Cruises S.A.*, No. 18-62219-CIV-COHN/SELTZER, 2019 WL 1300896, at *4 (S.D. Fla. Feb. 7, 2019) (concluding that the "expense and effort involved in securing the requested documents greatly outweighs its (at best) marginal value to the case"); *see also Houston Specialty Ins. Co. v. Vaughn*, No. 8:14-cv-1187-T-17JSS, 2017 WL 5631945, at *2 (M.D. Fla. Nov. 22, 2017) (denying motion to compel opposing counsel's billing records, finding that the discovery sought was "neither relevant nor proportional to the needs of the case," where opposing party challenged duplicativeness of entries but *not* reasonableness of amount of time billed).

In her Opposition, Plaintiff does not address the burdensome nature of the subpoenas, nor does she explain why GEICO and Eversheds Sutherland should disclose information which Plaintiff herself is not required to provide in connection with her own fees submission.  *See* GEICO's Mot. at 10, Dkt. No. 315.  Finally, Plaintiff does not distinguish, or even mention, this Court's decision in *Ruderman v. Washington Nat'l Ins. Co.*, No. 08-23401-Civ-COHN/SNOW, 2011 WL 13172946 (S.D. Fla. Feb. 2, 2011), which is directly on point and even more compelling in light of the proportionality standard added to Rule 26(b)(1) since *Ruderman* was decided.

Because Plaintiff's subpoenas seek information that is neither relevant nor proportional to the needs of this case, the Court should grant GEICO's Motion.

## II.     PLAINTIFF'S SUBPOENAS ARE UNTIMELY.

The Court should grant the Motion to Quash for the additional reason that Plaintiff's subpoenas are untimely.  *See* GEICO's Mot. at 10-11, Dkt. No. 315; GEICO's Opp'n at 11-12, Dkt. No. 321.  The discovery deadline did not sneak up on Plaintiff, nor did the deadline for submitting her own application for fees.  Indeed, Plaintiff knew this, and that is why she served subpoenas instead of discovery requests on GEICO.  *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, No. 09-61436-CIV, 2014 WL 1047411, at \*3 (S.D. Fla. Mar. 18, 2014).  But her subpoenas were late, in violation of S.D. Fla. L.R. 26.1(d), and are thus defective.  *See In re FG Wilson (Eng'g) Ltd.*, No. 10-20843-MC, 2011 WL 5361073, at \*1-2 (S.D. Fla. Nov. 7, 2011).  Plaintiff alone must face the consequences of her failure to stay on top of deadlines in this matter or seek leave from the Court to conduct discovery on fees.  *See Ruderman*, 2011 WL 13172946, at \*2. The Court should grant the Motion to Quash and/or for a Protective Order.

## III.    CONCLUSION.

For the reasons stated above and in GEICO's opening motion, GEICO and Eversheds Sutherland respectfully request that the Court grant their Motion to Quash, or in the alternative, their Motion for Protective Order, and for any other relief the Court deems appropriate.

Dated: July 29, 2019.

Respectfully submitted,

s/ Amelia Toy Rudolph
Amelia Toy Rudolph
Florida Bar No. 57015
**EVERSHEDS SUTHERLAND (US) LLP**

*[continued on next page]*

5

999 Peachtree Street, N.E.
Suite 2300
Atlanta, Georgia  30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
Email:  amyrudolph@eversheds-sutherland.com

Kymberly Kochis (*pro hac* vice)
Alexander P. Fuchs (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
1114 Avenue of Americas, 40th Floor
New York, New York 10036
Telephone:  (212) 389-5082
Facsimile:   (212) 389-5099
kymkochis@eversheds-sutherland.com
alexfuchs@eversheds-sutherland.com

*Attorneys for Defendant*
*GEICO GENERAL INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Defendant GEICO General Insurance Company's Reply in Further Support of its Motion to Quash Subpoenas and/or For a Protective Order** was served via the Court's CM/ECF system on July 29, 2019, on all counsel or parties of record on the service list.

s/ Amelia Toy Rudolph
Amelia Toy Rudolph
Florida Bar No. 57015

## SERVICE LIST

Christopher J. Lynch
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208
Miami, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
clynch@hunterlynchlaw.com
lmartinez@hunterlynchlaw.com
*Attorneys for Kerry Roth*

Tracy L. Markham
Southern Atlantic Law Group, PLLC
2800 N. 5th Street, Suite 302
St. Augustine, FL 32084
Telephone: (904) 794-7005
Facsimile: (904) 794-7007
tlm@southernatlanticlawgroup.com
pleadingsonly@southernatlanticlaw.com
*Attorneys for Kerry Roth*

Andrew Lampros
Christopher B. Hall
Hall & Lampros, LLP
400 Galleria Parkway, Suite 1150
Atlanta, Georgia 30339
Telephone: (404) 876-8100
alampros@hallandlampros.com
chall@hallandlampros.com
*Attorneys for Kerry Roth*

Edmund A. Normand
Jacob L. Phillips
Normand Law PLLC
P.O. Box 140036
Orlando, FL 32814
Telephone: (407) 603-6031
Facsimile: (509) 267-6468
ed@ednormand.com
jacob@ednormand.com
*Attorneys for Kerry Roth*

Bradley W. Pratt
Pratt Clay, LLC
4401 Northside Parkway, NW
Suite 520
Atlanta, GA 30327
Telephone:  (404) 998-5258
Facsimile: (404) 949-8159
bradley@prattclay.com
*Attorneys for Kerry Roth*