UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-62942-Civ-DIMITROULEAS

KERRY ROTH, on behalf of herself and
all others similarly situated,

      Plaintiff,

  vs.

GEICO GENERAL INSURANCE
COMPANY; GOVERNMENT
EMPLOYEES INSURANCE COMPANY;
GEICO INDEMNITY COMPANY; and
GEICO CASUALTY COMPANY,

      Defendants.

_____

## **ORDER APPROVING REPORT OF MAGISTRATE JUDGE**

THIS CAUSE is before the Court on Plaintiff Kerry Roth ("Roth" or "Plaintiff")'s Verified Motion for Attorneys' Fees, Costs and Expenses, and Named Plaintiff's Service Award [DE 301] (the "Motion"), and the Report and Recommendation of Magistrate Judge Lurana S. Snow (the "Report") [DE 328], dated November 13, 2019. The Court has conducted a *de novo* review of the Report [DE 328], Defendant GEICO's Objections to Report and Recommendation [DE 329], Plaintiff's Partial Objection [DE 330], the Responses thereto [DE's 331, 332], and the record herein.  An evidentiary hearing was held on September 11, 2019.  *See* [DE's 326, 327]. The Court is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc*., 208 F. App'x 781, 783 (11th Cir. 2006)

(quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Objections.

This case arose out of GEICO's failure to pay state and local sales tax and regulatory fees in the settlement of total loss claims on leased vehicles. Plaintiff filed a Complaint against GEICO in Florida state court on behalf of herself and a putative class of Florida GEICO policy holders on August 30, 2016, which she replaced on November 8, 2016 with an Amended Class Action Complaint, and which she replaced on November 16, 2016 with a Second Amended Class Action Complaint. *See* [DE 1-2] at pp. 85-115. The Second Amended Complaint alleged claims for breach of contract and declaratory relief. Defendants removed the case to federal court on December 14, 2016, pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1453. *See* [DE 1]. The case then proceeded through years of hotly contested litigation, which continues to the present.

The Court certified the class and the Court granted summary judgment in favor of Plaintiff and the class members. *See* [DE's 165, 247]. The Court ruled at summary judgment that (1) Plaintiff Roth is entitled to damages of $1,436.82 in sales tax (6% of the value of Plaintiff's total loss vehicle) and $75.25 in title transfer fees and (2) Class members are entitled

to damage of 6% of the value of their total loss vehicle (plus any applicable local taxes) and $75.25 in title transfer fees. *See* [DE 247]. On November 20, 2018, the Court entered judgment in favor of Plaintiff and the Class and against Defendant in the total amount of $5,870.893.32 in damages and prejudgment interest. *See* [DE 281]. This judgment did not create a common fund or a lump sum fund for the class. Rather, the Court explicitly ordered Defendant to issue a payment to each class member in accordance with a 57-page list of damage allocations under seal in the record, listing each of the over 3,000 class members and the exact damage award for each individual. *See* [DE's 281, 277-1]. On March 26, 2019, following supplemental notice to additional potential class members, the Court entered a second judgment in the total amount of $657,427.52 in damages and prejudgment interest. *See* [DE 287]. Like the first judgment, the second judgment did not create a common fund or a lump sum fund for the class, but instead ordered Defendant to issue a payment to each class member in accordance with a 12-page list of damage allocations under seal in the record, listing each of the over 300 additional class members and the exact damage award for each individual. *See* [DE's 281, 277-1]. The damage awards to each of the individual class members set forth in the judgments varied enormously, ranging from less than $100 to more than $12,000. Defendant appealed the judgments and the appeal is pending before the Eleventh Circuit.

Plaintiff seeks an award of attorney's fees in the amount of $8,301,275.38, representing a lodestar amount of $3,320,410.15 with a contingency risk multiplier of 2.5. Plaintiff also seeks an award of litigation expenses in the amount of $182,998.23 and a service award for named Plaintiff Kerry Roth in the amount of $10,000.[1] In the Report, Magistrate Judge Snow

---

[1] Plaintiff also sought taxable costs pursuant to Fed. R. Civ. P. 54, *see* [DE 294] and, by separate Order, was awarded costs in the amount of $16,363.99. *See* [DE 303].

recommends that the undersigned grant the Motion in part, awarding Plaintiff attorneys' fees in the amount of $6,352,178.10, representing a lodestar amount of $3,176,089.05 with a contingency risk multiplier of 2. Magistrate Judge Snow also recommends that the undersigned deny the Motion as to the request for litigation expenses that are not taxable costs and as to the request for a named plaintiff service award, as Plaintiff has failed to establish legal entitlement to these awards.

Having carefully considered the competing Objections filed by both sides, and having reviewed the arguments, case law, and evidence presented, the Court overrules the Objections. The Court agrees with the analysis and conclusions set forth in Magistrate Judge Snow's well-reasoned and thorough Report. With regard to the attorneys' fees lodestar amount and the contingency fee multiplier of 2, the Court finds these to be supported by the record evidence submitted and, moreover, that they are reasonable in context of the strongly fought nature of this litigation and the results achieved by Plaintiff's attorneys. With regard to the requests for litigation expenses that are not taxable costs and a service award for the named plaintiff, Plaintiff's reliance on Fed. R. Civ. P. 23(h) and Plaintiff's attempts to analogize this case which was litigated on the merits to a final judgment award for individual class members to a class action settlement with a class settlement fund are misplaced. Rule 23(h) only speaks to the Court's authority to award nontaxable costs "authorized by law or by the parties' agreement;" neither of which are applicable here. Fla. Stat. § 627.428, the operable statute, does not provide entitlement to these requests. While the judgments may have stated the total amount of damages being awarded against the Defendant, there is no lump sum class judgment or common fund class judgment. Rather, the Judgments entered in this case award individual damage amounts to each individual class member. Further, there was no settlement agreement by the parties in this

action; there is no class settlement fund nor is there any agreement by the parties to charge these awards against Defendant. Accordingly, Plaintiff has not demonstrated entitlement to either of these awards.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 328] is hereby **APPROVED**;

2. The Objections [DE's 330, 331] are **OVERRULED**;

3. Plaintiff's Verified Motion for Attorneys' Fees, Costs and Expenses, and Named Plaintiff's Service Award [DE 301] is hereby **GRANTED IN PART AND DENIED IN PART**;

4. Plaintiff is awarded attorneys' fees in the amount of $6,352,178.10;

5. Plaintiff's requests for non-taxable litigation expenses and a named plaintiff service award are denied.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of January, 2020.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record