# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

CASE NO. 16-62942-CIV-DIMITROULEAS/SNOW

KERRY ROTH, on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.

---

**PLAINTIFF KERRY ROTH'S MOTION TO AMEND
JUDGMENT AWARDING ATTORNEYS' FEES TO INCLUDE
PREJUDGMENT INTEREST AND POSTJUDGMENT INTEREST**

Plaintiff Kerry Roth ("Roth" or "Plaintiff") moves, pursuant to Fed. R. Civ. P. 59(e), Fed. R. App. P. 4(a)(4), and Fla. Stat. § 55.03, for entry of an Amended Judgment as to the Court's Order awarding attorneys' fees (DE 333), to include prejudgment and postjudgment interest. Under Florida law, prejudgment interest is automatically added to an attorneys' fee award, and begins to accrue on the date that Plaintiff Roth was established as the prevailing plaintiff (even though the *amount* of such fees was determined at a later date). Postjudgment interest is governed by 28 U.S.C. § 1961.

## I. Relevant Procedural History.

Plaintiff Roth was established as the prevailing plaintiff in this case at the time that the Court granted Summary Judgment in her favor on June 13, 2018 (DE 247). This Court entered a First Judgment in her favor on November 20, 2018 (DE 281). This Court entered a Second Judgment in her favor on March 26, 2019 (DE 287). As the prevailing plaintiff in a breach of contract case against an insurer, Fla. Stat. § 627.428 automatically entitled Plaintiff to attorneys' fees based on each of the Orders granting Summary Judgment, First Judgment, and Second Judgment.

On November 13, 2019, Magistrate Judge Lurana S. Snow issued a Report and Recommendation (DE 328) that attorneys' fees be awarded in favor of Plaintiff Roth in the amount of $6,352,178.10. On January 10, 2020, this Court entered an Order (DE 333) approving this Report and Recommendation, overruling Defendant's objections, and awarding attorneys' fees in favor of Plaintiff Roth in the amount $6,352,178.10.

On February 5, 2020, Defendant GEICO General Insurance Company ("GEICO" or "Defendant") filed a notice of appeal from the Court's January 10, 2020 Order awarding attorneys' fees. Plaintiff timely files this Motion to Amend Judgment to add prejudgment and postjudgment interest pursuant to Fed. R. Civ. P. 59(e).

## II. Plaintiff's Rule 59(e) Motion is Timely and Proper.

The Court retains jurisdiction over this motion pursuant to Fed. R. Civ. P. 59(e) and Fed. R. App. P. 4(a)(4). *See e.g., Stone v. I.N.S.*, 514 U.S. 386, 396–97 (1995) ("the filing of a Rule 59 motion to alter or amend a district court's judgment strips the appellate court of jurisdiction, whether the Federal Rule of Civil Procedure 59 motion is filed before or after the notice of appeal"); *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, n.1 (9th Cir. 1999) ("Although Keating had already filed a notice of appeal, the district court is expressly granted the

jurisdiction to entertain a timely motion under FRCP 59.").

The Supreme Court has held that it is proper to file a Rule 59(e) motion to amend a judgment when requesting that a court add prejudgment interest to a judgment. *Alhassid v. Bank of America N.A.*, 688 Fed. Appx. 753, 761 (11th Cir. 2017) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175-78 (1989)). As shown below, this Court in *TYR Tactical, LLC v. Protective Products Enterprises, LLC*, 15-CV-61741, 2018 WL 2672391, at *1 (S.D. Fla. June 5, 2018), granted a similar motion to amend a judgment for attorneys' fees in order to add prejudgment interest accruing from the date the prevailing party was determined by summary judgment.

### III. Florida Law Imposes Prejudgment Interest on Attorneys' Fee Awards from the Date of Entitlement Pursuant to Fla. Stat. § 55.03.

#### A. This Court Has Held that Prejudgment Interest Accrues from Date of Entitlement In a Diversity Case.

It is well-settled that Florida law, not federal law, determines the application of prejudgment interest to an award of attorneys' fees. *TYR Tactical*, at *1. Florida law automatically imposes prejudgment interest on attorneys' fees, with such prejudgment interest to begin to accrue upon the date the moving party is determined to be the prevailing party. *Id*.

The seminal case relating to prejudgment interest for an award of attorneys' fees is *Quality Engineered Installation, Inc. v. Higley S., Inc.,* 670 So. 2d 929, 931 (Fla. 1996). In *Quality Engineered,* the Florida Supreme Court resolved a DCA split as to whether Fla. Stat. § 55.03 provides prejudgment interest on attorneys' fee awards. The Supreme Court held that prejudgment interest applies to attorneys' fees, and that prejudgment interest accrues on an attorneys' fee award from the date of *entitlement* to the fees, and not the date that the *amount* of fees is determined. *Id.* at 930-31 ("We reach this conclusion on the basis that the burden of nonpayment is fairly placed on the party whose obligation to pay attorney fees has been fixed. Using the date of the entitlement . . . serves as a deterrent to delay by the party who owes the attorney fees. . . .").

This Court, in *TYR Tactical*, 2018 WL 2672391 (S.D. Fla. June 5, 2018), similarly addressed prejudgment interest on an attorneys' fee award. The Court first determined that Florida law, and not federal law, controls when determining prejudgment interest on attorneys' fee pursuant to Fla. Stat. § 55.03. *Id.* at *1. The Court followed *Quality Engineered* and held that prejudgment interest is required by Florida law on attorneys' fee awards from the date entitlement

to fees is determined by status as a prevailing party, and *not* the date that the amount of fees is determined:

> The Florida Supreme Court squarely addressed whether an award of attorney's fees allows for prejudgment interest in *Quality Engineered Installation, Inc. v. Higley S., Inc.*, 670 So. 2d 929, 930 (Fla. 1996). Resolving a conflict among Florida's district courts, the Florida Supreme Court rejected the contention that an award of attorney's fees is a litigation cost subject only to post-judgment interest. *Id.* Instead, it held that prejudgment "interest accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined." *Id.* at 931; *see also Trial Practices, Inc. v. Hahn Loeser & Parks, LLP*, 228 So. 3d 1184, 1193 (Fla. 2d DCA 2017) (finding that prejudgment interest on attorney's fees awarded pursuant to a prevailing party contractual fee provision should be affixed on the date the prevailing party status is determined).

*Id.*; *see also Mariposa Associates, Ltd. v. Regions Bank*, 13-23838-CIV, 2018 WL 4208251, at *1 (S.D. Fla. July 26, 2018) (awarding prejudgment interest on attorneys' fees from date Regions Bank was established as the prevailing party).

### B. The Overwhelming Number of Courts to Consider the Issue Follow *Quality Engineered*, And Impose Prejudgment Interest from the Date that the Prevailing Party is Determined.

Many other courts, in addition to this Court in *TYR Tactical* and *Mariposa*, have held that entitlement to attorneys' fees is established, under statutory fee shifting or contractual fee shifting, on the date that the prevailing party is determined. *TYR Tactical*, at *1; *see also Wells v. Halmac Dev., Inc.*, 184 So. 3d 620, 623 (Fla. 3d Dist. App. 2016) (prejudgment interest on attorneys' fees merges into award of fees, and failure to account for fees in the appellate judgment results in an inaccurate amount due and owing); *Inacio v. State Farm Fire & Cas. Co.*, 550 So. 2d 92, 97–98 (Fla. 1st Dist. App. 1989) (for purposes of assessing prejudgment interest on attorneys' fees pursuant to Fla. Stat. § 627.428, "a claim became liquidated and subject to interest when a verdict or court decision has the effect of fixing the amount of damages . . . [by contrast,] it would reward State Farm for continuing to contest Inacio's reimbursement of attorney's fees by allowing State Farm interest-free use of the money for more than a year. Such a result would be inconsistent with the intent and purpose of statutory provisions allowing attorney's fees to the prevailing party); *Quality Engineered,* 670 So. 2d at 930–31 (Fla. 1996) (expressly approving *Inacio*); *Mason v. Reiter*, 564 So. 2d 142, 147 (Fla. 3d Dist. App. 1990) (reversing trial court and holding that

4

prejudgment interest on attorneys' fees began on the date of "adjudication of paternity, which triggered the mother's entitlement to, and the father's liability for payment of her attorney's fees. This event fixed the date of the loss for purposes of awarding prejudgment interest on previously incurred attorney's fees even though the actual amount of the award was not yet determined."); *State Nat. Ins. Co. v. White*, 8:10-CV-894-T-27TBM, 2012 WL 6021462, at *8 (M.D. Fla. Oct. 26, 2012), *report and recommendation adopted as modified,* 8:10-CV-894-T-27TBM, 2012 WL 6025761 (M.D. Fla. Dec. 4, 2012) (awarding prejudgment interest on attorneys' fees pursuant to Fla. Stat. § 627.428 from the date judgment was entered in favor of plaintiff against the insured, even though amount of attorneys' fees was not decided); *Rynd v. Natl. Mut. Fire Ins. Co.*, 8:09-CV-1556-T-27TGW, 2012 WL 939387, at *22 (M.D. Fla. Jan. 25, 2012), *report and recommendation adopted,* 8:09-CV-1556-T-27TGW, 2012 WL 939247 (M.D. Fla. Mar. 20, 2012) (awarding fees plus interest from date of entitlement under Fla. Stat. § 627.428); *Shelton v. Liberty Mut. Fire Ins. Co.*, 8:12-CV-2064-T-30AEP, 2014 WL 631886, at *4 (M.D. Fla. Feb. 18, 2014) (awarding prejudgment interest from date summary judgment granted in favor of plaintiff); *Nalasco v. Buckman, Buckman & Reid, Inc.*, 171 So. 3d 759, 763–64 (Fla. 4th Dist. App. 2015) (it was error for the trial court to enter judgment for attorneys' fees without including prejudgment interest). *Apple Glen Inv'rs, L.P. v. Express Scripts, Inc.*, 814RCVR1527RTR33TGW, 2018 WL 2945629, at *16 (M.D. Fla. May 25, 2018), *report and recommendation adopted,* 8:14-CV-1527-T-33TGW, 2018 WL 2937469 (M.D. Fla. June 11, 2018) (prejudgment interest accrues from the date judgment entered in favor of Plaintiff).[1]

---

[1] Plaintiff has located only one federal district court case that awarded prejudgment interest accruing from the date of a defendant's agreement to entitlement, and not from the date that entitlement arises from judgment to the prevailing party. *See Diperna v. GEICO Gen. Ins. Co.*, 612CV687ORL36KRS, 2016 WL 4158553, at *3 (M.D. Fla. Aug. 4, 2016). *Diperna* involved a bad faith lawsuit. Following a five-day trial resulting in an amended judgment in favor of the plaintiff, the court declined to award prejudgment interest from the date of the amended judgment. Instead, the court noted that GEICO had admitted entitlement to fees at a later date, and held that prejudgment interest should accrue from this later agreement to fee entitlement. Respectfully, by awarding interest only upon agreement or after the court expressly determined entitlement, the *Diperna* court ignores the mandates of Fla. Stat. § 627.428 and Fla. Stat. § 55.03, which fix entitlement to fees and interest upon judgment in favor of the insured. *Diperna* also ignores the Florida Supreme Court's determination "that the burden of nonpayment [should be] fairly placed on the party whose obligation to pay attorney fees has been fixed. Using the date of the entitlement . . . serves as a deterrent to delay by the party who owes the attorney fees." *Quality Engineered*, 670 So. 2d at 931.

5

It is noteworthy that Defendant *never* disputed Plaintiff's entitlement to fees based on the judgments entered in the case. *See e.g.,* Hearing of 9/11/19 on Plaintiff's Motion for Fees, Transcript at 8 (DE 327) (defense counsel acknowledging that Defendant does not contest entitlement to fees). Of course, entitlement to fees can only come from three sources: the Summary Judgment in Plaintiff Roth's favor on June 13, 2018 (DE 247); the First Judgment in her favor on November 20, 2018 (DE 281); and the Second Judgment in her favor on March 26, 2019 (DE 287).

### C. Plaintiff Conservatively Requests Prejudgment Interest to Run from Entry of the Second Judgment.

The present case established Plaintiff as the prevailing party by Order Granting Summary Judgment on June 13, 2018 (DE 247), by entry of the First Judgment on November 20, 2018 (DE 281), and by entry of the Second Judgment on March 26, 2019 (DE 287). Plaintiff conservatively requests that the Court grant prejudgment interest as of March 26, 2019, the date of entry of the Second Judgment. Plaintiff submits a proposed Amended Judgment, which is attached as Exhibit B.

### D. The Award of Interest Is Automatic, and Need Not Be Determined On the Motion for Attorneys' Fees.

The Florida Supreme Court has held that prejudgment interest on an order awarding entitlement to attorneys' fees is automatic:

> We agree with the Fifth District in *Peavy* that prejudgment interest becomes part of a single total sum adjudged to be due and owing. The amount awarded for prejudgment interest, like all other components of the "judgment," automatically bears interest as provided by section 55.03, Florida Statutes (1993).

*Quality Engineered,* 670 So. 2d at 931 (Fla. 1996).

The award of interest need not be determined at the same time the motion for attorneys' fees is decided. For example, in *TYR Tactical* before this Court, the movant sought fees after the order awarding fees, in the form of a motion to amend judgment. Accordingly, Plaintiff also moves to amend the judgment to include prejudgment interest which is "automatic" under Florida law.[2]

---

[2] Because prejudgment interest is automatic, it need not be expressly sought in the original motion for fees. Similar to the present case, the prevailing party in *TYR Tactical* did not seek prejudgment interest in its original motion for fees (*TYR Tactical* docket entry 104 (12/11/17)). The Magistrate's Report and Recommendation awarding fees did not include prejudgment interest (*TYR Tactical* docket entry 117 (4/11/18)), and the District Court's Order approving the Report

**IV.     Plaintiff Requests Amendment of Judgment Pursuant to Fed. R. Civ. P. 59.**

Plaintiff requests that the Court enter the attached Amended Judgment for attorneys' fees in the amount of $6,352,178.10, plus automatic prejudgment interest at the Florida statutory rate accruing from March 26, 2019 through the date of Judgment (January 10, 2020) in the amount of $340,120.24, and postjudgment interest pursuant to 28 U.S.C. § 1961.  Plaintiff attaches the declaration of expert Jeffrey Martin, which identifies the interest rates applied, and the applicable prejudgment interest rate through January 10, 2020.  Exhibit A, Martin Declaration of February 6, 2020.  Plaintiff also attaches a proposed Amended Judgment as Exhibit B.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court enter the attached proposed Amended Judgment, including prejudgment interest on the award of attorneys' fees accruing from March 26, 2019 through January 10, 2020, and postjudgment interest pursuant to 28 U.S.C. § 1961.

/s/ Bradley W. Pratt
Bradley W. Pratt
Florida Bar No. 0094300
Pratt Clay, LLC
4401 Northside Parkway, Suite 520
Atlanta, Georgia 30327
Telephone: (404) 949-8118
Facsimile: (404) 949-8159
bradley@prattclay.com

/s/ Christopher B. Hall
Christopher B. Hall
Georgia Bar No. 318380
Andrew Lampros
Georgia Bar No. 432328
Appearing Pro Hac Vice
Hall & Lampros, LLP
400 Galleria Parkway, Suite 1150

---

and Recommendation did not include prejudgment interest (*TYR Tactical* docket entry 119 (4/26/18)).  After the District Court's Order, the prevailing party filed a motion to amend to request prejudgment interest (*TYR Tactical* docket entry 120 (5/15/18)).  This motion was granted, and prejudgment interest was awarded, accruing from the date the prevailing party's status was determined by summary judgment and final judgment.  *TYR Tactical,* at **1, 3.  This procedure and result were proper because prejudgment interest is automatic pursuant to Fla. Stat. § 55.03. *See Quality Engineered,* at 931.

Atlanta, GA 30339
Phone: (404) 876-8100
Facsimile: (404) 876-3477
chall@hallandlampros.com
alampros@hallandlampros.com

*/s/ Ed Normand*
Edmund A. Normand
Florida Bar No. 0865590
Jacob Phillips
Florida Bar No. 0120130
Normand Law PLLC
62 W. Colonial Drive,
Suite 209
Orlando, FL 32801
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
Ed@EdNormand.com
jacob@ednormand.com

*/s/ Chris Lynch*
Christopher J. Lynch
Florida Bar No. 331041
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
Clynch@hunterlynchlaw.com
Lmartinez@hunterlynchaw.com

*/s/ Tracy Markham*
Tracy L. Markham
Florida Bar No. 0040126
Southern Atlantic Law Group, PLLC
2800 N 5th Street, Suite 302
St. Augustine, Florida 32084
Phone: (904) 794 7005
Facsimile: (904) 794 7007
tlm@southernatlanticlaw.com
pleadingsonly@southernatlanticlaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiff conferred with counsel for Defendant on the relief sought in this motion on February 7, 2020, and Defendant opposes the motion.

*/s/ Bradley W. Pratt*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on February 7, 2020, I electronically filed the foregoing using the Court's ECF system which will automatically serve the following counsel of record for Defendants:

>Kymberly Kochis
>Alexander Fuchs
>Eversheds Sutherland (US) LLP
>1114 Avenue of the Americas
>The Grace Building 40th Floor
>New York, NY 10036
>212-389-5000
>Email: alexfuchs@eversheds-sutherland.com
>Email: kymberlykochis@eversheds-sutherland.com

>Amelia Toy Rudolph
>Eversheds Sutherland (US) LLP
>999 Peachtree Street, N.E.
>Suite 2300
>Atlanta, GA 30309
>(404) 853-8000
>Email: amyrudolph@eversheds-sutherland.com

*/s/ Bradley W. Pratt*