UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-62942-CIV-DIMITROULEAS/SNOW

KERRY ROTH, on behalf of herself
and all others similarly situated,

      Plaintiff

vs.

GEICO GENERAL INSURANCE
COMPANY; GOVERNMENT
EMPLOYEES INSURANCE
COMPANY; GEICO INDEMNITY
COMPANY; GEICO CASUALTY
COMPANY,

      Defendants
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Motion to Amend Judgment Awarding Attorneys' Fees to Include Prejudgment Interest and Postjudgment Interest (ECF No. 335), which was referred to United States Magistrate Judge Lurana S. Snow for Report and Recommendation. (ECF No. 336) The Motion is fully briefed and ripe for consideration.

The Court granted summary judgment in favor of the Plaintiff, making the Plaintiff the prevailing party. On January 10, 2020, the Court adopted the undersigned's recommendation that attorney's fees be awarded in the amount of $6,352,178.10. (ECF No. 333) This fee represented the lodestar fee amount, with application of a multiplier of 2.

The Plaintiff now seeks an amendment to the Second Judgment to reflect

pre-judgment and post-judgment interest on the full amount of the fee awarded. The Defendants oppose the request on the same grounds on which they opposed the Plaintiff's Motion for Attorneys' Fees (ECF No. 308) and the undersigned's Report and Recommendation on that Motion. (ECF No. 329) The Defendants also argue that interest should be awarded only on the lodestar amount. They do not dispute that the Plaintiff is entitled to interest under governing Florida law. Quality Engineered Installation, Inc. v. Higley S., Inc., 670 So. 2d 929, 930 (Fla. 1996).

The Defendants have not cited any case which holds that interest should be awarded on the lodestar amount rather than the full fee award. The Plaintiff has cited several cases from this district and the Middle District of Florida which determined interest on the fee amount that was awarded by the court. Alhassid v. Nationstar Mortg., LLC, No. 14-cv-20484, 2016 WL 9444260, at *1 (S.D. Fla. Sept. 2, 2016); TYR Tactical, LLC v. Protective Prod. Enterprises, LLC, No. 15-cv-61741, 2018 WL 2672391, at **3 (S.D. Fla. June 5, 2018); Shelton v. Liberty Mut. Fire Ins. Co., No. 8:12-**cv**-2064-T-30AEP, 2014 WL 631886, at *4 (M.D. Fla. Feb. 18, 2014); Apple Glen Inv'rs, L.P. v. Express Scripts, Inc., No. 8:14-cv-r1527-rT-r33TGW, 2018 WL 2945629, at *16 (M.D. Fla. May 25, 2018).

In the absence of any legal precedent mandating that interest be computed based on any amount other than the actual fee awarded, the undersigned concludes that pre-judgment and post-judgment interest be calculated based on the fee award of $6,352,178.10.

The Florida Supreme Court has held that pre-judgment interest "accrues

from the date the entitlement to attorney's fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined." Quality Engineered Installations, 670 So. 2d at 931. The Plaintiff here requests that interest accrue from March 26, 2019, the date of the Second Judgment (ECF No. 287), through January 10, 2020, the date on which the award of attorneys' fees was entered by the Court. (ECF No. 333) The Defendants have not objected to these dates.

Attached to the instant Motion is the Declaration of Jeffrey O. Martin, an expert in statistical and actuarial matters, who computed pre-judgment interest at $340,120.24, based on the applicable Florida statutory interest rates as posted on the website of Florida's Chief Financial Officer. (ECF No. 335-1) The Defendants, while opposing an award of pre-judgment interest on the fee award after use of a multiplier, do not object to Mr. Martin's computation.

Post-judgment interest in governed by 28 U.S.C. § 1961(a), which provides that the interest rate is "equal to the weekly average 1-year constant maturity treasury yield, as published by the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office shall distribute notice of that rate and any changes in it to all Federal judges." The interest rate for the week ending March 22, 2019 is 2.45%.

## CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

3

RECOMMENDED that Plaintiff's Motion to Amend Judgment Awarding Attorneys' Fees to Include Prejudgment Interest and PostJudgment Interest (ECF No. 335) be GRANTED, and that the Plaintiff be awarded pre-judgment interest in the amount of $340,120.24 and post-judgment interest at the rate of 2.45%.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir.1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 27th day of March, 2020.

　　　　　　　　　　　　　　　　　　　／s／ Lurana S. Snow
　　　　　　　　　　　　　　　　　　　LURANA S. SNOW
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record