UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-62942-Civ-DIMITROULEAS

KERRY ROTH, on behalf of herself and
all others similarly situated,

    Plaintiff,

vs.

GEICO GENERAL INSURANCE
COMPANY; GOVERNMENT
EMPLOYEES INSURANCE COMPANY;
GEICO INDEMNITY COMPANY; and
GEICO CASUALTY COMPANY,

    Defendants.

_____

## ORDER APPROVING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court on Plaintiff Kerry Roth ("Roth" or "Plaintiff")'s Motion to Amend Judgment Awarding Attorneys' Fees to Include Prejudgment Interest and Postjudgment Interest [DE 335] (the "Motion"), and the Report and Recommendation of Magistrate Judge Lurana S. Snow (the "Report") [DE 341], dated March 27, 2019. The Court has conducted a *de novo* review of the Report [DE 341], Defendant GEICO's Objections to Report and Recommendation [DE 342], Plaintiff's Response to Defendant's Objection [DE 343], and the record herein. The Court is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be

sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Objections.

Plaintiff seeks an amendment to the Second Judgment with regard to the award of attorney's fees in the amount of $6,352,178.10, representing a lodestar fee amount with a contingency risk multiplier of 2. Specifically, Plaintiff requests pre-judgment and post-judgment interest on the full amount of the fee awarded. In the Report, Magistrate Judge Snow recommends that the undersigned grant the Motion, awarding Plaintiff pre-judgment interest in the amount of $340,120.24 and post-judgment interest at the rate of 2.45%. Defendant objects, both generally on the ground that the underlying attorneys' fee award was too high, and specifically on the ground that the Court should calculate the prejudgment interest on the lodestar fee amount without the multiplier. The Court overrules the Objections.[1]

The Court agrees with the analysis and conclusions set forth in Magistrate Judge Snow's Report. The Court already rejected Defendant's argument that the attorneys' fee award was too high. Further, applying prejudgment interest to the entire attorneys' fee award is consistent with the law and the Court finds it to be reasonable here.

---

[1] The Court notes that Defendant does not object to the recommendation concerning post-judgment interest.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 341] is hereby **APPROVED**;

2. Defendant's Objections [DE 342] are **OVERRULED**;

3. Plaintiff's Motion to Amend Judgment Awarding Attorneys' Fees to Include Prejudgment Interest and Postjudgment Interest [DE 335] is hereby **GRANTED**;

4. Plaintiff is awarded pre-judgment interest in the amount of $340,120.24 and post-judgment interest at the rate of 2.45%.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of May, 2020.

*[Signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record