# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

KERRY ROTH, on behalf of herself and
all others similarly situated,

           Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

           Defendant.

_____/

CASE NO. 16-cv-62942WPD

MARIANNE JOFFE, DEBBE SCHERTZER,
and STEPHANIE RODRIGUEZ, individually
and on behalf of all others similarly situated,

           Plaintiffs,

v.

GEICO INDEMNITY COMPANY,
GOVERNMENT EMPLOYEES
INSURANCE COMPANY and GEICO
GENERAL INSURANCE COMPANY,

           Defendants.

_____

CASE NO. 18-cv-61361-WPD

**CLASS ACTION SETTLEMENT AGREEMENT**

EXHIBIT A

# TABLE OF CONTENTS

**Page**

EXHIBITS...................................................................................................3

RECITALS ................................................................................................4

I.      DEFINITIONS ............................................................................. 12

II.     PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS........................... 18

III.    DATA PRODUCTION RELATING TO EXPANDED SETTLEMENT CLASS  ........21

IV.     CLASS NOTICE............................................................................ 17

V.      SETTLEMENT ADMINISTRATOR................................................ 25

VI.     CLASS ACTION FAIRNESS ACT NOTICE ................................... 25

VII.    CLAIMS PAYMENTS .................................................................. 26

VIII.   CLAIM SUBMISSIONS................................................................ 22

IX.     CLAIMS ADMINISTRATION ...................................................... 27

X.      ATTORNEYS' FEES AND COSTS AWARD AND SERVICE AWARDS.................... 29

XI.     FINAL APPROVAL OF THE PROPOSED SETTLEMENT............................. 30

XII.    REQUESTS FOR EXCLUSION AND OBJECTIONS.................................... 32

XIII.   DENIAL OF LIABILITY ............................................................... 34

XIV.    DISMISSAL OF ACTION AND RELEASE OF CLAIMS .......................... 34

XV.     RETENTION OF RECORDS ......................................................... 35

XVI.    MISCELLANEOUS PROVISIONS…………………………………………35

EXHIBIT A

## EXHIBITS

1. Proposed Preliminary Approval Order

2. First Mail Notice (i.e., Postcard Notice, including detachable Claim Form)

3. First E-mail Notice

4. Claim Forms

5. Electronic Claim Forms

6. Longform Notice

7. Second Mail Notice (i.e., Postcard Notice, including detachable Claim Form)

8. Second Email Notice

EXHIBIT A

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is made by and between (1) plaintiffs Kerry Roth (the Plaintiff in *Roth v. GEICO General Ins. Co.,* No. 16-cv-62942 (S.D. Fla.) ("*Roth* matter"), and Marianne Joffe, Debbe Schertzer, and Stephanie Rodriguez (the Plaintiffs in the *Joffe et al. v. GEICO Indemnity Co. et al.,* No. 18-cv-61361 (S.D. Fla.)) ("*Joffe* matter") (all *Roth* and *Joffe* plaintiffs hereafter referred to as "the Plaintiffs"), on behalf of themselves and as representatives of the Settlement Class defined below, and (2) Defendants GEICO General Insurance Company ("GEICO General") (Defendant in both the *Roth* and *Joffe* matters), GEICO Indemnity Company ("GEICO Indemnity") (Defendant in the *Joffe* matter) and Government Employees Insurance Company ("Government Employees") (Defendant in the *Joffe* matter) (all *Roth* and *Joffe* defendants hereafter referred to as "Defendants" or "GEICO").  Plaintiffs and Defendants are referred to collectively as "the Parties."

This Agreement effects a full and final settlement and dismissal with prejudice of all of the Released Claims against all Released Persons relating to the above-captioned lawsuits (together, the "Action") on the terms and to the full extent set forth below, subject to the approval of the Court.

## **RECITALS**

### **The *Roth* Lawsuit**

WHEREAS, on August 30, 2016, Kerry Roth originally filed a Class Action Complaint against numerous GEICO entities in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, Case No. CACE-16-016030, which was subsequently removed to the United States District Court for the Southern District of Florida, Case No. 16-62942-CIV-DIMITROULEAS/SNOW; and

WHEREAS, on December 21, 2016, the *Roth* Defendants filed a partial motion to dismiss the allegations in the Second Amended Class Action Complaint (*Roth* Docs. 8 and 9); and

WHEREAS, on January 4, 2017, Plaintiff Roth filed a response in opposition to

4

EXHIBIT A

Defendants' partial motion to dismiss (*Roth* Doc. 11), and on January 11, 2017, the *Roth* Defendants filed a Reply (*Roth* Doc. 12) in support of their partial Motion to Dismiss; and

WHEREAS, on January 24, 2017, United States District Judge William P. Dimitrouleas ordered that the *Roth* Defendants' partial motion be granted (*Roth* Doc. 14), thereby dismissing Plaintiff Roth's claims against Government Employees, GEICO Indemnity, and GEICO Casualty Company, as well as Plaintiff Roth's declaratory relief claim (Count II) against all *Roth* Defendants; and

WHEREAS, Plaintiff Roth continued to litigate her breach of contract claim (Count I) against Defendant GEICO General  alleging that it failed to pay sales tax and/or title transfer fees in its Actual Cash Value ("ACV") payments to leased vehicle insureds after a total loss event; and

WHEREAS, on January 4, 2018, Plaintiff Roth filed a motion for class certification (*Roth* Doc. 46), to which GEICO General responded on March 1, 2018 (*Roth* Doc. 77), and in support of which Plaintiff Roth filed a Reply on March 30, 2018 (*Roth* Doc. 114); and

WHEREAS, on May 3, 2018, the Court granted the motion and certified a class of insureds who sustained a total-loss to their leased, insured vehicle during the relevant time period (*Roth* Doc. 165); and

WHEREAS, on April 20, 2018, the *Roth* Parties filed cross-motions for summary judgment. (*Roth* Docs. 151-152); and

WHEREAS, on May 14, 2018, Plaintiff Roth filed a Notice of Filing Proposed Notice to Class Members (*Roth* Doc. 199); and

WHEREAS, on May 16, 2018, Plaintiff Roth filed a Corrected Notice of Filing Proposed Notice to Class Members. (*Roth* Doc. 206); and

WHERES, on May 18, 2018, the Court issued an Order Approving the Form and Manner of Class Notice. (*Roth* Doc. 211); and

EXHIBIT A

WHEREAS, on May 18, 2018, the Court entered an order approving the *Roth* Parties' joint proposed notice plan (*Roth* Doc. 211); and

WHEREAS, on May 18, 2018, GEICO General filed a petition for permission to appeal pursuant to Fed. R. Civ. P. 23(f) with the Eleventh Circuit Court of Appeals, to which Plaintiff Roth filed a brief in opposition on May 29, 2018, and which was denied on August 27, 2018 (United States Court of Appeals for the Eleventh Circuit, Case No. 18-90016-D); and

WHEREAS, on June 13, 2018, the Court granted Plaintiff Roth's Motion for Summary Judgment and denied GEICO General's, finding that the insurance policy required GEICO General to provide coverage to Plaintiff Roth for sales tax and title fees in the amount of $1,436.82 in sales tax (6% of the value of Plaintiff Roth's total loss vehicle plus applicable local tax) and $75.25 in title transfer fees. (*Roth* Doc. 247); and

WHEREAS, on August 27, 2018, GEICO General filed a motion to decertify the class (Doc. 255), to which Plaintiff responded on September 4, 2018 (Doc. 259), and which the Court denied on September 19, 2018 (Doc. 267); and

WHEREAS, on November 20, 2018, the Court entered judgment in favor of Plaintiff Roth and the Class against GEICO General, for $5,878,259.95 in damages and prejudgment interest. (*Roth* Doc. 281); and

WHEREAS, on March 26, 2019, the Court entered a second judgment in favor of Plaintiff Roth and the Class against GEICO General, in the amount of $657,427.52 for damages and prejudgment interest. (*Roth* Doc. 287); and

WHEREAS, on April 24, 2019, GEICO General filed a Notice of Appeal (*Roth* Doc. 290), appealing the Order Granting Plaintiff Roth's Motion for Class Certification (*Roth* Doc. 165), Order Denying Motion (to Exclude Testimony and Report of Expert George Erickson) as Moot (*Roth* Doc. 178), Order Striking *Daubert Motions* (*Roth* Doc. 209), Order Denying Defendant's

EXHIBIT A

Motion for Reconsideration or Clarification of Order Striking Motions to Exclude Expert Testimony (*Roth* Doc. 236), Order Granting Plaintiff Roth's Motion for Summary Judgment; Denying Defendant GEICO General's Motion for Summary Judgment (Doc 247), Omnibus Order (Denying Defendant's Motion to Decertify Class) (*Roth* Doc. 267), Order and Judgment (*Roth* Doc. 281) and Order of Second Judgment and Final Judgment (*Roth* Doc. 287), which are still pending; and

WHEREAS, on May 9, 2019, Plaintiff Roth filed a Verified Motion to Tax Costs (*Roth* Doc. 294), which was referred on May 10, 2019, to United States Magistrate Judge Lurana S. Snow for "appropriate disposition or a report and recommendation." (*Roth* Doc. 295); and

WHEREAS, on May 29, 2019, United States Magistrate Judge Lurana S. Snow submitted a Report and Recommendation, recommending that 1) the Plaintiff's Verified Motion to Tax Costs be granted; and 2) Plaintiff be awarded costs in the amount of $16,363.99. (*Roth* Doc. 298); and

WHEREAS, on June 10, 2019, Plaintiff Roth filed a Verified Motion for Attorneys' Fees, Costs and Expenses, and Named Plaintiff's Service Award and Incorporated Memorandum of Law. (*Roth* Doc. 301), which was referred to United States Magistrate Judge Lurana S. Snow on June 11, 2019, for "appropriate disposition or a report and recommendation." (*Roth* Doc. 302); and

WHEREAS, on June 13, 2019, the Court issued an Order adopting the Report & Recommendation issued by United States Magistrate Judge Lurana S. Snow, thereby granting Plaintiff Roth's Verified Motion to Tax Costs (the "Costs Order"). (*Roth* Doc. 303); and

WHEREAS, on September 11, 2019 an evidentiary hearing was held on Plaintiff Roth's Verified Motion for Attorneys' Fees, Costs and Expenses (*Roth* Doc. 327); and

WHEREAS, on November 13, 2019, United States Magistrate Judge Lurana S. Snow submitted a Report and Recommendation on Plaintiff Roth's Verified Motion for Attorneys' Fees, Costs and Expenses, and Named Plaintiff's Service Award, recommending that the motion be

EXHIBIT A

granted, in part, and that Plaintiff Roth and the Class be awarded attorneys' fees in the amount of $6,352,178.10. (*Roth* Doc. 328); and

WHEREAS, on January 10, 2020, the Court entered an Order Approving Report of Magistrate Judge, awarding attorneys' fees in the amount of $6,352,178.10 (the "Fee Order"). (*Roth* Doc. 333); and

WHEREAS, on February 5, 2020, GEICO General filed a Notice of Appeal of the Fee Order (*Roth* Doc. 334); and

WHEREAS, on February 7, 2020, Plaintiff Roth filed a Motion to Amend Judgment Awarding Attorneys' Fees to Include Prejudgment Interest and Postjudgment Interest. (*Roth* Doc. 335); and

WHEREAS, the Court, on February 10, 2020, referred Plaintiff Roth's Motion to Amend Judgment Awarding Attorneys' Fees to Include Prejudgment Interest and Postjudgment Interest (*Roth* Doc. 336), which was subsequently granted on May 4, 2020, awarding Plaintiff Roth prejudgment interest in the amount of $340,120.24 and postjudgment interest at 2.45% (the "Interest Fee Order"). (*Roth* Doc. 341 and 344); and

WHEREAS, on June 1, 2020, GEICO filed a Notice of Appeal (Doc. 345), appealing the Fee and Interest Fee Order and on June 2, 2020, Plaintiff Roth filed a Notice of Appeal (Doc. 346), appealing the Fee Order.

### The *Joffe* Lawsuit

WHEREAS, on June 15, 2018, Marianne Joffe, Debbe Schertzer, and Stephanie Rodriguez filed a Class Action Complaint against Defendant GEICO Indemnity Company, Government Employees Insurance Company, and GEICO General Insurance Company in the United States District Court for the Southern District of Florida, Case No. 0:18-cv-61361 (the "*Joffe* matter"); and

EXHIBIT A

WHEREAS, the *Joffe* matter includes the same allegations against GEICO General as those alleged in the *Roth v. GEICO General* except that the *Joffe* matter includes claims against GEICO General accruing *after* the operative class period in the *Roth* matter, and except that the *Joffe* matter includes allegations under the same legal theories against Government Employees and GEICO Indemnity; and

WHEREAS, on June 21, 2018 the *Joffe* Plaintiffs filed a Notice of Pending, Refiled, Related or Similar Action (*Joffe* Doc 6), notifying this Court, pursuant to Local Rule 3.8 and Internal Operating Procedures Rule 2.15.00 of the notice of the pending, related, and similar matter *Roth v. GEICO General Insurance Company*, Case No. 16-cv-62942-WPD; and

WHEREAS, on June 28, 2018 an Order of Transfer (*Joffe* Doc. 7) was entered in this case, transferring the case to the Honorable William P. Dimitrouleas, subject to his consent; and

WHEREAS, on August 8, 2018, Defendants filed an Answer to the Complaint, asserting numerous defenses (*Joffe* Doc. 20); and

WHEREAS, on April 12, 2019, the *Joffe* Plaintiffs moved to certify a class of GEICO insureds (*Joffe* Doc. 41); and

WHEREAS, GEICO filed an opposition to the *Joffe* Plaintiffs' Motion for Class Certification on May 14, 2019 (*Joffe* Doc. 45), the *Joffe* Plaintiffs filed a reply in support of class certification on June 14, 2019 (*Joffe* Doc. 49); and

WHEREAS, on July 31, 2019, the Court issued an Order certifying a class of GEICO insureds (*Joffe* Doc. 52); and

WHEREAS, on August 8, 2019, the *Joffe* Plaintiffs and Defendants filed a Joint Notice of Filing Proposed Notice to Class Members (*Joffe* Doc.  53); and

WHEREAS, in November, 2019 through February 11, 2020, the *Joffe* Plaintiffs and Defendants filed cross-motions for summary judgment (including briefs in support, opposition,

EXHIBIT A

and reply) concerning the *Joffe* Plaintiffs' operative Complaint (*Joffe* Docs. 59, 60, 62, 63, 70, 71, 72, 73, 75-78); and

WHEREAS, on February 24, 2020, the *Joffe* Plaintiffs and Defendants engaged in arm's length settlement negotiations at mediation before Steven R. Jaffe, Mediator, which did not result in an agreement (*Joffe* Doc. 86); and

WHEREAS, on March 12, 2020, Defendants filed a motion to hold in abeyance the order on summary judgment (*Joffe* Doc. 94); and

WHEREAS, on March 25, 2020, the Court entered an order approving the *Joffe* Plaintiffs' and Defendants joint proposed notice plan (*Joffe* Doc. 96); and

WHEREAS, on March 25, 2020, the Court issued an Order Resetting Pretrial Deadlines, Trial Date and Calendar Call (*Joffe* Doc. 97); and

WHEREAS, on May 4, 2020, the *Joffe* Plaintiffs filed a notice of providing notice to the Class (*Joffe* Doc. 102); and

WHEREAS, on June 1, 2020, the *Joffe* Plaintiffs and Defendants filed a Joint Motion Requesting a Trial Date and Extension of Pretrial Deadlines (*Joffe* Doc. 105); and

WHEREAS, on June 2, 2020, the Defendants filed an Unopposed Motion to Hold Summary Judgment in Abeyance (*Joffe* Doc. 106); and

WHEREAS, on June 2, 2020, the *Joffe* Plaintiffs and Defendants filed a Joint Notice of Mediation (*Joffe* Doc. 107); and

WHEREAS, on June 3, 2020, the Court issued an Order Granting the Joint Motion Requesting Trial Date and Extension of Pretrial deadlines (*Joffe* Doc. 108); and

WHEREAS, on June 3, 2020, the Court issued an Order granting Defendants' Unopposed Motion to Hold Summary Judgment in Abeyance (*Joffe* Doc. 109); and

WHEREAS, on June 15, 2020, the Court issued an Order on Motion to Stay denying

EXHIBIT A

without prejudice as moot Motions to Exclude and the Parties' Motions for Summary Judgment (*Joffe* Doc. 113); and

\* \* \* \*

WHEREAS, on June 8, 2020, the Parties engaged in arm's length settlement negotiations on both the *Roth* and *Joffe* cases at mediation before Rodney Max; and

WHEREAS, GEICO denied and continues to deny all material allegations of the *Roth* and *Joffe* matters, maintains it acted in accordance with the insurance policies and all applicable laws and regulations and abided by all its contractual and statutory obligations, that class certification in *Roth* and *Joffe*, summary judgment in *Roth* and the final judgments in *Roth*, including the fee award, were incorrectly decided and that its *Joffe* summary judgment motion and *Roth* appeals are meritorious, and would appeal the *Joffe* matter, as it did the *Roth* matter, should final judgment be entered; and

WHEREAS, the Plaintiffs and Class Counsel, while believing that the claims asserted in the Action are meritorious, have considered the risks associated with the continued prosecution of this complex and time-consuming litigation, the risk associated with currently-pending appeals, the risk associated with the *Joffe* summary judgment motion, the relief secured in this Agreement, as well as the likelihood of success on the appeal of the Action, and believe that, in consideration of all the circumstances, the Proposed Settlement embodied in this Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members; and

WHEREAS, GEICO, while denying wrongdoing of any kind and without admitting liability, nevertheless agrees to enter into this Agreement to avoid further burden, expense and risk of protracted litigation and to effect a full and final settlement of the claims asserted in the Action on the terms set forth below; and

NOW, THEREFORE, IT IS HEREBY AGREED by and among the Parties, through their respective counsel, that the *Roth* and *Joffe* matters be settled and compromised by the Plaintiffs, the

EXHIBIT A

Settlement Class, and GEICO on the following terms and conditions, subject to the approval of

the Court after hearing:

## I.        DEFINITIONS

For purposes of this Settlement Agreement, the following terms shall be defined as set forth
below:

a.   "Additional Settlement Class Members" means those Settlement Class Members
who are identified by Class Counsel within 5 days of receipt of Expanded
Settlement Class Data and who did not receive pre-settlement class notice in the
*Roth* or *Joffe* matters.

b.   "Adjusted vehicle value as determined by GEICO" means the value of the vehicle
before the application of the deductible, including the addition or subtraction of
the condition adjustment as determined by GEICO and/or any other adjustments,
as determined by GEICO during the total-loss settlement process.

c.   "Attorneys' Fee Award" means the Court-determined award of attorneys' fees,
costs, and expenses to Class Counsel.

d.    "Automobile Insurance Policy" means a Florida policy of insurance issued by
GEICO in effect during the Class Period and providing first-party private-
passenger automobile physical damage coverage.

e.    "Blank Claim Form" shall mean a claim form that is not pre-filled with the
Settlement Class Member name, date of loss, or Claim ID.

f.   "Confidential Information" means the names, addresses, policy numbers and any
and all data provided by GEICO relating to potential Settlement Class Members,
including Expanded Class Member Data, and any other proprietary business
information of GEICO, including any testimony or documents marked
confidential in discovery associated with the Action or otherwise.

g.   "Claim Form" means the Court-approved paper (not electronic) claim form,
without material alteration from Exhibit 4, that a Settlement Class Member may
submit to be considered for payment under the Final Settlement.

h.   "Claim Payment" means the payment issued by GEICO to Settlement Class
Members who submit valid and timely claims, as set forth in Paragraphs 30 and
31.

i.   "Claims Submission Deadline" means the date by which Claim Forms must be
postmarked or Electronic Claim Forms must be electronically submitted to be
considered timely.  The Claims Submission Deadline shall be no more than 90
days from the First Mail Notice Date.

EXHIBIT A

j.      "Class Counsel" means the attorneys approved and appointed by the Court to represent the Settlement Class Members.

k.      "Class Period" for the Settlement Class Members with total loss leased vehicle claims insured by GEICO General means the period from August 30, 2011 through August 1, 2020 and for the Settlement Class Members insured by GEICO Indemnity and Government Employees means the period from June 15, 2013, through August 1, 2020.

l.       "Court" means the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

m.     "Covered Total Loss Claim" means any first-party private passenger auto property damage claim determined to constitute a Total Loss to an insured automobile that (a) occurred within the Class Period, (b) relates to a leased vehicle (i.e. not owned), (c) was determined by GEICO or by a court or arbitrator of competent jurisdiction to be covered by an Automobile Insurance Policy issued by GEICO, and (d) resulted in a Total Loss Claim Payment.

n.      "E-mail Notice Date" means the two dates on which the E-Mail notice is e-mailed to potential Settlement Class Members, as provided in Paragraphs 15 and 16.

o.      "E-mail Notice" means the Court-approved notice forms for Emails Nos. 1 and 2, without material alteration from Exhibit 3, to be e-mailed to the Settlement Class Members, as provided in Paragraphs 14 and 15.

p.      "Effective Date" means the date that is five (5) days after the following conditions have been met:

(1) This Agreement has been fully executed by the Parties and/or their counsel;
(2) No Party has terminated the Agreement;
(3) Orders have been entered by the Court certifying a Settlement Class and granting preliminary approval of this Agreement, and approving a form of notice and claim forms as provided in this Agreement;
(4) The Court has entered the Final Order and Judgment approving this Agreement and releasing all Released Persons from all Released Claims, and dismissing the Action with prejudice and without leave to amend, as provided in this Agreement;
(5) The Court has fully resolved any application made by Class Counsel for an Attorneys' Fee Award and Service Award; and
(6) The Final Order and Judgment has become Final as defined in Paragraph w, below.

q.      "Electronic Blank Claim Form" means an electronic claim form that is not pre-filled with the Settlement Class Member's name, claim date of loss, or Claim ID. An Electronic Claim Form may be submitted and signed electronically by a Settlement Class Member.

13

EXHIBIT A

r.      "Electronic Claim Form" means the Court-approved pre-filled electronic (not paper) claim form, without material alteration from Exhibit 5 except those alterations necessary to convert to electronic format with the functionality described in Paragraph 14, that a Settlement Class Member may submit electronically to be considered for payment under the Final Settlement.

s.      "Eligible Class Member" means a Settlement Class Member who timely submits a Claim Form or Electronic Claim Form in accordance with Paragraph 37, and satisfies the eligibility criteria stated in Paragraphs 38 and 39 below.

t.      "Expanded Settlement Class Period" means the period July 31, 2019 through August 1, 2020.

u.      "Expanded Settlement Class Data" means the policy and claims data for all Florida first-party Total Loss claims during the Expanded Settlement Class Period that is the same data and format as produced in discovery for Settlement Class Members who are not Expanded Settlement Class Members.

v.      "Expanded Settlement Class Member" means Florida policyholders who were insured for private-passenger auto physical damage coverage by GEICO who suffered a first-party loss of a leased (i.e., not owned) vehicle during the period July 31, 2019 through August 1, 2020, whose claims were adjusted by a Defendant as a Total Loss claim and resulted in a Total Loss Claim Payment on or before August 1, 2020, that did not include full Sales Tax, Title or Tag Transfer Fees.  All Expanded Settlement Class Members are members of the Settlement Class.

w.      "Final" means that (a) the Final Order and Judgment is a final, appealable judgment and (b) either (i) no appeal has been taken from the Final Order and Judgment as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the Final Order and Judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or reargument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise, and such appeal or other review has been fully and finally resolved in such manner that affirms the Final Order and Judgment.

x.      "Final Approval Hearing" means the hearing before the Court at or after which the Court will make a final decision whether to approve the Proposed Settlement set forth herein as fair, reasonable and adequate.

y.      "Final Order and Judgment" means an order from the Court approving the Settlement Agreement, disposing of all claims asserted in the Action with prejudice, and settling and releasing all claims consistent with the terms of this Agreement.

z.      "Final Settlement" means the settlement approved by the Court in the Final

EXHIBIT A

Order and Judgment as fair, reasonable, and adequate.

aa.    "First Mail Notice" means the Court-approved short form notice (i.e., postcard notice), without material alteration from Exhibit 2, mailed via first-class mail with detachable prepaid postage claim form to potential Settlement Class Members, as provided in Paragraphs 11 and 12.

bb.    "First Mail Notice Date" means the date that the initial mailing of the First Mail Notice to potential Settlement Class Members as set forth in Paragraph 11 is completed.

cc.    "Legally Authorized Representative" means an administrator/administratrix, personal representative, or executor/executrix of a deceased Settlement Class Member's estate; a guardian, conservator, or next friend of an incapacitated Settlement Class Member; or any other legally appointed Person or entity responsible for handling the affairs of a Settlement Class Member. For purposes of completing a claim form, a surviving spouse of a deceased class member will be considered a legally authorized representative for purposes of this agreement if no Estate has been opened, and no other person has legal authority for handling the affairs of the deceased Settlement Class Member.

dd.    "Longform Notice" means Notice without material change from Exhibit 6.

ee.    "Neutral Evaluator" means a neutral third party agreed to by the parties as provided in Paragraph 40 (h), whose duties are limited to those set forth in Paragraph 40 (g).

ff.    "Opt-Out List" means the list of valid and timely requests for exclusion from the Settlement Class compiled by the Settlement Administrator, as set forth in Paragraph 26.

gg.    "Person" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

hh.    "Policyholder" means any Person who was an insured under a GEICO Florida policy.

ii.    "Prior Sales Tax Payment" means the sales tax paid, if any, by GEICO to Settlement Class Members.

jj.    "Proposed Preliminary Approval Order" means the proposed order attached hereto as Exhibit 1.

kk.    "Proposed Settlement" means the settlement described in this Agreement, before final approval by the Court.

ll.    "Release" shall have the meaning given such term in Paragraphs mm, nn, and oo.

EXHIBIT A

mm.  "Released Claims" means and includes any and all known and unknown claims, rights, actions, suits or causes of action of whatever kind or nature, whether *ex contractu* or *ex delicto*, statutory, common law or equitable, including but not limited to breach of contract, bad faith or extracontractual claims, and claims for punitive or exemplary damages, or prejudgment or postjudgment interest, arising from or relating in any way to GEICO's failure to pay sufficient sales tax and/or title transfer fees and/or tag transfer fees and/or branch fees to Plaintiffs and all Settlement Class Members with respect to any Covered Total Loss Claim under an Automobile Insurance Policy. Released Claims do not include any claim for enforcement of the contemplated Settlement Agreement and/or Final Order and Judgment. Released Claims do not include any claims, actions, or causes of action alleging that GEICO failed to properly calculate the value of total loss vehicles except to the extent such claims, actions, or causes of action relate to failure to pay sufficient sales tax and/or title transfer fees and/or tag transfer fees and/or branch fees. Released Claims do not include any claims, actions, cause of actions, or suits for failure to pay dealer fees, document fees, ready-to-go fees, dealer prep fees, or stamp fees by any other term or category except to the extent that they seek recovery for sales tax and/or title transfer fees and/or tag transfer fees and/or branch fees. Released Claims do not include any claims, actions, cause of actions, or suits of any kind or nature relating to non-leased vehicle total losses.

nn.  "Releasing Persons" means: (a) Plaintiffs; and (b) Settlement Class Members who do not otherwise timely opt-out of the Settlement Class (whether or not such members submit claims) and their respective present, former or subsequent assigns, heirs, successors, attorneys, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, agents, employees and anyone working on their behalf.

oo.  "Released Persons" means (a) GEICO; (b) all divisions, parent entities, affiliates, and subsidiaries of GEICO; (c) all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, insurers and reinsurers; and (d) all of the heirs, estates, successors, assigns, and legal representatives of any of the entities or Persons listed in this Paragraph.

pp.  "Sales Tax" means sales tax calculated as 6% (plus applicable local discretionary sales tax) of the adjusted vehicle value as determined by GEICO during the total-loss claims process.

qq.  "Second Mail Notice" means the Court-approved short form notice (i.e., postcard notice), without material alteration from Exhibit 7 mailed via first-class mail with detachable prepaid postage claim form to potential Settlement Class Members, as provided in Paragraphs 13.

rr.  "Second Mail Notice Date" means the date the Second Mail Notice to potential Settlement Class Members as set forth in Paragraph 13 is completed.

ss.  "Service Award" means the potential award to each of the Plaintiffs, if any, as

EXHIBIT A

determined by the Court.

tt.    "Settlement Administrator" means JND Legal Administration.

uu.    "Settlement Class" is defined as

> All Florida policyholders who were insured (1) by GEICO General for private passenger auto physical damage coverage who suffered a first-party loss of a covered leased (i.e., not owned) vehicle at any time from August 30, 2011 through August 1, 2020, whose claims were adjusted by GEICO General as a Total Loss and resulted in payment by GEICO of a covered claim, and who were not paid full Sales Tax and/or full Title and Tag Transfer Fees; and (2) by GEICO Indemnity and Government Employees for private passenger auto physical damage coverage who suffered a first-party loss of a covered leased (i.e., not owned) vehicle at any time from June 15, 2013 through August 1, 2020, whose claims were adjusted by GEICO as a Total Loss and resulted in payment by GEICO of a covered claim, and who were not paid full Sales Tax and/or full Title and Tag Transfer Fees.

> Excluded from the Settlement Class are:

> (1)  GEICO, all present or former officers and/or directors and/or employees of GEICO, the Neutral Evaluator, Class Counsel, and a Judge of this Court;
> (2)  Claims for which GEICO received a valid and executed release;
> (3)  Claims relating to non-leased vehicles;
> (4)  Individuals who requested exclusion from the pre-settlement *Roth* classes that were mailed notice on June 1, 2018 and/or supplemental notice on January 24, 2019; and from the pre-settlement *Joffe* Class that was mailed notice on May 1, 2019;
> (5)  Claims where GEICO paid full Title and Tag Transfer Fees and Sales Tax; and
> (6)  Individual claims for first-party property damage for which the individual process of appraisal or arbitration or litigation has been completed or initiated at the time this Settlement Agreement is filed.

vv.    "Settlement Class Member" means any Person encompassed by the definition of the Settlement Class and not excluded from the class as set forth above.

ww.    "Title and Tag Transfer Fees" means $75.25 for title transfer fees, $4.10 for registration transfer fees, and $0.50 for branch fees.

xx.    "Total Loss" means an insured leased vehicle that sustained damage, was the subject of a covered first-party property damage claim submitted to GEICO, and for which GEICO issued a Total Loss Claim Payment.

yy.    "Total Loss Claim Payment" means a first-party property damage claim payment made by GEICO under Section III of the GEICO's Automobile Insurance Policy for a leased vehicle determined to be a Total Loss.

17

EXHIBIT A

## II.  PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS

1.  Solely for the purpose of implementing this Agreement and effectuating the Proposed Settlement, GEICO stipulates to entry of a Preliminary Approval Order (in the form of the proposed Order attached as Exhibit 1 or including the substance of the proposed Order attached as Exhibit 1), preliminarily certifying the Settlement Class, appointing the Plaintiffs as representatives of the Settlement Class, and appointing the following as Class Counsel for the Settlement Class:

> Edmund Normand
> Jacob Phillips
> **Normand PLLC**
> 3165 McCrory Place, Suite 175
> Orlando, Florida 32803
> Telephone: (407) 603-6031
> Facsimile: (888) 974-2175
> ed@normandpllc.com
> jacob.phillips@normandpllc.com
>
> Christopher J. Lynch
> **Christopher J. Lynch, P.A.**
> 6915 Red Road, Suite 208
> Coral Gables, Florida 33143
> Telephone: (305) 443-6200
> Facsimile: (305) 443-6204
> clynch@hunterlynchlaw.com
>
> Christopher B. Hall
> Andrew Lampros
> **Hall & Lampros, LLP**
> 400 Galleria Parkway, Suite 1150
> Atlanta, Georgia 30339
> Telephone: (404) 876-8100
> Facsimile: (404) 876-3477
> chall@hallandlampros.com
>
> Tracy L. Markham
> **Southern Atlantic Law Group, PLLC**
> 2800 N. 5th Street, Suite 302
> St. Augustine, Florida 32084
> Telephone: (904) 794-7005
> Facsimile: (904) 794-7007
> tlm@southernatlanticlawgroup.com
>
> Bradley W. Pratt

EXHIBIT A

**Pratt Clay, LLC**
4401 Northside Parkway, Suite 520
Atlanta, Georgia 30327
Telephone: (404) 949-8118
Facsimile: (404) 949-8159
bradley@prattclay.com

2.     Solely for the purposes of implementing this Agreement and effectuating the Proposed Settlement, the Parties stipulate that JND Legal Administration shall be the Settlement Administrator.

3.     Promptly after execution of this Agreement, the Plaintiffs shall submit this fully executed Agreement to the Court, and request entry of the Proposed Preliminary Approval Order, without material alteration from Exhibit 1, that specifically:

(a)     preliminarily approves this Agreement;

(b)     finds that the Court possesses jurisdiction over the subject matter of the Action and over all Parties to the Action, including the Named Plaintiffs and all Settlement Class Members;

(c)     preliminarily certifies the Settlement Class, approves the Plaintiffs as class representatives of the Settlement Class, and appoints Class Counsel as counsel for the Settlement Class;

(d)     finds that the Proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing Notice to the Settlement Class;

(e)     finds that the Class Action Fairness Act Notice to be made by the Settlement Administrator on behalf of GEICO as set forth in Paragraph 29 is in full compliance with 28 U.S.C. § 1715(b);

(f)     approves the Notice Plan;

(g)     approves the Claim Form and Electronic Claim Form to be distributed to and/or used by Settlement Class Members, and sets a First Mail Notice Date, Second Mail Notice Date, and a Claims Submission Deadline, which shall be no more than ninety (90) days from the First Mail Notice Date, by which the Claim Forms and Electronic Claim Forms must be submitted in order to be deemed timely;

(h)     approves the settlement website as described in Paragraphs 18-20, which may be amended during the course of the settlement as appropriate and agreed to by the Parties, and which shall be maintained for at least 180 days after the Claims Submission Deadline;

(i)     appoints Settlement Administrator JND Legal Administration as the

19

EXHIBIT A

Settlement Administrator;

(j)    directs the Settlement Administrator to maintain a toll-free IVR telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to punch through to a live operator;

(k)    determines that the Notice provided to potential Settlement Class Members (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to or exclude themselves from the Proposed Settlement; and (iii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice;

(l)    schedules the Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement and whether it should be finally approved by the Court on a date not sooner than 90 days after entry of the Preliminary Approval Order;

(m)    requires the Settlement Administrator to file proof of completion of Notice at least ten (10) days prior to the Fairness Hearing, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit attesting to the accuracy of the Opt-Out List;

(n)    requires each Settlement Class Member who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than forty-five (45) days after the First Mail Notice Date and which complies with the requirements in Paragraph 46;

(o)    orders that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member never received actual notice of the Action or this Proposed Settlement;

(p)    requires each Settlement Class Member who does not submit a timely request for exclusion from their respective Settlement Class and wishes to object to the fairness, reasonableness, or adequacy of this Agreement or any term of the Proposed Settlement or to intervene in the Action, to follow the procedures set forth in Paragraphs 50-55 of this Agreement, including those requirements applicable to any attorney representing the Settlement Class Member;

(q)    directs the Settlement Administrator to rent a post office box to which

EXHIBIT A

requests for exclusion, objections, notices of intention to appear, and any other settlement-related communication may be sent, and provides that only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in this Agreement;

(r)     directs the Settlement Administrator to promptly provide copies of all objections, requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession to Class Counsel and GEICO's counsel;

(s)     stays all proceedings in the Action until further order of the Court, except that the Parties may conduct proceedings necessary to implement the Proposed Settlement or effectuate the terms of this Agreement;

(t)     finds it likely that the Court, upon entering the Final Approval of the Proposed Settlement, will enter an Order vacating and/or setting aside its previous Order granting Summary Judgment (Doc. No. 247), the First and Second Judgments (Doc. Nos. 281, 287), Costs Order, Fee Order and Interest Fee Order in *Roth* (Docs. Nos. 303, 333, 344); and

(u)     implements or orders any other provisions or directives or procedures not contemplated by the Parties, if necessary to comply with governing law and/or binding precedent and if such provisions do not materially alter the substantive terms of this Agreement.

4.     In the event that the Proposed Settlement is not consummated for any reason (including but not limited to reversal on appeal), (a) the Parties and their attorneys shall proceed as though the Agreement had never been entered and the Parties and their Counsel shall not cite nor reference this Agreement (or negotiations relating to this Agreement), (b) nothing in this Agreement and/or the fact that it was entered into and/or negotiations relating to this Agreement shall be offered, received or construed as an admission or as evidence for any purpose in any proceeding, including certification of a class, (c) the Parties agree to jointly file a motion(s) with the Court to vacate all orders entered pursuant to this Agreement, and (d) in this Court and in the Eleventh Circuit to restore each of the Parties respective positions existing immediately before June 8, 2020 (which is the date on which the Parties agreed in principle to the settlement).

## III.    DATA PRODUCTION RELATING TO EXPANDED SETTLEMENT CLASS AND FINAL IDENTIFICATION OF ADDITIONAL SETTLEMENT CLASS MEMBERS

5.     Within 5 days of the Court's entry of a Preliminary Approval Order, GEICO shall produce all Expanded Settlement Class Data to Class Counsel.

6.     Within 5 days of receipt of the Expanded Settlement Class Data, Plaintiffs shall

EXHIBIT A

identify potential Expanded Settlement Class Members and Additional Settlement Class Members, pursuant to the same methods utilized to identify Settlement Class Members who are not Expanded Settlement Class Members.

7.      Within 10 days of GEICO's receipt of Plaintiffs' list of potential Expanded Settlement Class Members and Additional Settlement Class Members, GEICO will identify any objections to Plaintiffs' list of potential Expanded Settlement Class Members and Additional Settlement Class Members. The Parties agree to cooperate to reasonably and promptly resolve any disputes as to the list of Expanded Settlement Class Members and Additional Settlement Class Members.

8.      Within 5 days of agreement between the parties of a list of Expanded Settlement Class Members and Additional Settlement Class Members, GEICO shall produce:

(a)      The same mailing address data that was produced to Plaintiffs for the Settlement Class Members who are not Expanded Settlement Class Members and Additional Settlement Class Members; and

(b)      the email address and corresponding insured name, policy number, and claim number for all Settlement Class Members.

## IV.     CLASS NOTICE

9.      GEICO will pay all costs of effectuating and implementing the Class Notice set forth herein.

10.     No more than thirty (30) days after entry of the Order of Preliminary Approval, the Settlement Administrator shall initiate mailing of the First Mail Notice and Claim Form for each Covered Total Loss Claim (if a Settlement Class Member has more than one claim, the Settlement Class Member will receive a Claim Form for each claim showing the date of loss) by first-class mail to each potential Settlement Class Member. The First Mail Notice includes a Claim Form that will be detachable, return-addressed, and shall be affixed with prepaid postage sufficient to mail back to the Settlement Administrator.

11.     The First Mail Notice shall be in the same form as Exhibit 2. Claim Forms provided with the First Mail Notice will be pre-filled with a unique Claim ID, the Settlement Class Member Name, and the claim Date of Loss as set forth in Exhibit 2. GEICO or Class Counsel will provide data to the Settlement Administrator to be used to enable Claim Forms and Electronic Claim Forms to be pre-filled with the Class Member Name and date of loss.

12.     Prior to First Mail Notice, the Settlement Administrator shall run physical mailing addresses through the National Change of Address Database ("NCOA") for any addresses that GEICO does not have or are incomplete and/or for any addresses to which the Settlement Administrator knows to be invalid based on subsequent notice mailings that took place in this Action.

EXHIBIT A

13.     After the First Mail Notice, the Settlement Administrator shall mail the Second Mail Notice 20 days before the Claims Submission Deadline to all Class Members who, according to the Settlement Administrator's records, have not made a claim, requested to opt out, or made an objection. The Second Mail Notice shall be in substantially the same form as Exhibit No. 7.

14.     For each Settlement Class Member for whom GEICO provides an associated e-mail address, the Settlement Administrator shall send a First E-Mail Notice with a hyperlink to the settlement website, which provides access to a "Make A Claim" button permitting a Class Member to access a pre-filled Electronic Claim Form with their Claim ID. The first E-Mail Notice shall occur on or about thirteen (13) days after the First Mail Notice and shall be in substantially the same form as Exhibit No. 3.

15.     The Settlement Administrator shall send a second E-Mail Notice with a hyperlink to the settlement website, which provides access to a "Make a Claim" button permitting a Class Member to access a pre-filled Electronic Claim Form with their Claim ID. The second E-Mail Notice shall occur on the same day as the Second Mail Notice and shall be in substantially the same form as in Exhibit No. 8.

16.     The Settlement Administrator shall utilize best practices designed to avoid spam filters, blockers, or any tool designed to prevent receipt of e-mails, and to otherwise design and implement the sending of the e-mail to increase the chance that the E-Mail Notice will be successfully received into the inbox of Settlement Class Members. All E-Mail Notices must include the capability to click-through to the settlement website to make a claim.

17.     The parties will request that the websites *Roth*TaxTitleClassAction.com and *Joffe*TotalLossClassAction.com be redirected to a settlement website JoffeRothTotalLossClassAction.com (the "settlement website") and post the Settlement Agreement, Notices, Longform Notice, Claim Form, Electronic Claim Form, Preliminary Approval Order, and frequently asked questions. The settlement website may be amended from time to time as agreed to by the Parties. The settlement website shall also contain Spanish translations of the Mail Notice, Longform Notice, and Claim Form. The Settlement Administrator shall maintain the settlement website for at least 180 days after expiration of the Claims Submission Deadline.

18.     The home page of the settlement website shall reflect the case settlement and shall have a "Make A Claim" button permitting a Class Member to access a pre-filled Electronic Claim Form by providing a Claim ID, with a method to submit the Electronic Claim Form with an electronic signature, and a method to request that another copy of the paper Claim Form be mailed or emailed to the Settlement Class Member.

EXHIBIT A

19. The settlement website shall provide that a Settlement Class Member may submit a Claim Form without a Claim ID by completing an Electronic Blank Claim Form by entering the Settlement Class Member name, policy number or claim number, and address, and by signing and submitting the Electronic Blank Claim Form electronically.

20. If any Notice and/or Claim Form mailed to any potential Settlement Class Member is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will promptly log each Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to GEICO and Class Counsel upon request. If the mailing is returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall forward the mailing to that address. For the remaining returned mailings, the Settlement Administrator will use reasonable efforts, including potentially an Experian search or skip tracing, to attempt to obtain a new address and those mailings shall be forwarded to any new address obtained through such a search. If any Notice is returned as undeliverable a second time, no further mailing shall be required. It is agreed by the Parties that the procedures set forth in the preceding Paragraph and this Paragraph constitute reasonable and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses for Settlement Class Members such that no additional efforts to do so shall be required.

21. The Parties agree that the Longform Notice, without material alteration from Exhibit 6, shall be posted to the settlement website, and will be available upon request to Settlement Class Members.

22. The Notice and Claim Form will also be made available to all potential Settlement Class Members by request to the Settlement Administrator, who shall send via first-class U.S. mail or e-mail any of these documents as requested by any potential Settlement Class Member. If a Claim ID is not available to the Settlement Administrator for the potential Settlement Class Member, the Settlement Administrator shall provide a Blank Claim Form to the requester with instruction that the Blank Claim Form must be mailed to the Settlement Administrator postmarked by the Claims Submission Deadline with the Settlement Class Member name, policy number or claim number, address, and signature.

23. The Settlement Administrator shall maintain a toll-free IVR telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to punch through to a live operator. The recorded answers to frequently asked questions are to be agreed to by the Parties. In the event a Settlement Class Member has a question that is not addressed by the Parties in the frequently asked questions, the Settlement Administrator is to contact counsel for both Parties and a response will be agreed to by the Parties.

24. The Settlement Administrator shall rent a post office box to be used for receiving

EXHIBIT A

requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications. Only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in this Agreement.

## V.   SETTLEMENT ADMINISTRATOR

25.   The Parties agree to the appointment of the Settlement Administrator as Settlement Administrator to perform the services described herein. GEICO shall be solely responsible for the payment of the Settlement Administrator's fees and costs relating to the effectuation of the Class Notice as described herein. Settlement administration fees and costs are separate from, and are not included as, part of the lawsuit expenses and costs that GEICO separately agrees to pay in an amount up to $350,000.00 as set forth in Paragraph 64 below if approved by the Court.

26.   The Settlement Administrator shall assist with the various administrative tasks set forth herein and any others necessary to implement the terms of this Agreement and the Proposed Settlement as preliminarily approved, including (i) mailing and e-mailing or arranging for the mailing and e-mailing, respectively, of the Mail and E-Mail Notice described above and submitting to the Parties and Court an affidavit offering proof thereof; (ii) handling mail returned as not delivered and making additional mailings required under the terms of the Agreement; (iii) responding, as necessary, to inquiries from Settlement Class Members; (iv) providing to the Parties, within five (5) business days of receipt, copies of all objections, motions to intervene, notices of intention to appear, and requests for exclusion from the Settlement Class; (v) preparing a list of all Persons who timely requested exclusion from the Settlement Class and submitting to the Court the Opt-Out List and supporting affidavit ten (10) days before the Fairness Hearing scheduled by the Court; (vi) preparing a list of all Persons who submitted objections to the settlement and submitting an affidavit testifying to the accuracy of that list; (vii) preparing a list of all Persons who make a timely claim; (viii) implementing procedures for processing and handling Claims submissions; and (viv) promptly responding to requests for information and documents from Class Counsel, GEICO, and/or GEICO's Counsel.

27.   As set forth herein, the Settlement Administrator shall set up, coordinate, maintain and/or implement (a) the post office box described in Paragraph 24; (b) the settlement website described in Paragraphs 17-19; and (c) the toll-free IVR number described in Paragraph 23.

## VI.   CLASS ACTION FAIRNESS ACT NOTICE

28.   Pursuant to 28 U.S.C. § 1715(b), within 10 days after this Agreement is filed with the Court, the Settlement Administrator, on behalf of GEICO, will give notice to the Attorney General of the United States, Federal Reserve Board, the Chief Financial Officer of the State of Florida, the Florida Insurance Commissioner,

EXHIBIT A

and the primary insurance regulatory or supervisory official of each state and
territory of the United States, serving on them the documents described in 28
U.S.C. § 1715(b)(1) through (8), as applicable.

## VII.   CLAIMS PAYMENTS

29.   To be eligible for a Claim Payment under this settlement, a Settlement Class
Member or his or her Legally Authorized Representative must timely submit a
valid Claim Form or Electronic Claim Form and must not have submitted a
request for exclusion. GEICO shall not be obligated to make any Claim
Payments until after the Effective Date.

30.   Eligible Class Members are Settlement Class Members that submit timely and valid
claims relating to a Covered Total Loss Claim that are not excluded from the
Settlement Class and that were not paid the full amount of Sales Tax and/or Title
and Tag Transfer Fees.

Each Eligible Class Member will receive a payment from GEICO calculated by:
(1) determining the Sales Tax for the vehicle that was the subject of the Covered
Total Loss Claim; subtracting (2) any Prior Sales Tax Payment made by GEICO
on the claim; and (3) adding an additional $79.85 (minus any Title and Tag
Transfer Fees paid relating to the Covered Total Loss Claim), plus prejudgment
interest. For example, if the Sales Tax was $ 1400.00 and a prior payment included
$ 100.00 for sales tax, the Eligible Class Member will receive a payment of
$ 1379.85, calculated as follows:

Sales Tax = $ 1,400.00

Amount of Prior Sales Tax Payment = $ 100.00

$ 1400.00 - $ 100.00 = $ 1,300.00

$ 1,300.00 + 79.85 = $ 1,379.85

In addition, the eligible class member will receive prejudgment interest on that
amount.

31.   Prejudgment interest will be calculated by the applicable rate set by the State of
Florida from the salvage close date or, if there is no salvage close date, 30 days
after the date of loss associated with the claim, including any changes in the rate
during the time period since that date until 60 days after the date the Order of
Preliminary Approval is entered.

32.   The Settlement Administrator shall establish procedures for receiving and
processing Claim Forms and Electronic Claim Forms.

33.   The Claim Payment described herein is the only payment to which Settlement

EXHIBIT A

Class Members, other than Plaintiffs, are entitled under this Agreement. The payments are deemed to be inclusive of any claims for any potentially applicable penalties and/or interest and/or fees. The payments shall be in full and final disposition of the Action, and in consideration for the release of any and all Released Claims as against any and all Released Persons.

## VIII.   CLAIM SUBMISSIONS

34.    The Claim Form shall be without material alteration from Exhibit 4, and the Electronic Claim Form shall be without material alteration from Exhibit 5 except for changes necessary for conversion to electronic format.

35.    Each Settlement Class Member will be provided an opportunity to submit, at his or her option, either a Claim Form or an Electronic Claim Form requesting a payment calculated in accordance with Paragraphs 30 and 31.

36.    A Claim Form submitted for a Settlement Class Member who has more than one claim shall constitute a Claim Form for all covered claims of the Settlement Class Member.

37.    To be considered for payment, a Claim Form must be postmarked no later than the Claims Submission Deadline or must be submitted electronically no later than the Claims Submission Deadline, at which point the Settlement Administrator shall deactivate the Electronic Claim Form.

38.    If not pre-populated as set forth above, a Settlement Class Member must include in a Blank Claim Form (i) the name and current address of the Settlement Class Member and (ii) the claim number associated with the Covered Total Loss Claim or the Settlement Class Member's policy number at the time of the Covered Total Loss Claim.

39.    The Claim Form, Blank Claim Form and Electronic Claim Form must contain a signature, or in the case of an Electronic Claim Form, an electronic signature, certifying the claim.

## IX.    CLAIMS ADMINISTRATION

40.    Claim Forms that are timely mailed to the correct address shall be processed as follows:

(a)    If a Claim Form is unsigned, illegible, or does not include the Claim Number or policy number involved in the claim, the Settlement Administrator shall send the claimant a letter, after consultation with GEICO and Class Counsel, informing him or her of the defect and providing the claimant with thirty (30) days in which to cure the defect. If the claimant does not subsequently provide a Claim Form curing the defect and postmarked within thirty (30) days of the date of the

EXHIBIT A

Settlement Administrator's letter, that Claim Form shall be deemed defective and not eligible for payment, and the claimant shall not have an additional opportunity to cure the defect.

(b)    Within sixty (60) days after the later of the Claims Submission Deadline or the Final Order and Judgment, GEICO shall:

    (1)  inform Class Counsel and the Settlement Administrator of any claims (other than claims determined by the Settlement Administrator to be untimely) it believes are invalid, including, but not limited to, claims it believes involve non-leased vehicles, and, as to each such claim, include the Settlement Class Member name, claim number, and a brief description as to why GEICO believes the claim to be invalid; and

    (2)  For those claims that GEICO does not challenge as invalid, GEICO shall provide the Settlement Administrator and Class Counsel the amount of payment, including interest, for each claim. Class Counsel will have ten (10) days from the provision of the Claim Payment amount to dispute the amount of Claim Payment. GEICO and Class Counsel shall cooperate to resolve any dispute as to Claim Payment within ten (10) days.

(c)    Within the later of one hundred (100) days after the Claims Submission Deadline or thirty (30) days after the Effective Date, GEICO shall make Claim Payments by mailing a check for the full amount of Claim Payment or, if authorized to do so, make an electronic transfer of funds for the full amount of Claim Payment to all Settlement Class Members whose submitted claims were not challenged as invalid, and for which Class Counsel did not dispute the amount of Claim Payment. The check shall be valid for 180 days after the date of the check. The Claim Payment envelope and check shall be of the same form that GEICO uses in the normal course of its business to mail checks on first-party claims.

(d)    If any Claim Payment mailed to any potential Settlement Class Member is returned to GEICO as undeliverable, GEICO will promptly log each Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to the Settlement Administrator. The Settlement Administrator will run the address through the NCOA and provide GEICO with any updated address. If there is an updated address, GEICO shall resend the Claim Payment to that address. If the Claim Payment mailing is returned to GEICO with a forwarding address, GEICO shall forward the Claim Payment mailing to that address.

(e)    Within thirty (30) days after resolution of Class Counsel's disputes of the amount of Claim Payments as provided in Paragraph 40(b)(2), GEICO shall make the Claim Payment as identified in the previous three

EXHIBIT A

subparagraphs for the resolved full amount of Claim Payment to all Settlement Class Members on whose claims Class Counsel disputed the amount of Claim Payment.

(f)     Within thirty (30) days of receiving GEICO's determinations in Paragraph 40(b)(1), the Settlement Administrator shall mail an Explanation Letter to all Settlement Class Members who submitted claims challenged by GEICO as invalid an explanation of why GEICO deemed the claim to be invalid. The explanation will include the process by which the defect may be cured and inform the Settlement Class Member that it may re-submit a Claim Form to correct the deficiency, or, if GEICO determined in its opinion that the defect is not curable, will inform the Settlement Class Member that they may contest the determination by mailing a written explanation as to why GEICO's determination was incorrect.   The mailing contesting GEICO's determination must be postmarked no later than thirty (30) days after the Explanation Letter to be deemed timely.

(g)     Within thirty (30) days of receiving any re-submissions or contestations from Settlement Class Members as set forth in Subparagraph (f), the claim will be submitted to a Neutral Evaluator agreed to by the Parties. The decision by the Neutral Evaluator shall be binding on GEICO and any Settlement Class Member. The Neutral Evaluator shall provide an explanation of any decision to GEICO and Class Counsel. Within ten (10) days of the Neutral Evaluator's determination, GEICO will mail a payment to any Settlement Class Members determined by the Neutral Evaluator to have submitted or re-submitted a valid claim, and the Settlement Administrator shall mail an explanation to any Settlement Class Member the Neutral Evaluator determined submitted an invalid claim.

(h)     The Neutral Evaluator shall be a licensed attorney in the State of Florida. All costs for the expense of the Neutral Evaluator shall be borne exclusively by GEICO.  If the Parties cannot agree upon the Neutral Evaluator, such person shall be appointed by the Court.

(i)     Claim Forms that are not timely postmarked or submitted electronically, as determined by the Settlement Administrator, will not be considered for payment.

## X.     ATTORNEYS' FEES AND COSTS AWARD AND SERVICE AWARDS

41.     Class Counsel's entitlement, if any, to an Attorneys' Fee Award and the Plaintiffs' entitlement, if any, to a Service Award, will be determined by the Court. The terms of any such awards, fees, costs, or expenses were not negotiated until after all material elements of the Proposed Settlement were resolved and the terms of this Proposed Settlement are not conditioned upon any maximum or minimum

EXHIBIT A

Attorneys' Fee Award or Service Award, except as explicitly stated herein.

42.     Class Counsel will file a motion with the Court prior to the Fairness Hearing requesting an award of attorneys' fees payable to Class Counsel in a total amount that shall not exceed $ 8,700,000.00 ("Maximum Attorneys' Fees Award") and costs and expenses not to exceed $ 350,000.00 (the "Maximum Costs Award"), and incentive award to each of the Named Plaintiffs not to exceed $ 10,000.00 ("Maximum Service Award"). Payment of any attorneys' fees and costs award and/or service awards, and of the costs of the administration of this settlement (which includes any costs of the Neutral Evaluator), are separate from and in addition to the payments available to Settlement Class Members. The amount owed and/or paid to Settlement Class Members will not be adjusted or reduced at all as a result of any payments made for attorneys' fees, costs, Service Awards, or the costs of administration and notice.  The lawsuit costs and expenses not to exceed $350,000.00 are separate from and in addition to the settlement administration costs and expenses that GEICO shall pay pursuant to Paragraph 64.

43.     GEICO will not oppose or object to a motion requesting an award of attorneys' fees, costs, and expenses to be paid to Class Counsel in an amount not exceeding the Maximum Attorneys' Fees Award and Maximum Costs Award. GEICO will not oppose or object to a motion requesting Service Awards to the Plaintiffs in an amount not exceeding the Maximum Service Award. GEICO agrees to pay the Attorneys' Fee Award and Service Award or any lesser amount the Court may award. Plaintiffs and Class Counsel will not seek to enforce or recover any Attorneys' Fee Award and/or Costs Award in excess of the Maximum Attorneys' Fee Award and/or Maximum Costs Award, or any Service Award in excess of the Maximum Service Award.

44.     Any Attorneys' Fees Award and Service Award made by the Court must be paid by GEICO to Class Counsel (on the terms set forth above) no later than fourteen (14) days after the later of the Effective Date or, if issued in a separate order, a final Order approving or awarding the Attorneys' Fee Award and Service Award meaning the Order is a final, appealable judgment and either (i) no appeal has been taken as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the Order having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or reargument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise, and such appeal or other review has been fully and finally resolved in such manner that affirms the Order.

## XI.    FINAL APPROVAL OF THE PROPOSED SETTLEMENT

45.     Ten (10) days prior to the Fairness Hearing, Class Counsel will file a motion seeking the Court's final approval of the Proposed Settlement at the Fairness Hearing to be held at a time, date, and location as set by the Court and that will be

EXHIBIT A

stated in the Notice. The Motion shall request, at minimum, the Court to enter a
Final Order and Judgment that:

(a)     certifies the Settlement Class for settlement purposes only;

(b)     finds the Court has personal jurisdiction over all Settlement Class
        Members and subject matter jurisdiction to approve this Agreement and
        all Exhibits thereto;

(c)     gives final approval to the Proposed Settlement and directs the Parties
        and counsel to comply with and consummate the terms of the
        Agreement;

(d)     finds that Class Counsel and the Plaintiffs adequately represented the
        Settlement Class;

(e)     finds that the terms of this Agreement are fair, reasonable, and adequate
        to the Settlement Class Members;

(f)     finds that the Notice set forth in this Agreement (i) constituted the best
        practicable notice under the circumstances; (ii) was reasonably calculated
        to apprise potential Settlement Class Members of the pendency of the
        Action, their right to object to or exclude themselves from the Proposed
        Settlement, and to appear at the Fairness Hearing; and (iii) constituted
        due, adequate, and sufficient process and notice to all Persons entitled to
        receive notice;

(g)     finds that the Class Action Fairness Act Notice provided by the
        Settlement Administrator on behalf of GEICO complied with 28 U.S.C.
        § 1715(b);

(h)     finds that the Opt-Out List is a complete list of all Settlement Class
        Members who have timely requested exclusion from the Settlement Class
        and, accordingly, neither share in nor are bound by the Final Order and
        Judgment;

(i)     provides that the Plaintiffs, all Settlement Class Members who have not
        been excluded from the Settlement Class as provided in the Opt- Out List,
        and their heirs, estates, trustees, executors, administrators, principals,
        beneficiaries, representatives, attorneys, agents, assigns, and successors,
        and/or anyone claiming through them or acting or purporting to act for
        them or on their behalf, regardless of whether they have submitted a
        Claim Form or Electronic Claim Form, and regardless of whether they
        have received actual notice of the Proposed Settlement, have conclusively
        compromised, settled, discharged, and released all Released Claims
        against Defendants and the Released Persons, and are bound by the
        provisions of this Agreement;

31

EXHIBIT A

(j)     dismisses all claims in the Action on the merits and with prejudice, and without fees or costs except as provided herein, and entering final judgment thereon;

(k)     determines the amount of the Attorneys' Fees Award to Class Counsel, and the Service Award to the Plaintiffs; and

(l)     appoints JND Legal Administration as the Settlement Administrator.

## XII.     REQUESTS FOR EXCLUSION AND OBJECTIONS

46.     Settlement Class Members who wish to exclude themselves from the Settlement Class must submit timely and written requests for exclusion. To be effective, such a request must include the Settlement Class Member's name and address, an unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class, and the signature of the Settlement Class Member or the Legally Authorized Representative of the Settlement Class Member. The request must be mailed to the Settlement Administrator at the address provided in the Notice postmarked no later than forty-five (45) days after the First Mail Notice Date. Requests for exclusion must be exercised individually by the Settlement Class Member and is only effective as to the individual Settlement Class Member requesting exclusion.

47.     The Plaintiffs shall not elect or seek to opt out or exclude themselves from the Settlement Class, and any such attempt will be deemed a breach of this Agreement and sufficient to permit GEICO to terminate the Agreement.

48.     The Settlement Administrator shall promptly log and prepare a list of all Persons who properly requested exclusion from the Settlement Class and shall submit an affidavit to the Court which includes and attests to the accuracy of the Opt-Out List no later than ten (10) days prior to the Fairness Hearing set by the Court.

49.     All Settlement Class Members who do not timely and properly exclude themselves from the Settlement Class shall be bound by this Agreement, and this action shall be dismissed with prejudice and all of the Settlement Class Members Released Claims shall be released as provided for herein.

50.     Settlement Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Settlement Class Members who choose to object to the Proposed Settlement must file written notices of intent to object. Any Settlement Class Member who timely files an objection in compliance with this paragraph may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent and only if permitted by the Court.

51.     To be timely, the objection or motion to intervene must be postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than

EXHIBIT A

forty-five (45) days after the First Mail Notice Date.

52.     The right to object to the Proposed Settlement or to intervene in the Action must be exercised individually by a Settlement Class Member or his or her attorney or a Settlement Class Member's Legally Authorized Representative, and not as a member of a group, class, or subclass.

53.     To be effective, a notice of intent to object to the Proposed Settlement must:

    (a)     Include the name of the case and case number;

    (b)     Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

    (c)     Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

    (d)     Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if any, and any such attorney must comply with all applicable rules of the Court; and

    (e)     State whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either in person or through counsel.

54.     In addition, a notice of intent to object must contain the following information, if the Settlement Class Member or his or her attorney requests permission to speak at the Fairness Hearing:

    (a)     A detailed statement of the legal and factual basis for each objection;

    (b)     A list of any and all witnesses the Settlement Class Member may seek to call at the Fairness Hearing (subject to applicable rules of procedure and evidence and at the discretion of the Court), with the address of each witness and a summary of his or her proposed testimony;

    (c)     A list of any legal authority the Settlement Class Member will present at the Fairness Hearing; and

    (d)     Documentary proof of membership in the Settlement Class.

55.     Any Settlement Class Member who does not file a timely notice of intent to object waives the right to object or to be heard at the Fairness Hearing and be barred from making any objection to the Proposed Settlement. Settlement Class Members have the right to exclude themselves from the Proposed Settlement and pursue a separate and independent remedy against GEICO by complying with the exclusion provisions set forth herein. Settlement Class Members who object to the Proposed Settlement shall remain Settlement Class Members and waive

EXHIBIT A

their right to pursue an independent remedy against Defendants and Released Persons. To the extent any Settlement Class Member objects to the Proposed Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Order and Judgment of the Court. Settlement Class Members can avoid being bound by any judgment of the Court by complying with the exclusion provisions set forth herein.

56. The Settlement Administrator shall provide GEICO and Class Counsel a copy of each notice of intent to object received by the Settlement Administrator.

## XIII. DENIAL OF LIABILITY

57. GEICO maintains it acted in accordance with the governing laws and regulations of the State of Florida and abided by the terms of the applicable insurance policies. GEICO nonetheless has concluded that it is in its best interests that the Action be settled on the terms and conditions set forth in this Agreement. GEICO reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of a final resolution of the Action, and the expense that would be necessary to defend the Action through judgment, appeal, and any subsequent proceedings that may occur.

58. GEICO believes that it stands a reasonable chance of success in the pending *Roth* appeal, *Joffe* summary judgment, and any subsequent appeal as to the merits and as to class certification. GEICO maintains that its defenses to judgment and to class certification are meritorious. Because of the costs, resources, and time that would be incurred, GEICO asserts that it would not have settled the Action except on a claims-made basis.

59. As a result of the foregoing, GEICO enters into this Agreement without admitting, conceding, or acknowledging any fault, liability, or wrongdoing of any kind or that certification is appropriate. This Agreement shall not be construed as an admission or concession of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind. The terms of this Agreement, including the claims-made nature of the Agreement, are material to GEICO's decision to settle the Action notwithstanding its belief that its defenses are meritorious and its chances of success on appeal are significant.

## XIV. DISMISSAL OF ACTION AND RELEASE OF CLAIMS

60. Upon the Effective Date, the Plaintiffs, all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, attorneys, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form or Electronic Claim Form, will be bound by the Final Order and Judgment and conclusively deemed to have fully released, acquitted, and forever discharged all Released Persons from all Released

EXHIBIT A

Claims.

61.     Upon entry of the Final Order and Judgment, the Action will be dismissed with prejudice as to GEICO, the Plaintiffs, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, and will release all Released Persons from Released Claims.  It is the intent of the Parties to this Settlement Agreement that dismissal of the claims with prejudice and release of the claims shall have the *res judicata* effect of dismissal and release of only those claims expressly identified herein as Released Claims.  It is the intent of the parties that this Settlement Agreement and the Action's dismissal will not operate as a bar to any Class Member from pursuing any claim that is not a Released Claim.

## XV.     CONSOLIDATION OF CASES, REMAND, AND VACATUR

62.     At the time of the filing of a Motion for Preliminary Approval of Settlement the Parties will jointly file an agreed motion requesting that the Court consolidate the *Roth* matter and the *Joffe* matter for purposes of effectuating the settlement preliminary approval, notice, and final approval and judgment.  Within one business day of the filing of the Motion for Preliminary Approval, the parties will jointly file an agreed motion requesting that the Court, upon entering the Final Approval of the Proposed Settlement, enter an Order vacating and/or setting aside its previous Order granting Summary Judgment (Doc. No. 247), the First and Second Judgments (Doc. Nos. 281, 287), Costs Order, Fee Order and Interest Fee Order in *Roth* (Docs. Nos. 303, 333, 344).  In the event the Court does not grant Final Approval of the Proposed Settlement, the Parties agree to jointly move to withdraw the request to vacate or set aside.

## XVI.    RETENTION OF RECORDS

63.     The Settlement Administrator, Class Counsel, and GEICO shall retain copies or images of all returned Notices, Claim Forms, Electronic Claim Forms (and/or data resulting therefrom) and correspondence relating thereto, for a period of up to two (2) years after the Effective Date. After this time, Class Counsel shall destroy any documentary records in their possession.

## XVII.   MISCELLANEOUS PROVISIONS

64.     GEICO will pay all costs incurred by the Settlement Administrator to implement and effectuate this Settlement, including, but not limited to, administrative costs, notice costs, claims handling cost, postage, settlement website maintenance, costs to email, and all other costs necessary to comport with this Agreement. These costs are separate from, and not included within, the lawsuits costs and expenses GEICO has agreed to pay, if Ordered by the Court, as part of Plaintiffs' Attorneys' Fee Award.

65.     As of August 1, 2020, GEICO agrees to include sales tax calculated as 6% (plus

EXHIBIT A

applicable local surtax) of the adjusted vehicle value (irrespective of sales tax paid, if any, during the lease and irrespective of sales tax paid, if any, to replace the vehicle), title transfer fees of (at minimum) $75.25, and tag transfer and branch fees of $4.60, in Total Loss Claim Payment(s) relating to leased vehicles under Florida private passenger auto insurance policies, unless and until: (1) GEICO implements a change in their Florida private passenger auto insurance policies to exclude from actual cash value or otherwise sales tax and/or title and tag transfer fees and/or branch fees; (2) a Florida District Court of Appeal, the Florida Supreme Court, or the U.S. Court of Appeals for the Eleventh Circuit issues a decision after the execution of this Agreement on a contested issue holding that such sales tax and/or fees for leased vehicles are not covered by Policies utilizing language substantially similar to GEICO's Policy language; or (3) Florida Statutes are amended to clarify that sales tax and/or title and tag transfer fees and/or branch fees are not owed to total-loss insureds. No change in policy language, ruling from any Court identified in this paragraph, nor amendment to Florida statutes shall abrogate the duties of GEICO to pay the amounts due under this Settlement Agreement, and otherwise comply with the Settlement Agreement with the sole exception being the payment of future claims as set forth in this paragraph. At GEICO's sole discretion, GEICO may delay thirty (30) days after August 1, 2020 to implement such change. In the event of a thirty day delay, GEICO shall pay all sales tax, title transfer fees, and tag transfer fees on any and all first-party leased vehicle total loss claims that were adjusted or paid without including payment of sales tax, title transfer fees, and tag transfer fees.

66. Each Party to this Agreement warrants that he, she, or it is fully authorized to enter into this Agreement, and is acting upon his, her, or its independent judgment and upon the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

67. The Parties and undersigned counsel agree to undertake best efforts to effectuate this Agreement and the terms of the Proposed Settlement, including taking all steps and efforts contemplated by this Agreement, and any other reasonable steps and efforts which may become necessary by order of the Court or otherwise.

68. The headings and captions contained in this Agreement are for reference purposes only and in no way define, extend, limit, describe, or affect the scope, intent, meaning, or interpretation of this Agreement.

69. Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days. In the event any date or deadline set forth in this Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

70. Except as otherwise provided in a written amendment executed by the Parties or

EXHIBIT A

their counsel, this Agreement contains the entire agreement of the Parties hereto and supersedes any prior agreements or understandings between them. The Parties further agree that this Agreement contains the entire understanding between the parties with respect to the transaction contemplated herein, that there is no representation, agreement or obligation regarding the settlement which is not expressly set forth in this Agreement, and that no representation, inducement, promise, or agreement not expressly set forth in the text of this Agreement shall be of any force or effect. All terms of this Agreement shall be construed as if drafted by all Parties hereto. The terms of this Agreement are and shall be binding upon each of the Parties and their agents, attorneys, employees, successors, and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the parties hereto, including any Settlement Class Member.

71. This Agreement shall be subject to, governed by, construed, and enforced pursuant to the laws of the State of Florida, without regard to principles of conflicts of law.

72. The exhibits to this Agreement are integral parts of the settlement and are hereby incorporated and made parts of this Agreement.

73. To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of this Agreement.

74. This Agreement shall be deemed to have been executed upon the last date of execution by all the undersigned Parties and/or counsel.

75. Class Counsel agree that representations, encouragements, solicitations or other assistance to any Person seeking exclusion from the Settlement Class or any other Person seeking to litigate with Released Persons over any of the Released Claims in this matter could place Class Counsel in a conflict of interest with the Settlement Class. Accordingly, Class Counsel and their respective firms agree not to represent, encourage, solicit, or assist any Person in requesting exclusion from the Settlement Class. Nothing in this paragraph shall preclude or prevent Class Counsel from answering inquiries from any potential Settlement Class Member. Class counsel agrees to utilize the recorded answers to frequently asked questions as agreed to by the Parties to respond to inquiries from potential Settlement Class Members. In the event a potential Settlement Class Member has a question that is not addressed by the Parties in the frequently asked questions, Class Counsel will contact GEICO's counsel and a response will be agreed to by the Parties.

76. The confidentiality of all Confidential Information shall be protected from disclosure by Class Counsel and the Plaintiffs to any Persons other than the Settlement Administrator, the Neutral Evaluator and any Person the Court orders be allowed to access Confidential Information.

EXHIBIT A

77.   The Parties agree that Class Counsel or anyone associated with Class Counsel's firms shall not use of any of the Confidential Information in any other litigation, whether pending or future, unless independently obtained through discovery or other procedures in that litigation.

78.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied herein.

79.   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

80.   The Parties may terminate this Agreement within twenty (20) days after notice of an occurrence as set forth below, by providing written notice of termination where (a) the Court or any appellate court(s) rejects, modifies or denies approval of any material portion of this Settlement except that rejection, modification or disapproval of the Attorneys' Fee Award and/or Costs Award and/or Service Award does not allow Plaintiffs the right to terminate this Agreement, (b) any financial obligation is imposed on GEICO in addition to and/or greater than those accepted by GEICO in this Agreement or (c) if the Court allows a certified class of Persons who are members of the Settlement Class to opt out of the Proposed Settlement.

81.   This Agreement may be amended or modified only by a written instrument signed by all Parties.  Amendments and modifications may be made without additional notice to the potential Settlement Class Members unless such notice is required by the Court.  The terms of this Agreement, including the claims-made structure, are material terms. GEICO represents that settlement is contingent on the claims—made structure as set forth herein.

EXHIBIT A

Signed on July 17, 2020, by counsel of record for all parties, with express permission.

s/Jacob Phillips
Edmund A. Normand
Jacob L. Phillips
**Normand Law PLLC**
P.O. Box 140036
Orlando, FL 32814
Telephone: (407) 603-6031
Facsimile: (509) 267-6468
ed@normandpllc.com
jacob.phillips@normandpllc.com

Christopher J. Lynch
**Christopher J. Lynch, P.A.**
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
clynch@hunterlynchlaw.com

Tracy L. Markham
**Southern Atlantic Law Group, PLLC**
2800 N. 5th Street, Suite 302
St. Augustine, FL 32084
Telephone: (904) 794-7005
Facsimile: (904) 794-7007
tlm@southernatlanticlawgroup.com
pleadingsonly@southernatlanticlaw.com

Andrew Lampros
Christopher B. Hall
**Hall & Lampros, LLP**
400 Galleria Parkway, Suite 1150
Atlanta, GA 30339
Telephone: (404) 876-8100
Facsimile: (404) 876-3477
alampros@hallandlampros.com
chall@hallandlampros.com

Bradley W. Pratt
**Pratt Clay, LLC**
4401 Northside Parkway, Suite 520
Atlanta, GA 30327
Telephone: (404) 949-8118
Facsimile: (404) 949-8159
bradley@prattclay.com
*Attorney for Plaintiffs*

s/Kymberly Kochis
Kymberly Kochis (*pro hac vice*)
Alexander P. Fuchs (*pro hac vice*)
**Eversheds Sutherland (US) LLP**
1114 Avenue of Americas, 40th Floor
New York, New York 10036
Telephone: (212) 389-5068
Facsimile: (212) 389-5099
kymkochis@eversheds-sutherland.com
alexfuchs@eversheds-sutherland.com

*Attorneys for Defendants*
*GOVERNMENT EMPLOYEES*
*INSURANCE COMPANY, GEICO*
*GENERAL INSURANCE COMPANY,*
*and GEICO INDEMNITY COMPANY*

EXHIBIT A

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

KERRY ROTH, on behalf of herself and
all others similarly situated,

                              CASE NO. 16-cv-62942WPD

       Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

       Defendant.

_____/

MARIANNE JOFFE, DEBBE SCHERTZER,
and STEPHANIE RODRIGUEZ, individually      CASE NO. 18-cv-61361-WPD
and on behalf of all others similarly situated,

               Plaintiffs,

v.

GEICO INDEMNITY COMPANY,
GOVERNMENT EMPLOYEES
INSURANCE COMPANY and GEICO
GENERAL INSURANCE COMPANY,

               Defendants.
_____

## PROPOSED ORDER PRELIMINARILY APPROVING
## CLASS ACTION SETTLEMENT

WHEREAS Plaintiffs Kerry Roth, Marianne Joffe, Debbe Schertzer, and Stephanie

Rodriguez (the "Named Plaintiffs"), individually and as Class Representatives on behalf of a

proposed Settlement Class (collectively, "Plaintiffs"), and Defendants Government Employees

Insurance Company, GEICO General Insurance Company, and GEICO Indemnity Company

EXHIBIT 1

(collectively, "GEICO"), acting by and through their respective counsel, have agreed, subject to Court approval, to settle this Action upon the terms and conditions stated in the Class Action Settlement Agreement filed with the Court on July 17, 2020 (the "Agreement");

NOW, THEREFORE, based upon the Agreement, all of the files, records, and proceedings herein, statements of counsel, and it appearing to the Court that a hearing should be held to determine whether the Proposed Settlement described in the Agreement should be finally approved as fair, reasonable, and adequate;

IT IS HEREBY ORDERED THAT:

1. The Agreement (including Exhibits) is hereby incorporated by reference in this Order, and all terms defined in the Agreement will have the same meanings in this Order.

2. This Court possesses jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiffs and all Settlement Class Members.

3. The Court finds that the negotiations leading to the Agreement occurred at arm's length, there was sufficient discovery in this case prior to settlement, and the proponents of the settlement are experienced in similar litigation. The Court preliminarily approves the Agreement (including Exhibits), finding that the Proposed Settlement is fair, reasonable, and adequate to warrant providing notice to the Settlement Class because, upon preliminary review and as required by Fed. R. Civ. P. 23(e)(1)(B), there is sufficient information provided to determine that the Court will likely be able to approve the proposal.  Such finding is not to be deemed an admission of liability or fault by GEICO or a finding of the validity of any claims asserted in the

EXHIBIT 1

Action or of any wrongdoing by GEICO.  Neither the Agreement, nor any of its terms

or provisions, nor any of the negotiations or proceedings connected with it, shall be

construed as an admission or concession by the Released Persons of the truth of any of

the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind

whatsoever on the part of the Released Persons.

4.   This Court previously certified a class in each of the consolidated actions.  *See Roth*

Doc. 165; *Joffe* Doc. 52.  The Parties propose a Settlement Class defined, with some

immaterial alterations, essentially the same as the Classes previously certified by this

Court, except that the Settlement Class includes certain additional insureds who

suffered a total loss to their insured leased vehicle after the date of this Court's Orders

Granting Class Certification and through August 1, 2020.  For purposes of determining

whether the terms of the Proposed Settlement should be finally approved as fair,

reasonable and adequate, the following Settlement Class is preliminarily certified for

settlement purposes only (and GEICO retains all rights to assert, if this settlement is

not consummated, that this Court's previous Class Certification Orders were

incorrectly decided):

> All Florida policyholders who were insured (1) by GEICO
> General for private passenger auto physical damage coverage
> who suffered a first-party loss of a covered leased (i.e., not
> owned) vehicle at any time from August 30, 2011 through
> August 1, 2020, whose claims were adjusted by GEICO General
> as a Total Loss and resulted in payment by GEICO of a covered
> claim, and who were not paid full Sales Tax and/or full Title and
> Tag Transfer Fees; and (2) by GEICO Indemnity and
> Government Employees for private passenger auto physical
> damage coverage who suffered a first-party loss of a covered
> leased (i.e., not owned) vehicle at any time from June 15, 2013

EXHIBIT 1

through August 1, 2020, whose claims were adjusted by GEICO
as a Total Loss and resulted in payment by GEICO of a covered
claim, and who were not paid full Sales Tax and/or full Title and
Tag Transfer Fees.

5.  Those excluded from the class are set forth in paragraph I. uu. in the Agreement.

6.  Kerry Roth, Marianne Joffe, Debbe Schertzer, and Stephanie Rodriguez are
    preliminarily appointed representatives of the Settlement Class ("Class
    Representatives"), and the following attorneys are preliminarily appointed as counsel
    for the Settlement Class ("Class Counsel"):

Edmund Normand, Esq.
Normand PLLC
3165 McCrory Place, Suite 175
Orlando, FL 32803
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
Ed@ednormand.com

Jacob Phillips, Esq.
Normand PLLC
3165 McCrory Place, Suite 175
Orlando, FL, 32803
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
Jacob.phillips@normandpllc.com

Christopher J. Lynch
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
clynch@hunterlynchlaw.com

Christopher B. Hall
Hall & Lampros, LLP
400 Galleria Parkway, Suite 1150
Atlanta, Georgia 30339

EXHIBIT 1

Phone:  (404) 876-8100
Facsimile:  (404) 876-3477
chall@hallandlampros.com

Andrew Lampros
Hall & Lampros, LLP
400 Galleria Parkway, Suite 1150
Atlanta, Georgia 30339
Phone:  (404) 876-8100
Facsimile:  (404) 876-3477
alampros@hallandlampros.com

Tracy L. Markham
Southern Atlantic Law Group, PLLC
2800 N. 5th Street, Suite 302
St. Augustine, Florida 32084
Phone:  (904) 794-7005
Facsimile: (904) 794-7007
tlm@southernatlanticlawgroup.com

Bradley W. Pratt
Pratt Clay, LLC
4401 Northside Parkway, Suite 520
Atlanta, Georgia 30327
Telephone:  (404) 949-8118
Facsimile:  (404) 949-8159
bradley@prattclay.com

7.   Courts should make a preliminary inquiry into the Rule 23 requirements prior to preliminarily approving a proposed Settlement Class.  *See, e.g.*, *Legg v. E-Z Rent a Car, Inc.*, 2015 U.S. Dist. LEXIS 178022, at *3-4 (M.D. Fla. May 28, 2015).  The Court briefly addresses each factor and, for purposes of settlement, finds that the Proposed Settlement Class is suitable for class treatment. However, "in amending Rule 23 in 2018, the Advisory Committee made clear that if 'the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding

EXHIBIT 1

which certification was granted.'" *Cook v. Gov't Emples. Ins. Co.*, 2020 U.S. Dist. LEXIS 111956, at *9 (M.D. Fla. Jun. 22, 2020) (citing Fed. R. Civ. P. 23(e)(1)(B) Committee Notes on Amendment – 2018).

8.  Because the Settlement Class is materially identical to the Classes previously certified by this Court except that it expands the Class period up to August 1, 2020, the Settlement Class is certifiable for the same factual and legal reasons set forth in this Court's previous orders certifying the Classes. *See Roth* Doc. 165; *Joffe* Doc. 52.

9.  Specifically, for purposes of Settlement, the Named Plaintiffs possess Article III standing and, because the class definition is clear, based on objective criteria, and is not overbroad, and because the Parties agree to identify Settlement Class members based on objective criteria, the proposed Settlement Class is adequately defined and ascertainable. *See Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003) (class definition should not be overly broad, amorphous, or vague); *Alderman v. GC Servs. L.P.*, 2018 U.S. Dist. LEXIS 10205, at *10 (S.D. Fla. Jan. 19, 2018) (class was clearly ascertainable because members had already been identified). Thus, for purposes of settlement, the threshold requirements for class certification are satisfied.

10. For purposes of settlement, the Class is sufficiently numerous (comprised of over 18,000 members), there are questions of law and fact common to the Settlement Class (including whether the insurance policies were breached by failure to pay sales tax, title and registration transfer fees) and Plaintiffs' claims are typical of the Settlement Class (all of whom claim breach by GEICO's failure to pay sales tax, title and registration transfer fees). In addition, both Plaintiffs and Class Counsel are adequate

EXHIBIT 1

representatives of the Settlement Class. Thus, the requirements to certify a class prescribed by Rule 23(a) are satisfied as to the Settlement Class for purposes of settlement. *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187-88 (11th Cir. 2003) (to certify a class, Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy must be satisfied).

11. For purposes of settlement, the Settlement Class is certifiable under Rule 23(b)(3) because, for purposes of preliminarily approving the Settlement Class, common issues predominate over individual issues and class treatment is superior to other alternatives for adjudicating the claims at issue. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (predominance and superiority requirements must be met to certify a class under Rule 23(b)(3)).

12. GEICO maintains all defenses to certification and this Order shall not be used as evidence or be interpreted in any way to be relevant to whether litigation classes or the previously certified classes should have been certified for class treatment.

13. The Parties have prepared and submitted the Mail Notice Forms, E-Mail Notice Forms, Longform Notice, Claim Form, and Electronic Claim Form (including blank forms of both) as Exhibits 2 through 8 to the Agreement. The Court carefully reviewed and approves, without material alteration, Exhibits 2 through 8 to the Agreement (including, with respect to the functionality of the Electronic Claim Forms, as further described the Agreement, unless otherwise modified by agreement of the Parties and approved by the Court).

EXHIBIT 1

14. The Court directs that the Notices and Claim Forms be sent to the Persons described, and in the manner set forth, in the Agreement, including the procedures set forth for Notices that are returned as undelivered or due to an incorrect current address.

15. To be timely, Claim Forms must be postmarked on or before the Claims Submission Deadline as set forth in the Agreement. Any Claim Form postmarked after the Claims Submission Deadline shall be deemed untimely. The Electronic Claim Form must be submitted electronically on or before 11:59 p.m. Eastern on the date of the Claims Submission Deadline, after which the Settlement Administrator shall deactivate the Electronic Claim Form.

16. JND Legal Administration ("JND") is preliminarily appointed as the third-party Settlement Administrator.

17. In addition to mailing the Notice as set forth above, the Settlement Administrator shall establish a website as described in the Agreement and upload to the Website the Agreement, Longform Notice, Mail Notice, Claim Forms, Electronic Claim Forms (with the functionality provided for in the Agreement), Preliminary Approval Order, frequently asked questions, and other information agreed to by the Parties; the website shall be maintained for at least 180 days after the Claims Submission Deadline, and shall contain Spanish translations of the Notice and Claim Form.  Furthermore, the Settlement Administrator shall maintain a toll-free IVR telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to access a live person.

EXHIBIT 1

18. The Class Action Fairness Act Notice to be made by the Settlement Administrator on behalf of GEICO as set forth in Paragraph 30 is in full compliance with 28 U.S.C. § 1715(b).

19. The costs of providing the dissemination of notice for administration of the Settlement, including the costs of JND, the Settlement Administrator, shall be borne by GEICO.

20. The Court preliminarily finds that the notice provided to potential Settlement Class Members (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated to apprise Settlement Class Members of the pendency of the Action and of their right to object or to exclude themselves from the Proposed Settlement; and (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice. *See* Fed. R. Civ. P. 23(c)(2).

21. For purposes of preliminary approval, courts must make an initial analysis and ensure that, as a preliminary matter, the terms of the settlement are appear fair, adequate, and reasonable based on, *inter alia*, the factors prescribed by the Eleventh Circuit Court of Appeals. *See Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 n. 6 (11th Cir. 1994) (outlining six factors). These factors, however, are "neither determinative nor exhaustive, and the court may consider other relevant factors based on the particular nuances of the case and the settlement proposed." *Palmer v. Dynamic Recovery Solutions, LLC*, 2016 U.S. Dist. LEXIS 59229 (M.D. Fla. May 4, 2016) (citations omitted). Preliminary approval should be granted where the Parties provide sufficient information to allow a Court to determine that Notice of the proposal should be

EXHIBIT 1

provided to Class Members for consideration of its terms and that, upon initial review, the Court will likely be able to approval the proposal. *See* Fed. R. Civ. P. 23(e)(1)(B)(i).

22. Based upon a preliminary analysis, and without foreshadowing final analysis after implementation of the Notice and review of any objections, this Court finds that the terms of the Proposed Settlement appear fair, reasonable, and adequate to the Settlement Class, for the reasons, among others, that follow.

23. First, the likelihood of Settlement Class Members' ultimately achieving success after all potential appeals of judgment and class certification is uncertain. While the Court previously certified the respective Classes in *Roth* and *Joffe*, and granted the *Roth* Plaintiff's motion for summary judgment and denied GEICO's motion for summary judgment, this Court recognizes that other courts can and have disagreed (including two Florida circuit courts), that GEICO maintains that it possesses meritorious defenses concerning both summary judgment and class certification, and that appellate review of the Court's Summary Judgment Order would be *de novo*. *See Curves, LLC v. Spalding County*, 685 F.3d 1284, 1288 (11th Cir. 2012). Indeed, global Settlement was achieved after the appeal of the *Roth* matter was fully briefed, including two *amicus* briefs filed in support of GEICO, and on the eve of oral argument.

24. The uncertainty and risk of reversal on appeal is particularly relevant where, as here, there is no appellate opinion directly on point, and no direct guidance from the Florida Supreme Court nor any Florida appellate court.

25. In conducting preliminary analysis of a proposed Settlement, courts compare the chances of ultimate success (including on appeal), which this Court finds to be

EXHIBIT 1

uncertain, with the value secured through the Settlement Agreement.  *See Palmer*, 2016 U.S. Dist. LEXIS 59229 (comparing likelihood of success to value secured for the Class).  The Court preliminarily finds that value of the Settlement is significant.  First, because the Settlement provides not only the full sales tax and title fees amount, but also an additional $4.60 in tag transfer and branch fees, the relief provided by Settlement exceeds the full relief sought in the respective *Roth* and *Joffe* Complaints and exceeds the amount awarded in the Final Judgments entered by the Court in *Roth*. *See Saccoccio v. JP Morgan Chase Bank*, N.A., 297 F.R.D. 683, 693 (S.D. Fla. 2014) (finding significant that settlement afforded more relief than likely would have been secured at trial).  Second, the Notice plan as ordered by this Court is comprehensive and the claims' submission process is straightforward and simple, both of which are relevant to the fairness of the Agreement.  *See Braynen v. Nationstar Mortg., LLC*, 2015 U.S. Dist. LEXIS 151744, at *56 (S.D. Fla. Nov. 9, 2015) (robust notice plan is evidence terms of settlement are fair and reasonable); *Wilson v. EverBank*, 2016 U.S. Dist. LEXIS 15751, at *32-33 (fairness of Settlement terms is evidenced by the fact that class members need not submit evidence or documentation beyond merely "checking a box" which "should take no more than a few minutes").  Third, the Settlement provides for prospective relief with a change in GEICO's practices.  Fourth, the Settlement provides an expanded class period.

26. The "claims-made" structure of the Settlement does not undermine this Court's preliminary finding that the terms are fair, reasonable and adequate.  *See Hamilton v. SunTrust Mortg. Inc.*, 2014 U.S. Dist. LEXIS 154762, at *18 (S.D. Fla. Oct. 24, 2014)

EXHIBIT 1

(whether settlement is a claims-made structure or a direct-pay structure does not impact "fairness, reasonableness, or adequacy of proposed settlement."); *Casey v. Citibank, N.A.*, 2014 U.S. Dist. LEXIS 156553, at *6 (N.D. N.Y. Aug. 21, 2014) ("The Court does not have the authority to impose a preferred payment structure upon the settling parties"). While a "claims-made" structure may result in less individual class members receiving payment, it also results in each individual class member who submits a claim receiving a greater payment. *See Lee v. Ocwen Loan Servicing*, LLC, 2015 U.S. Dist. LEXIS 121998, at *57 (S.D. Fla. Sep. 14, 2015). This Court sees no reason why it would be fairer to reduce the recovery of Class Members who take the minimal step of submitting a claim merely to benefit Class Members who, even with robust Notice and a simple claims process with prepaid postage and almost entirely pre-filled forms, decline to submit a claim. *Id.* ("[n]egotiating for a smaller amount to go to Class Members would, in effect, unfairly reward some Class Members for their own indifference at the expense of those who would take the minimal step of returning the simple Claim Form to receive the larger amount."); *Cook*, 2020 U.S. Dist. LEXIS 111956, at *23-24 (quoting and agreeing with *Lee*).

27. This finding is buttressed by the fact that Defendants made clear they would have awaited a decision from the Eleventh Circuit concerning the *Roth* appeal (which is fully-briefed) and appealed any adverse *Joffe* rulings rather than settling the cases on a direct-pay model. *See Montoya v. PNC Bank, N.A.*, 2016 U.S. Dist. LEXIS 50315, at *49 (S.D. Fla. Apr. 13, 2016) (claims-made settlement offered the best and "only real relief" possible in settlement because defendants "would not have agreed" to direct-

EXHIBIT 1

pay structure). In sum, upon preliminary review, the Court finds that, given the relief secured, Defendants' agreement to change its business practices, the robust Notice plan, and the simple claims' submission process, it will likely be able to approve the terms of the Proposed Settlement as fair, reasonable, and adequate. As such, the terms of the proposed Settlement warrants providing Notice to Class Members and the opportunity to request exclusion or object to the terms, and scheduling a Fairness Hearing to determine whether to grant final approval.

28. The Parties also jointly moved to vacate this Court's previous summary judgment Order in the *Roth* case (*Roth* Doc. 247) and the First and Second Judgments (Doc. 281 and 287), Costs Order (Doc. 294 and 303), Fee Order (Doc. 333) and Interest Fee Order (Doc. 341 and 344) in *Roth* (collectively, the "Orders"), contingent on this Court granting Final Approval of the Settlement Agreement. Vacatur requires this Court to "determine the propriety of granting vacatur by weighing the benefits of settlement to the parties and to the judicial system (and thus to the public as well) against the harm to the public in the form of lost precedent." *See Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1336 (11th Cir. 2016). As a preliminary matter, the Court finds that, because the previous Orders address issues relating to the application of Florida state law to the GEICO-specific insurance policies (and are therefore non-binding in cases pending in Florida state court) or to fact-specific issues related to attorneys' fees and costs, and given the Settlement was achieved pursuant to Court-ordered mediation, the benefits of settlement likely outweigh any harm to the public in the form of lost precedent if the Court's previous Orders are vacated.

13

EXHIBIT 1

However, because vacatur is contingent on final approval of the settlement, the Court will postpone a final decision concerning its vacatur of the Orders until such time that the Court has ruled on the Motion for Final Approval of the Settlement Agreement.

29. Potential Settlement Class Members who wish to exclude themselves from the Settlement Class must submit timely, written requests for exclusion, as set forth in the Agreement and Notice, postmarked no later than 45 days after the First Mail Notice Date. *See Greco v. Ginn Dev. Co., LLC*, 635 Fed. Appx. 628, 634 (11th Cir. 2015) (*citing* 2 *McLaughlin on Class Actions* § 6:18 (11th ed.) ("Courts have consistently held that 30 to 60 days between the mailing (or other dissemination) of class notice and the last date to object or opt out, coupled with a few more weeks between the close of objections and the settlement hearing, affords class members an adequate opportunity to evaluate and, if desired, take action concerning a proposed settlement.")). Requests for exclusion must be exercised individually by the Settlement Class Member or his or her Legally Authorized Representative, and not as or on behalf of a group, class, or subclass. *See Whitehead v. Advance Stores Co.*, 2017 U.S. Dist. LEXIS 2673, at *9 (M.D. Fla. Jan. 9, 2017) (Dalton, J.) (directing that opt-outs must be individually signed and include pertinent identifying information).

30. No later than 10 days before the Fairness Hearing, the Settlement Administrator shall file proof of mailing of the Notice, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit or declaration attesting to the accuracy of the Opt-Out List.

EXHIBIT 1

31. Potential Class Members who submit timely and valid requests for exclusion in the manner set forth in the Notice and Agreement shall be excluded from the Settlement Class. Such Persons shall have no rights under the Proposed Settlement, nor share in any distribution of funds, and shall not be bound by the Proposed Settlement nor by any Final Order and Judgment approving the Proposed Settlement. *See In re Managed Care Litig.*, 2008 U.S. Dist. LEXIS 44261, at *32 (S.D. Fla. Jun. 4, 2008) (class members who opt-out of class are not bound by any decisions or rulings concerning the class). All Settlement Class Members who do not submit a timely, written request for exclusion in the manner set forth in the Notice and Agreement will be bound by any Final Order and Judgment entered, even if such Settlement Class Members did not receive actual notice of this Action or this Proposed Settlement, or did not submit a claim pursuant to the Proposed Settlement. *See Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012) (due process does not require actual notice, but rather good-faith effort to provide actual notice). If a Final Order and Judgment is entered approving the Proposed Settlement, all Settlement Class Members who do not make timely, written requests for exclusion shall be conclusively deemed to have fully and finally released all Released Persons from any and all Released Claims, as defined in the Agreement.

32. Settlement Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Any Settlement Class Member who wishes do so must file written notices of intent to object or intervene, as described in the Agreement and below. Any Settlement Class Member that timely files an objection in compliance with the Agreement and this Order may appear at the Fairness Hearing, in

EXHIBIT 1

person or by counsel, and be heard to the extent allowed by the Court. The right to object to the Proposed Settlement must be exercised individually by an individual Settlement Class Member or his or her attorney or Legally Authorized Representative, and not as a member of a group, class, or subclass.

33. To be timely, any objection or motion to intervene must be postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than forty-five (45) days after the First Mail Notice Date, and must also:

    a.  Contain a heading which includes the name of the case and case number;

    b.  Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

    c.  Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

    d.  Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney. If the Settlement Class Member is represented by an attorney, he or she must comply with all applicable rules of the Court; and

    e.  State whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either in person or through counsel.

34. Failure to comply with these requirements may prevent the objection from being considered by the Court. *See, e.g.*, *Sanchez-Knutson v. Ford Motor Co.*, 2017 U.S. Dist. LEXIS 96560, at *12-13 (S.D. Fla. Jun. 20, 2017) (objectors must comply with

16

EXHIBIT 1

requirements imposed by courts, including requirement to list proposed settlements to which they or their counsel have previously objected).

35. In addition, if the Settlement Class Member indicates, as set forth above, that he or she intends to appear and speak at the Fairness Hearing, a notice of intent to object should also contain the following information:

   a. A detailed statement of the specific legal and factual basis for each objection;

   b. A list of any and all witnesses whom the Settlement Class Member may seek to call at the Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony;

   c. A list of any legal authority the Settlement Class Member will present at the Fairness Hearing; and

   d. Documentary proof of membership in the Settlement Class.

36. A lack of substantial compliance with these requirements may result in the Court declining the Settlement Class Member or his/her or its attorney permission to speak or present evidence or testimony at the Fairness Hearing. *Id.*

37. The Court directs the Settlement Administrator to rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications, and provides that only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to the post office box, except as otherwise expressly provided in the Agreement or by further order of the Court. The Court also directs the Settlement Administrator to promptly furnish Class Counsel and GEICO's Counsel with copies of any and all

EXHIBIT 1

objections, written requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession, as set forth in the Agreement.

38. The Parties are directed to exchange data and provide data to the Settlement Administrator consistent with the methods and timing set forth in the Agreement to facilitate the sending of Notice within the deadlines set forth in the Schedule below.

39. The Court will hold a Fairness Hearing on [date] at [time] at the [location], during which the Court will consider whether the Proposed Settlement should be approved as fair, reasonable, and adequate, and whether the Court should enter Final Order and Judgment approving the Proposed Settlement and dismissing this Action on the merits, with prejudice. The Court will also consider the amount of any Attorneys' Fees and Costs Award and whether to make and the amount of any Service Awards to the Named Plaintiff. Class Counsel is directed to file any application for attorneys' fees, costs, and incentive awards within thirty (30) days after the First Mail Notice Date. The Settlement Administrator is directed to post any such application to the Settlement Website.

40. The Fairness Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to Settlement Class Members other than on the settlement website and the Court's publicly-available docket. The Court further reserves the right to enter a Final Judgment and Order dismissing the Action with prejudice as to GEICO and against the Named Plaintiffs and the Settlement Class Members at or after the Final Approval Hearing and without further notice to the Settlement Class Members.

EXHIBIT 1

41. Based upon the terms of the Agreement, and based upon today's date of [date], on which this Preliminary Approval Order is being entered, the Court imposes the following schedule for implementation of the Notice plan and further proceedings to determine whether the Proposed Settlement should be fully and finally approved:

| # | Action | Deadline |
|---|--------|----------|
| 1 | Website Notice Posted by Settlement Administrator | 30 days after the date this Order is entered |
| 2 | Deadline for Settlement Administrator to mail out first mail notice ("First Mail Notice Date") | 30 days after the date this Order is entered |
| 3 | Deadline for Settlement Class Members to opt-out of the Agreement | Forty-five (45) days after the First Mail Notice Date |
| 4 | Deadline for submission of Notice of Intent to object to agreement | Forty-five (45) days after the First Mail Notice Date |
| 5 | Deadline for Settlement Class Members to file claims. | No more than 90 days after the First Mail Notice Date |
| 6 | Deadline for Class Counsel to file their Motion for Final Approval of the Settlement. | 10 days before the Fairness Hearing |
| 7 | Deadline for Class Counsel to file their application for attorneys' fees, costs, and expenses, and for a service award for each Plaintiff | 30 days after the Mailed Notice Date. |
| 8 | Deadline for Settlement Administrator to file proof of completion of Notice, along with complete and accurate Opt-Out list | 10 days before the Fairness Hearing |
| 9 | Fairness Hearing | Month, Date, Year at Time, as set forth in |

EXHIBIT 1

| | | Paragraph 45 (no less than 90 days after date this Preliminary Approval Order is entered) |
|---|---|---|

42. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

43. The Court stays all proceedings in this Action until further Order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement or effectuate the Agreement.

IT IS SO ORDERED.


Dated:_____          _____
                                     William P. Dimitrouleas
                                     United States District Judge

20

EXHIBIT 1

# EXHIBIT 2

First Postcard

You may have previously received a Notice informing you that you might be a class member in a class action against Government Employees Insurance Company, GEICO General Insurance Company, and/or GEICO Indemnity Company (together "GEICO"). **This notice is only a summary.  Visit www.JoffeRothTotalLossClassAction.com or call toll-free _____ for more information.**

The Parties have agreed to settle *Joffe, et al. v. GEICO Indemnity Company, et al.*, Case No. 18-cv-61361 (S.D. Fla.), and *Roth v. GEICO General Insurance Company*, Case No. 16-cv-62942 (S.D. Fla.).  The Court consolidated these cases for settlement purposes because both cases allege that GEICO failed to include sales tax and title fees when paying insureds who suffered total losses on their insured leased vehicles.

**Why am I getting this Notice?** You have been identified as a potential "Settlement Class Member" from GEICO's claims data, because either (1) you were insured by GEICO Indemnity Co. or Government Employees Ins. Co. under a Florida private passenger automobile insurance policy and submitted a physical damage claim with respect to a covered leased (i.e., not owned) vehicle during the period June 15, 2013 through August 1, 2020 that resulted in a total loss claim payment; or (2) you were insured by GEICO General Ins. Co. under a Florida private passenger automobile insurance policy and submitted a physical damage claim with respect to a covered leased (i.e., not owned) vehicle during the period August 31, 2011 through August 1, 2020 that resulted in a total loss claim payment.

**Settlement Terms.** GEICO will pay eligible Settlement Class Members who make a claim (1) statewide sales tax of 6% plus local sales tax (where applicable) based on the adjusted value of the total loss vehicle at the time of loss; (2) title and tag fees of $79.85; and (3) prejudgment interest on the unpaid sales tax and title and tag fee amounts.  The payment is the full amount sought in the case.  Total payments available in the *Roth* and *Joffe* settlement total over $30 million.  In addition, GEICO will change their practice and begin paying sales tax and title and tag fees on all private passenger auto first-party total loss claims on leased vehicles, and pay attorneys' fees of up to $8.7 million, costs and expenses of up to $350,000.00, and $10,000.00 as a service award to each of the Class Representatives. These payments will not reduce the amount of money available to Settlement Class Members. Plaintiffs' counsel calculates that the average claim payment to eligible Settlement Class Members is over $1,300.  This is only an average; individual payments will vary based on the facts of the claim.

**How do I receive payment?** To receive a payment, you must complete and mail the attached Claim Form (postage is prepaid) or submit a Claim Form online at www.JoffeRothTotalLossClassAction.com. Claim Forms must be postmarked or submitted online by __.

**What are my options?** You can make a claim, exclude yourself ("opt out"), object to the Settlement, or do nothing.  The deadline to opt out or object is __.  If you do not opt out, and the Court approves the Settlement, you will release your claims against GEICO.  The Court will hold a hearing on __ to decide whether to approve the Settlement.  You may attend.

**How do I get more information?** Go to www.JoffeRothTotalLossClassAction.com or call toll-free _____ to get more detailed information, FAQs, an online claim form, court filings, and the Settlement Agreement.

<u>COURT ORDERED LEGAL NOTICE</u>

**If you suffered a total-loss of a leased vehicle while insured by GEICO from 2011-2020, you may be entitled to a cash payment for sales tax, title and tag fees plus prejudgment interest.**

**Class Member John  Doe**
**123 ABC Street**
**Miami, FL 12345**

**Complete and return the enclosed form by**

**to receive a cash payment.**

1

EXHIBIT 2

First Postcard

**CLAIM FORM**

Name & Address: [PREFILL]                    CLAIM ID:_____

Date of Loss: [PREFILL]

**1. ADDRESS (if different from above)**

Primary Address

| | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Primary Address continued

| | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

City:                                                      State:          Zip Code:

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

**2. AFFIRMATION (required):** By signing below, I certify that I am the person who made the insurance claim identified above or I am the legally authorized personal representative, guardian or trustee of the person who made the insurance claim identified above, that, to the best of my knowledge, the information on this Claim Form is true and correct and, to the best of my knowledge, I believe I was not paid full sales tax or title or tag transfer fees as part of my leased vehicle total loss claim.

Signature:_____ Dated_____

Name (please print): _____

2

EXHIBIT 2

First Postcard

_____

_____

_____

postage
prepaid
mark

Joffe/Roth v. GEICO Settlement
Claims Administrator
P.O. Box \_\_\_
Louisville, KY 40233-4047

3

EXHIBIT 2

# EXHIBIT 3

First Email Joffe

**Subject Line: Claim Payment Pursuant to Class Action Settlement**

**GEICO's records indicate you suffered a total loss of a leased vehicle while insured with GEICO and you may be entitled to a payment in a Class Action Settlement.**

<u>**How to Make a Claim.**</u> To make a claim, click here [insert link to website] and enter your Claim ID [insert claim ID] or go to www.JoffeRothTotalLossClassAction.com and click "Make a Claim" and enter your Claim ID:[claim ID].

<u>**Why am I getting this Notice?**</u>  You may have previously received a Notice informing you that you might be a class member in a class action against Government Employees Insurance Company, GEICO General Insurance Company, and/or GEICO Indemnity Company (together "GEICO"). **This notice is only a summary.   Visit www.JoffeRothTotalLossClassAction.com or call toll-free _____ for more information.**

The Parties have agreed to settle *Joffe, et al. v. GEICO Indemnity Company, et al.*, Case No. 18-cv-61361 (S.D. Fla.), and *Roth v. GEICO General Insurance Company*, Case No. 16-cv-62942 (S.D. Fla.).  The Court consolidated these cases for settlement purposes because both cases allege that GEICO failed to include sales tax and title when paying claims to insureds who suffered total losses on their GEICO insured leased vehicles.

You have been identified as a potential "Settlement Class Member" from GEICO's claims data because you were insured by GEICO and submitted a total loss claim on a leased vehicle during the class period that resulted in a total loss claim payment.

<u>**What is this lawsuit about?**</u>  The Settlement resolves a lawsuit claiming that GEICO breached its auto insurance policies by failing to pay sales tax and/or title and tag transfer fees to insureds who submitted Florida first-party total loss auto claims for leased vehicles.

<u>**Settlement Terms.**</u>  Plaintiffs' counsel calculates that the average claim payment to eligible Settlement Class Members is over $1,300.  This is only an average; individual payments will vary based on the facts of the claim.  The Settlement provides that GEICO will pay eligible Settlement Class Members who make a claim (1) statewide sales tax of 6% plus local sales tax (where applicable) based on the adjusted value of the total loss vehicle at the time of loss; (2) title and tag fees of $79.85; and (3) prejudgment interest on the unpaid sales tax and title and tag fee amounts.  The payment is the full amount sought in the case.  Class counsel's expert has determined from GEICO's data that the settlement includes over $30 million in available payments.  In addition, GEICO will change their practice and begin paying sales tax, title and tag fees on all private passenger auto first-party total loss claims on leased vehicles, and pay attorneys' fees of up to $8.7 million, expenses of up to $350,000.00, and $10,000.00 as a service award to each of the Class Representatives.  These payments will not reduce the amount of money available to Settlement Class Members.

<u>**What are my options?**</u> You can make a claim, exclude yourself ("opt out"), object to the Settlement, or do nothing.  The deadline to opt out or object is __.  If you do not opt out,

EXHIBIT 3

First Email Joffe

and the Court approves the Settlement, you will release your claims against GEICO.  The Court will hold a hearing on __ to decide whether to approve the Settlement.  You may attend.

**What do I do if I already made a claim by mail?**   You also should have received a postcard notice (with the same information as in this email) with a detachable claim form to enable you to make a claim by mail.  If you made a claim by mail, you do not need to submit a claim electronically.

**How do I get more information?** Go to www.JoffeRothTotalLossClassAction.com or call toll-free _____ to get more detailed information, FAQs, an online claim form, court filings, and the Settlement Agreement.

EXHIBIT 3

# EXHIBIT 4

## CLAIM FORM

[BLANK CLAIM FORM]

To submit a claim, please: (1) provide your full name; (2) provide *either* your GEICO policy number or your claim number for your total loss claim; (3) provide your address; (4) sign and date this form; and (5) mail the completed form to the below address postmarked on or before ___ to the following address:

RothJoffe Class Action Settlement
c/o NAME
ADDRESS
ADDRESS

Name: _____

GEICO Policy Number: _____
**OR**
Total Loss Claim Number: _____

Address:      _____

              _____

              _____
              (city)                      (state)      (zip)

By signing below, I certify that I am the person who made the insurance claim identified above or I am the legally authorized personal representative, guardian or trustee of the person who made the insurance claim identified above, that, to the best of my knowledge, the information on this Claim Form is true and correct and, to the best of my knowledge, I believe I was not paid full sales tax or title or tag transfer fees as part of my leased vehicle total loss claim.

Signature:_____ Dated_____

Name (please print): _____

**To be considered, this Claim Form must be mailed to the above address postmarked on or before _____.**

EXHIBIT 4

PREFILLED CLAIM FORM

**CLAIM FORM**

Name & Address: [PREFILL]                    CLAIM ID:_____

Date of Loss: [PREFILL]

**1. ADDRESS (if different from above)**

Primary Address

| | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Primary Address continued

| | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

City:                                                State:        Zip Code:

| | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

**2. AFFIRMATION (required):** By signing below, I certify that I am the person who made the insurance claim identified above or I am the legally authorized personal representative, guardian or trustee of the person who made the insurance claim identified above, that, to the best of my knowledge, the information on this Claim Form is true and correct and, to the best of my knowledge, I believe I was not paid full sales tax or title or tag transfer fees as part of my leased vehicle total loss claim.

Signature:_____ Dated_____

Name (please print): _____

EXHIBIT 4

# EXHIBIT 5

## CLAIM FORM

Electronic Blank Claim Form

*Joffe* and *Roth* v. GEICO


To submit a claim, please: (1) provide your full name; (2) provide *either* your GEICO policy number or your claim number for your total loss claim; (3) provide your address; (4) sign and date this form electronically by following the instructions below; and (5) click send to submit the completed form on or before ___.


Name: _____

GEICO Policy Number: _____
**OR**
Total Loss Claim Number: _____

Address:       _____

               _____

               _____
               (city)                              (state)        (zip)


By signing below, I certify that I am the person who made the insurance claim identified above or I am the legally authorized personal representative, guardian or trustee of the person who made the insurance claim identified above, that, to the best of my knowledge, the information on this Claim Form is true and correct and, to the best of my knowledge, I believe I was not paid full sales tax or title or tag transfer fees as part of my leased vehicle total loss claim.


Signature:_____ Dated_____

Name (please print): _____


**To be considered, this Claim Form must be submitted on or before _____.**


EXHIBIT 5

PREFILLED ELECTRONIC CLAIM FORM

**CLAIM FORM**

Name & Address: [PREFILL]                    CLAIM ID:_____

Date of Loss: [PREFILL]

**1. ADDRESS (if different from above)**
Primary Address

Primary Address continued

City:                                          State:        Zip Code:

**2. AFFIRMATION (required):** By signing below, I certify that I am the person who made the insurance claim identified above or I am the legally authorized personal representative, guardian or trustee of the person who made the insurance claim identified above, that, to the best of my knowledge, the information on this Claim Form is true and correct and, to the best of my knowledge, I believe I was not paid full sales tax or title or tag transfer fees as part of my leased vehicle total loss claim.

Signature:_____ Dated_____

Name (please print): _____

EXHIBIT 5

# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION


<u>IMPORTANT NOTICE OF CLASS ACTION SETTLEMENT</u>

**A court authorized this Notice.**
**This is not a solicitation from a lawyer.**
**You are not being sued.**

<u>PLEASE READ THIS NOTICE CAREFULLY</u>


A settlement has been reached in the cases *Joffe, et al. v. GEICO Indemnity Company, et al.*, Case No. 18-cv-61361 (S.D. Fla.), and *Roth v. GEICO General Insurance Company*, Case No. 16-cv-62942 (S.D. Fla.). The Court consolidated these cases for settlement purposes because both cases allege that GEICO failed to include sales tax and title fees when paying claims to insureds who suffered total losses on their insured leased vehicles.

The settlement entitles Class Members who make a claim to payment of (1) statewide sales tax of 6% plus local sales tax (where applicable) based on the adjusted value of the total loss vehicle at the time of loss; (2) title and tag fees of $79.85; and (3) prejudgment interest on the unpaid sales tax and title and tag fee amounts. This Notice explains: 1) the terms of the Settlement; 2) who is a member of the Class; 3) how to submit a claim for payment; 4) how to request exclusion from the Settlement; 5) how to object to the Settlement; 6) how to get more information about the Settlement.

IF YOU ARE A CLASS MEMBER, THIS LEGAL PROCEEDING MAY AFFECT YOUR RIGHTS.

HELP IS AVAILABLE TO ASSIST YOUR UNDERSTANDING OF THIS NOTICE.
Call **1-###-###-####** toll free for more information.


<u>**What is a Class Action?**</u>


A class action is a lawsuit in which one or more individuals bring claims on behalf of other persons or entities. These persons or entities are referred to as a "Class" or "Class Members." In a certified class action, the Court resolves certain issues, legal claims, and/or defenses for all Class Members in a single action, except for those persons or entities who ask in writing to be excluded from the Class.

---

1

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT
www.JoffeRothTotalLossClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.JoffeRothTotalLossClassAction.com.

EXHIBIT 6

## What is this Class Action About?

Plaintiffs allege that the defendants Government Employees Insurance Company, GEICO General Insurance Company, and/or GEICO Indemnity Company (together "GEICO") breached their contracts (insurance policies) by failing to pay the "actual cash value" on first party total loss vehicle claims to Plaintiffs and Class Members who are Florida insureds who submitted physical damage claims for their leased vehicles during the class period. Specifically, Plaintiffs allege that GEICO owed statewide sales tax of 6% plus local sales tax (where applicable) based on the adjusted value of the total loss vehicle at the time of loss, and title fees. GEICO maintains that it complied with the terms of the insurance policies and applicable law and denies that it acted wrongfully or unlawfully and continues to deny all material allegations.

This Settlement resolves and settles claims in both the *Roth* and *Joffe* matters. Both cases were previously certified as a Class Action, and you may have received prior class action notices relating to the cases. You are receiving this Notice because a Settlement of the case has been reached between the Plaintiffs, acting on behalf of the Settlement Class, and GEICO.

The district court is conducting a FAIRNESS HEARING on _____, to decide whether to grant final approval of the Proposed Settlement.

## Settlement Terms

As a part of the settlement, GEICO has agreed to pay each eligible Settlement Class Member who makes a claim:

(1) statewide sales tax of 6% plus local sales tax (where applicable) based on the adjusted value of the total loss vehicle at the time of loss;
(2) title and tag fees of $79.85; and
(3) prejudgment interest on the unpaid sales tax and title and tag fee amounts.

Plaintiffs' counsel calculates that the average claim payment to eligible Settlement Class Members is over $1,300. This is only an average; individual payments will vary based on the facts of your claim. .

The payment is the full amount sought in the case. Total payments available in the *Roth* and *Joffe* settlement total over $30 million. In addition, GEICO will change their practice and begin paying sales tax and title and tag fees on all private passenger auto first-party total loss claims on leased vehicles, and pay attorneys' fees of up to $8.7 million, costs and expenses of up to $350,000.00, and $10,000.00 as a service award to each of the Class Representatives. These payments will not reduce the amount of money available to Settlement Class Members.

In exchange, the Plaintiffs and the members of the Class who do not exclude themselves from the Settlement agree to give up any claim they have for payment of sales tax, title, tag and branch fees. If you are a member of the Class, you can submit a claim to be eligible to be paid sales tax, and

2

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT
www.JoffeRothTotalLossClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.JoffeRothTotalLossClassAction.com.

EXHIBIT 6

$79.85 in title and tag fees, plus prejudgment interest. Alternatively, you may, if you wish, request to be excluded from the Settlement, which means you are not eligible for payment, and you maintain your right to sue GEICO individually and separately for payment of sales tax, title and tag fees. You may also object to the terms of the Settlement, if you comply with the requirements set forth below.

As part of the Settlement and exchange for the agreed payments, the Court will vacate the following orders and judgments in Roth: a summary judgment order (*Roth* Doc. 247), attorneys' fee and costs award orders (*Roth* Docs. 303, 333 and 344), and two judgments on behalf of some of the *Roth* Settlement Class Members (*Roth* Docs. 281 and 287).

### How Do I Know if I'm a Member of the Class?

You may be a member of the class action (a "Class Member") against Government Employees Insurance Company, GEICO General Insurance Company, and GEICO Indemnity Company (together "GEICO" or "GEICO Defendants") if: (1) you were insured by GEICO Indemnity Co. or Government Employees Ins. Co. under a Florida private passenger automobile insurance policy and submitted a physical damage claim with respect to a covered leased (i.e., not owned) vehicle during the period June 15, 2013 through August 1, 2020 that resulted in a total loss claim payment; or (2) you were insured by GEICO General Ins. Co. under a Florida private passenger automobile insurance policy and submitted a physical damage claim with respect to a covered leased (i.e., not owned) vehicle during the period August 31, 2011 through August 1, 2020 that resulted in a total loss claim payment.

### If I Am a Class Member, What Are My Options?

If you are a Class Member, you have four options.

**Option 1**: **Submit a Claim Form for Payment.**

You may submit a Claim Form for payment.  If you received a Notice in the mail, the Notice included a pre-filled Claim Form. You can submit a claim by signing the Claim Form, carefully tearing at the perforation, and putting the Claim Form in the mail (the Claim Form is addressed and has necessary postage prepaid). You can also call NUMBER or visit www.JoffeRothTotalLossClassAction.com and request that the Settlement Administrator send you a Claim Form as described above (or a blank form that you will need to fill out).

You can also submit an Electronic Claim Form by visiting www.JoffeRothTotalLossClassAction.com, clicking the MAKE A CLAIM button, and following the steps outlined for you. You will need a Claim ID (which was included in the Mailed Notice) or your last name and Policy number or claim number. If you do not know your Claim ID, you can call NUMBER and provide your last name and seek assistance in determining your Claim ID. You can also fill out the information in an electronic blank form.

---

3

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT
www.JoffeRothTotalLossClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.JoffeRothTotalLossClassAction.com.

EXHIBIT 6

If you submit a Claim Form in the mail, it must be postmarked no later than _____. If you submit an Electronic Claim, you must do so by 11:59 p.m. on _____.

**Option 2.** **Exclude yourself from the Case.**

You have the right to not be part of the Settlement by excluding yourself or "opting out" of the Class. If you wish to exclude yourself, you must do so on or before __ as described below. You do not need to hire your own lawyer to request exclusion from the Class.  If you exclude yourself from the Class, you give up your right to receive sales tax, title and tag fees, prejudgment interest, or any other benefits as part of this settlement, and you will not be bound by any judgments or orders of the District Court, whether favorable or unfavorable. However, you will keep your right to sue any of the GEICO Defendants separately in another lawsuit if you choose to pursue one.

To exclude yourself from this lawsuit and/or preserve your right to bring a separate case, you must make a request to be excluded in writing and, with sufficient postage, mail the request to:

RothJoffe Class Action Settlement<br>
c/o NAME<br>
ADDRESS<br>
ADDRESS

A request for exclusion must be postmarked on or before __.

Your request for exclusion must contain the following:
1. The name of either *Roth* or *Joffe* lawsuit;
2. Your full name;
3. Your current address;
4. A clear statement that you wish to be excluded from the Class, such as: "I request exclusion from the Class"; and
5. Your signature.

The Settlement Administrator will file your request for exclusion with the District Court. If you are signing on behalf of a Class Member as a legal representative (such as an estate, trust or incompetent person), please include your full name, contact information, and the basis for your authority. A request for exclusion must be exercised individually and not on behalf of a group.

IF YOU DO NOT EXCLUDE YOURSELF FROM THE CLASS BY THE POSTMARK DEADLINE OF __, YOU WILL REMAIN PART OF THE CLASS AND WILL BE BOUND BY THE ORDERS OF THE DISTRICT COURT IN THIS LAWSUIT AND BY THE TERMS OF THE SETTLEMENT IF IT IS APPROVED BY THE COURT, EVEN IF YOU DO NOT SUBMIT A CLAIM FOR PAYMENT.  IF YOU DO NOT WISH TO BE BOUND BY THE DECISIONS OR SETTLEMENT IN THIS CASE, YOU MUST REQUEST EXCLUSION FROM THE CLASS ACTION.

---

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT<br>
www.JoffeRothTotalLossClassAction.com.<br>
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,<br>
O VISITAR www.JoffeRothTotalLossClassAction.com.

EXHIBIT 6

**Option 3: Object to the Terms of the Settlement.**

The full terms of the Settlement can be found at www.JoffeRothTotalLossClassAction.com. If you think the terms of the Settlement are not fair, reasonable, or adequate to the Class Members, you can file a Notice of Intent to object to the terms of the Settlement. If you object to the terms of the Settlement, you cannot request exclusion from the Settlement. If you object to the terms of the Settlement and your objection is overruled, you will be bound by the terms of the Settlement and all rulings and orders from the Court.

To properly object to the terms of the Settlement, you must send, with sufficient postage, a Notice of Intent to object to the terms of the settlement and to appear at the Fairness Hearing (described below) to the following:

RothJoffe Class Action Settlement
c/o NAME
ADDRESS
ADDRESS

The Notice of Intent must include the following:

1.  The name of the case (either *Joffe* or *Roth*) ;

2.  Your name, address, telephone number, and signature;

3.  The specific reasons why you object to the terms of the Proposed Settlement;

4.  The name, address, bar number, and telephone number of any attorney who represents you related to your intention to object to the terms of the Settlement;

5.  State whether you and/or your attorney intend to appear at the Fairness Hearing and whether you and/or your attorney will request permission to address the Court at the Fairness Hearing.

If you and/or your attorney intend to request permission to address the Court at the Fairness Hearing, your Notice of Intent must also include the following:

1.  A detailed statement of the legal and factual basis for each of your objections;

2.  A list of any witness you may seek to call at the Fairness Hearing (subject to applicable rules of procedure and evidence and at the discretion of the Court), with the address of each witness and a summary of his or her proposed testimony;

3.  A list of any legal authority you may present at the Fairness Hearing; and

---

5

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT
www.JoffeRothTotalLossClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.JoffeRothTotalLossClassAction.com.

EXHIBIT 6

4.  Documentary proof of membership in the Settlement Class.

Notices of Intent to object must be postmarked by _____. Any Notice of Intent that is not postmarked by the deadline set forth above or which does not comport with the requirements listed above may waive the right to be heard at the Fairness Hearing. If you file a Notice of Intent, you waive the right to request exclusion from the Class and will be bound by any decisions and orders from the Court and by the terms of the Settlement if it is approved by the Court. If you do not want to be bound by the decisions and rulings by the Court and the terms of the settlement, you must file a request for exclusion and not a Notice of Intent.

**Option 4. Do Nothing Now. Stay in the Case.**

You have the right to do nothing. If you do nothing, you will be bound by the terms of the Settlement and will release any claim against GEICO for sales tax, title, tag and branch fees, even if you do not submit a Claim for payment.

**Who Is Representing the Class?**

The District Court has preliminarily appointed Kerry Roth, Marianne Joffe, Debbe Schertzer, and Stephanie Rodriguez (the "Named Plaintiffs") to be the representatives of the Settlement Class. The District Court has also preliminarily appointed the following lawyers as Class Counsel for those Class Members:

| | |
|---|---|
| Edmund Normand, Esq.<br>Jacob Phillips, Esq.<br>Normand PLLC<br>3165 McCrory Place, Suite 175<br>Orlando, FL 32803<br>Telephone: (407) 603-6031<br>Facsimile: (888) 974-2175<br>NormandPLLC.com<br><br>Christopher J. Lynch<br>Christopher J. Lynch, P.A.<br>6915 Red Road, Suite 208<br>Coral Gables, Florida 33143<br>Telephone: (305) 443-6200<br>Facsimile: (305) 443-6204<br>HunterLynchlaw.com | Christopher B. Hall<br>Hall & Lampros, LLP<br>400 Galleria Parkway, Suite 1150<br>Atlanta, Georgia 30339<br>Telephone: (404) 876-8100<br>Facsimile: (404) 876-3477<br>HallandLampros.com<br><br>Bradley W. Pratt, Esq.<br>Pratt Clay, LLC<br>4401 Northside Parkway, Suite 520<br>Atlanta, Georgia 30327<br>Telephone: (404) 949-8118<br>Facsimile: (404) 949-8159<br>PrattClay.com<br><br>Tracy L. Markham<br>Southern Atlantic Law Group, PLLC<br>2800 N 5th Street, Suite 302<br>St. Augustine, Florida 32084<br>Phone: (904) 794 7005 |

6

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT
www.JoffeRothTotalLossClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.JoffeRothTotalLossClassAction.com.

EXHIBIT 6

| | Facsimile: (904) 794 7007<br>southernatlanticlaw.com |
| --- | --- |

These lawyers are experienced in handling class action lawsuits, including actions on behalf of insured policyholders. More information about Class Counsel is available on their websites above.

Class Counsel will file an application for attorneys' fees and costs of no more than $8.7 million dollars (plus no more than $350,000 in costs) subject to approval by the Court. GEICO has agreed to pay Class Counsel that amount if approved by the Court. Payment of attorneys' fees, and costs has no impact and does not affect in any way, and will not reduce, the amount of money that will be paid to Class Members. If the District Court grants Class Counsel's request, and in whatever amount the District Court approves Class Counsel's Request, the attorneys' fees and costs will be paid separately by the GEICO. If you submit a valid claim for payment, you will receive your full payment (including prejudgment interest) without reduction for attorneys' fees and costs.

Class Counsel will also seek a Service Award to the Plaintiffs in the amount of $10,000 per plaintiff, subject to court approval. The Service Award is designed to reward the Plaintiffs for securing the recovery awarded to members of the Class, which is the full amount of damages Plaintiffs alleged is owed to Class members, and to acknowledge the time spent by the Plaintiffs in sitting for deposition, providing discovery, participating in the case and mediation, and prosecuting the claim for the benefit of the Class. GEICO has agreed to pay the Service Award to the Plaintiffs up to the amount of $10,000 per plaintiff. Payment of the Service Award(s) has no impact and does not affect in any way the amount of money that will be paid to Settlement Class Members. If the District Court grants the request for a Service Award(s), and in whatever amount the District Court approves the request, the Service Award(s) will be paid separately by GEICO, and will not affect in any way, and will not reduce, the amount of money paid to Class Members. If you submit a valid claim for payment, you will receive your full payment (including prejudgment interest), and that amount will not be reduced to pay the Service Award(s).

## **What Claim(s) Against GEICO Are Class Members Releasing?**

As a part of the Settlement, Class Members agree not to sue GEICO by asserting any claim for payment of sales tax, title, tag and branch fees. Unless you request exclusion from the Class, you give up the right to individually sue GEICO and claim you are owed sales tax, title and tag fees as part of your total-loss payment, even if you do not submit a Claim for payment as part of this Settlement. You are not releasing any other claim against GEICO. Full terms of the Released Claims and Released Parties can be found in the Proposed Settlement at www.JoffeRothTotalLossClassAction.com.

---

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT
www.JoffeRothTotalLossClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.JoffeRothTotalLossClassAction.com.

EXHIBIT 6

## How Do I Find Out More About This Lawsuit?

If you have any questions about the lawsuit or any matter raised in this notice, please call toll-free at <mark>1-###-###-####</mark> or go to www.JoffeRothTotalLossClassAction.com.

This www.JoffeRothTotalLossClassAction.com website provides:
1. An Electronic Claim Form and directions for how to submit;
2. The process for requesting a paper (non-electronic) pre-filled Claim Form;
3. A form that you may use (but are not required to use) to exclude yourself from the class action;
4. The full terms of the Settlement;
5. Information and requirements for submitting a claim, requesting exclusion, or filing a Notice of Intent to object to the terms of the Settlement
6. A copy of the complaints filed by Plaintiffs and other important rulings and orders from the District Court during the case prior to Settlement; and
7. Other general information about the class action.

You also may contact class counsel, whose contact information and websites are provided above.

Complete copies of the documents filed in this lawsuit that are not under seal may be examined and copied at any time at the United States District Court, Southern District of Florida, 299 East Broward Boulevard #108, Fort Lauderdale, FL 33301.

PLEASE DO NOT TELEPHONE OR CONTACT THE DISTRICT COURT OR THE CLERK OF THE DISTRICT COURT REGARDING THIS NOTICE.

IT IS SO ORDERED, HON. WILLIAM P. DIMITROULEAS, U.S. DISTRICT COURT JUDGE
DATED: <mark>_____ ##, 2</mark>020

---

8

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT
www.JoffeRothTotalLossClassAction.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www.JoffeRothTotalLossClassAction.com.

EXHIBIT 6

# EXHIBIT 7

Second Postcard

This is a reminder notice that you may have a claim in a class action settlement in the case *Joffe, et al. v. GEICO Indemnity Co., Government Employees Ins. Co., and GEICO General Ins. Co.*, Case No. 18-cv-61361 (S.D. Fla.), or *Roth v. GEICO General Insurance Company*, Case No. 16-cv-62942 (S.D. Fla.). The Parties in the case have agreed to settle the case.

**Why am I getting this Notice?**  You have been identified as a potential "Settlement Class Member" from GEICO's claims data because you were insured by GEICO and submitted a total loss claim during the class period for a leased (i.e., not owned) vehicle and may not have been paid full sales tax, title fees, and tag fees on your claim.

**What is this lawsuit about?**  The Settlement resolves a lawsuit claiming that GEICO breached its auto insurance policies by failing to pay sales tax and/or title fees to customers who submitted Florida first-party total loss auto claims for leased vehicles.

**What Do I Receive in the Settlement?**  If you submit an eligible claim, you will receive payment for: (1) unpaid statewide sales tax of 6% plus local sales tax (where applicable) based on the adjusted value of the total loss vehicle at the time of loss; (2) unpaid title and tag fees of $79.85; and (3) prejudgment interest on the unpaid sales tax, title and tag fee amounts.  The payment is the full amount sought in the case. Plaintiffs' counsel calculates that the average claim payment to eligible Settlement Class Members is over $1,300.  This is only an average; individual payments will vary based on the facts of the claim.

**How Do I Make A Claim:** If you have not yet submitted a claim form, to make a claim you must complete and mail the attached Claim Form (postage is prepaid) or submit a Claim Form online at www.JoffeRothTotalLossClassAction.com. Claim Forms must be postmarked or submitted online by ___. Go to www.JoffeRothTotalLossClassAction.com or call ___ to get more detailed information, FAQs, an online claim form, court filings, and the Settlement Agreement.

**THIS IS A REMINDER NOTICE: IF YOU ALREADY SUBMITTED A CLAIM FORM YOU CAN IGNORE THIS REMINDER: YOU DO NOT NEED TO DO ANYTHING ELSE TO MAKE A CLAIM.**

COURT ORDERED LEGAL NOTICE

**If you suffered a total-loss of a leased vehicle while insured by GEICO from 2011-2020, you may be entitled to a cash payment for sales tax, title and tag fees plus prejudgment interest.**

**Class Member John Doe**
**123 ABC Street**
**Miami, FL 12345**

**Complete and return the enclosed form by**

**to receive a cash payment.**

1

EXHIBIT 7

Second Postcard

---

**CLAIM FORM**

Name & Address: [PREFILL]                    CLAIM ID:_____

Date of Loss: [PREFILL]

**1. ADDRESS (if different from above)**

Primary Address

| | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

Primary Address continued

| | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

City:                                                State:        Zip Code:

**2. AFFIRMATION (required):** By signing below, I certify that I am the person who made the insurance claim identified above or I am the legally authorized personal representative, guardian or trustee of the person who made the insurance claim identified above, that, to the best of my knowledge, the information on this Claim Form is true and correct and, to the best of my knowledge, I believe I was not paid full sales tax or title or tag transfer fees as part of my leased vehicle total loss claim.

Signature:_____ Dated_____

Name (please print): _____

---

2

EXHIBIT 7

Second Postcard

_____

_____

_____

postage
prepaid
mark

Joffe/Roth v. GEICO Settlement
Claims Administrator
P.O. Box \_\_\_\_
Louisville, KY 40233-4047

3

EXHIBIT 7

# EXHIBIT 8

Joffe Second Email

**Subject Line: Reminder Notice: Claim Payment Pursuant to Class Action Settlement**

**This is a reminder notice to Claim your cash payment from the class action settlement by ▢**

**GEICO's records indicate you suffered a total loss of a leased vehicle while insured with GEICO and you may be entitled to a payment in a Class Action Settlement.**

**How to Make a Claim.**  To make a claim, click here [insert link to website] and enter your Claim ID [insert claim ID] or go to www.JoffeRothTotalLossClassAction.com and click "Make a Claim" and enter your Claim [Claim ID].

**Why am I getting this Reminder Notice?**  You have been identified as a potential "Settlement Class Member" from GEICO's claims data because you were insured by GEICO and submitted a total loss claim on a leased vehicle during the class period that resulted in a total loss claim payment.

You should already have received a postcard notice and an email notice about this class action settlement.

**What is this lawsuit about?**  The Settlement resolves a lawsuit claiming that GEICO breached its auto insurance policies by failing to pay sales tax and/or title transfer fees to insureds who submitted Florida first-party total loss auto claims for leased vehicles.

The lawsuits that are part of this settlement are *Marianne Joffe, et al. v. GEICO Indemnity Company, et al.*, Case No. 18-cv-61361 (S.D. Fla.), and *Roth v. GEICO General Insurance Company*, Case No. 16-cv-62942 (S.D. Fla.).  More details and the full terms of the Proposed Settlement are available at www.JoffeRothTotalLossClassAction.com.

Plaintiffs' counsel calculates that the average claim payment to eligible Settlement Class Members is over $1,300.  This is only an average; individual payments will vary based on the facts of the claim.

**THIS IS A REMINDER EMAIL NOTICE: IF YOU ALREADY SUBMITTED A CLAIM FORM BY MAIL OR ONLINE YOU CAN IGNORE THIS REMINDER: YOU DO NOT NEED TO DO ANYTHING ELSE TO MAKE A CLAIM.**

EXHIBIT 8