UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KERRY ROTH, on behalf of herself and
all others similarly situated,

                                         CASE NO. 16-cv-62942WPD

        Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.

_____/

MARIANNE JOFFE, DEBBE SCHERTZER,
and STEPHANIE RODRIGUEZ, individually      CASE NO. 18-cv-61361-WPD
and on behalf of all others similarly situated,

                       Plaintiffs,

v.

GEICO INDEMNITY COMPANY,
GOVERNMENT EMPLOYEES
INSURANCE COMPANY and GEICO
GENERAL INSURANCE COMPANY,

                       Defendants.
_____

**FINAL ORDER AND JUDGMENT**
**GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

      THIS CAUSE is before the Court on Plaintiffs' Unopposed Motion for Final Approval
of Proposed Global Class Action Settlement [DE 373] and Plaintiffs' Unopposed Motion for
Attorneys' Fees, Costs, and Service Awards [DE 369].  The Court held a Fairness Hearing on
February 5, 2021, which was attended by counsel for Plaintiffs and Defendants. *See* [DE 374].
The Court has carefully considered the Motions, Magistrate Judge Snow's Report and

Recommendation recommending that Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards [DE 369], the argument of counsel, and is otherwise fully advised in the premises.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

WHEREAS Plaintiffs Kerry Roth, Marianne Joffe, Debbe Schertzer, and Stephanie Rodriguez (the "Named Plaintiffs"), individually and as Class Representatives on behalf of a proposed Settlement Class (collectively, "Plaintiffs"), and Defendants Government Employees Insurance Company, GEICO General Insurance Company, and GEICO Indemnity Company (collectively, "GEICO"), acting by and through their respective counsel, have agreed, subject to Court approval, to settle these consolidated Actions upon the terms and conditions stated in the Class Action Settlement Agreement filed with the Court on July 17, 2020 (the "Settlement Agreement" or "Agreement");

WHEREAS, this Court granted preliminarily approval (DE 368) of the Settlement Agreement on August 28, 2020 (including the attachments thereto), and directed that Notice be provided in accordance with the terms of the Agreement thereby providing the opportunity for Class Members to evaluate the Agreement's terms and to submit a claim, request exclusion, or submit an objection, and set a final approval Fairness Hearing for February 5, 2021;

WHEREAS, this Court ordered that Mailed Notices, Claim Forms, Emailed Notices, and a Longform notice in the form attached to the Settlement Agreement, be directed to Class Members pursuant to the terms of the Settlement Agreement;

WHEREAS, the Parties have demonstrated that the Notice plan was completed in accordance with the terms of the Settlement Agreement and pursuant to this Court's Order;

WHEREAS, in accordance with the Notice, a final fairness Hearing was conducted on February 5, 2021, during which this Court considered (1) the fairness, adequacy, and reasonableness of the Settlement Agreement terms under Fed. R. Civ. P. 23(e), (2) whether certification of the Settlement Class was proper under Rule 23; and (3) whether the attorneys' fees, costs, and incentive awards sought were fair and reasonable under Rule 23(h);

WHEREAS, the Motion for Attorneys' Fees, Costs, and Service Awards were submitted to Magistrate Judge for a Report & Recommendation;

WHEREAS, there were no objections to the Motion by any party, Class Member, or non-Class Member, and, after due consideration, Magistrate Judge Lurana S. Snow issued a Report & Recommendation ("R&R") (DE 371) on October 8, 2020, finding the fees, costs, and incentive award were fair and reasonable, and recommending the Motion be granted;

WHEREAS, this Court has fulfilled its duty to analyze the fairness, reasonableness, and adequacy of the proposed Settlement Agreement and the Motion for Attorneys' Fees, Costs, and Service Awards by considering not only the filings and arguments of Plaintiffs, Class Counsel, and Defendants, but also by independently evaluating the Settlement Agreement and Class Counsel's Motion for Fees, Costs, and Service Awards, as well as the R&R issued by Magistrate Judge Snow;

WHEREAS, by performing this independent analysis of the Motion for Final Approval, the Settlement Agreement (which provided Settlement Class Members with greater than 100% of the recovery requested in the complaints) as well as Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards (which provided fees, costs, and incentive awards in addition to Class Member recovery, and which did not diminish or reduce Class Member recovery), the

Court considered and protected the interests of all absent Settlement Class Members under Fed. R. Civ. P. 23;

WHEREAS, the Mailed and Emailed Notices advised Settlement Class Members of the method by which Class Members could opt out from the proposed Settlement and Settlement Class, and independently pursue an individual legal remedy against Defendants;

WHEREAS, pursuant to the Settlement Agreement and this Court's Order, all Settlement Class Members maintained the absolute right to request exclusion and pursue an individual lawsuit against Defendants;

WHEREAS, any Settlement Class Member who failed to request exclusion under the terms of the Settlement Agreement and as explained in the Mailed, Emailed, and Longform Notices voluntarily waived the right to pursue an independent remedy against Defendants;

WHEREAS, the Mailed, Emailed, and Longform Notices advised Settlement Class Members of the method by which Class Members could file objections to the Settlement Agreement, including the terms of the Agreement or the amount of attorneys' fees, costs, or incentive awards, and any timely objectors could request to be heard at the final Fairness Hearing;

WHEREAS, no Class Members or non-Class Members have filed any objections at any time or as to any issue;

NOW, THEREFORE, based upon the Settlement Agreement, all files, records, and proceedings herein, statements of counsel, including those set forth in the Motion for Final Approval and the Motion for Attorneys' Fees, Costs, and Service Awards, along with the declarations affixed thereto, and upon the Hearing conducted on February 5, 2021, this Court

finds and concludes as follows:

1. The Settlement Agreement (including its Exhibits) is hereby incorporated by reference in this Order, and all terms defined in the Agreement have the same meanings in this Order.

2. This Court possesses jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiffs and all Settlement Class Members.

3. On August 28, 2020, this Court entered an Order preliminarily certifying the Settlement Class, in which this Court found that (1) the negotiations prior to the Agreement occurred at arm's length, (2) there was significant and sufficient discovery in this case prior to settlement, and (3) the proponents of the Settlement Agreement were experienced in similar litigation. The Court preliminarily approved the Agreement (including Exhibits), and found the proposed Agreement was sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class. *See* [DE 368].

4. As set forth in the Order of preliminary approval (DE 368), this Court previously certified a class in each of the consolidated actions. *See Roth* DE 165; *Joffe* DE 52. The Parties propose a Settlement Class defined, with some immaterial alterations, essentially the same as the Classes previously certified by this Court, except that the Settlement Class includes additional insureds not included in the *Roth* class and other additional insureds who sustained a total loss to their insured leased vehicle subsequent to the date of this Court's orders certifying the Classes, and through August 1, 2020.

For purposes of determining whether the terms of the proposed Settlement Agreement should be finally approved as fair, reasonable and adequate, the following Settlement Class was preliminarily certified for settlement purposes only (and GEICO retained all rights to assert, if this settlement is not consummated, that this Court's previous Orders on class certification were incorrectly decided):

> All Florida policyholders who were insured (1) by GEICO General for private passenger auto physical damage coverage who suffered a first-party loss of a covered leased (i.e., not owned) vehicle at any time from August 30, 2011 through August 1, 2020, whose claims were adjusted by GEICO General as a Total Loss and resulted in payment by GEICO of a covered claim, and who were not paid full Sales Tax and/or full Title and Tag Transfer Fees; and (2) by GEICO Indemnity and Government Employees for private passenger auto physical damage coverage who suffered a first-party loss of a covered leased (i.e., not owned) vehicle at any time from June 15, 2013 through August 1, 2020, whose claims were adjusted by GEICO as a Total Loss and resulted in payment by GEICO of a covered claim, and who were not paid full Sales Tax and/or full Title and Tag Transfer Fees.

5.   Those excluded from the Class are set forth in paragraph I. uu of the Agreement.

6.   The Court further found that, for purposes of settlement, the Named Plaintiffs possessed Article III standing and that the Class was adequately defined and clearly ascertainable, that the Rule 23(a) prerequisites were satisfied, and that the Rule 23(b)(3) factors favored certification of the Settlement Class.

7.   The Court hereby reaffirms this definition of the Settlement Class for purposes of this Final Order and Judgment and certifies this Action, for settlement purposes only, as a Class Action. For the reasons set forth in this Court's Orders Granting Class Certification (*Roth* DE 165; *Joffe* DE 52) and the Order Preliminarily Approving Class

Settlement (DE 368), for purposes of settlement, the Settlement Class as defined above is adequately defined and clearly ascertainable, and record evidence demonstrates the numerosity, commonality, typicality, and adequacy prerequisites are satisfied, common questions of law and fact predominate over any individual questions, and class treatment is superior to any alternative method of adjudication.

8.  In amending Rule 23 in 2018, the Advisory Committee clarified that when considering a proposed Settlement Agreement for members of a Class already certified by a court, "the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted." *See* Fed. R. Civ. P. 23(e)(1)(B) Committee Notes on Amendment – 2018. Here, as explained in the Order of preliminary approval, the Settlement Class expands the number of Settlement Class Members and the class period to include insureds who suffered a total loss through August 1, 2020, and is otherwise materially identical to the litigated class definitions set forth in *Roth* and *Joffe*. As such, the proposed Settlement Class is certifiable for the reasons set forth in this Court's previous Orders certifying the Class.

9.  Such finding should not be deemed an admission by GEICO of liability or fault or a finding of the validity of claims asserted in the Action or of any wrongdoing by GEICO. Neither the terms and provisions of the Agreement nor any of the negotiations or proceedings connected with it shall be construed as an admission or concession by the Released Persons of the truth of the allegations made in the Action, or of any liability, fault, or wrongdoing on the part of the Released Persons.

10. Kerry Roth, Marianne Joffe, Debbe Schertzer, and Stephanie Rodriguez, all of whom sufficiently demonstrated Article III standing and satisfied Rule 23(a)(4)'s adequacy prerequisite, are appointed representatives of the Settlement Class ("Class Representatives").

11. Having also satisfied the adequacy prerequisite prescribed by Rule 23(a)(4), the following attorneys are appointed as counsel for the Settlement Class ("Class Counsel"):

Edmund Normand, Esq.
Normand PLLC
3165 McCrory Place, Suite 175
Orlando, FL 32803
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
Ed@ednormand.com

Jacob Phillips, Esq.
Normand PLLC
3165 McCrory Place, Suite 175
Orlando, FL, 32803
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
Jacob.phillips@normandpllc.com

Christopher J. Lynch
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
clynch@hunterlynchlaw.com

Christopher B. Hall
Hall & Lampros, LLP
400 Galleria Parkway, Suite 1150
Atlanta, Georgia 30339
Phone:  (404) 876-8100
Facsimile:  (404) 876-3477

chall@hallandlampros.com

Andrew Lampros
Hall & Lampros, LLP
400 Galleria Parkway, Suite 1150
Atlanta, Georgia 30339
Phone:  (404) 876-8100
Facsimile:  (404) 876-3477
alampros@hallandlampros.com

Tracy L. Markham
Southern Atlantic Law Group, PLLC
2800 N. 5th Street, Suite 302
St. Augustine, Florida 32084
Phone:  (904) 794-7005
Facsimile: (904) 794-7007
tlm@southernatlanticlawgroup.com

Bradley W. Pratt
Pratt Clay, LLC
4401 Northside Parkway, Suite 520
Atlanta, Georgia 30327
Telephone:  (404) 949-8118
Facsimile:  (404) 949-8159
bradley@prattclay.com

12. This Order shall not be used as evidence or be interpreted in any way to be relevant to whether litigation classes or the previously certified Classes should be or should have been certified for class treatment.

13. On August 28, 2020, the Court approved the Mail Notice Form, E-Mail Notice Forms, Longform Notice, Claim Form, and Electronic Claim Form (including blank forms of both), submitted to the Court as Exhibits 2 through 8 to the proposed Settlement Agreement, and directed that the Notices and Claim Forms be sent in the manner set forth in the Agreement, including the procedures for Notices returned as undelivered or due to an incorrect address.

14. On January 18, 2021, the Parties submitted evidence that the Notice plan and the settlement website, which informed Settlement Class members of the terms of the proposed Settlement Agreement and of their right and opportunity to request exclusion from the Settlement Class and to object to the terms of the Agreement, were disseminated and posted pursuant to and in compliance with the Order granting preliminary approval. Specifically, the Court received a declaration from Jennifer M. Keough, CEO of the Settlement Administrator, which detailed the scope and results of the Notice plan. *See* [DE 372-1].

15. The adequacy and sufficiency of the Notice campaign is demonstrated by the fact that (1) out of 17,498 mailed notices to Settlement Class Members, 16,922 received the direct notice via first-class mail, including approximately 1,300 whose original address was successfully updated following an initial return as undeliverable, (2) 13,823 Settlement Class Members who had not yet submitted a claim received a second direct notice via first-class mail prior to expiration of the Claim Deadline, (3) 13,556 Settlement Class Members were sent a first Email Notice, of which 13,373 emails were delivered successfully; and (4) 10,537 Settlement Class Members who had not submitted a claim were sent a second Email Notice, of which 9,206 emails were delivered successfully . DE 372-1 at ¶¶ 7-12

16. The adequacy and sufficiency of the Notice campaign is also demonstrated by the fact that approximately 4,850 Settlement Class Members submitted claims, which constitutes a claims rate of 27.72%. DE 372-1 at ¶¶ 26-27. This is a significant claims rate and exceeds the rate seen in the majority of similarly structured settlements. *See*

Consumers and Class Actions: A Retrospective and Analysis of Settlement Campaigns, Federal Trade Commission, September 2019, at 11, https://www.ftc.gov/reports/consumers-class-actions-retrospective-analysis-settlement-campaigns (median claims rate is 9% and weighted mean (cases weighted by the number of notice recipients) is 4%). *See, e.g., Poertner v. Gillette Co.*, 618 Fed. Appx. 624, 625-26 (11th Cir. 2015) (approving settlement with claims rate of less than 1%); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 941, 944-45 (9th Cir. 2015) (approving settlement with claims rate of less than 4%); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1377-78 (S.D. Fla. 2007) (approving settlement with claims rate of approximately 1.1%).  *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 329 n.60 (3d Cir. 2011) (en banc) (noting that claims rates in consumer class action settlements "rarely" exceed 7%, "even with the most extensive notice campaigns").

17.  As such, and as confirmed based on review of the evidence submitted and arguments asserted by counsel, the Court finds that the notice provided to Settlement Class Members (i) was the best practicable notice under the circumstances; (ii) was calculated to apprise Settlement Class Members of the pendency of the Action and their right to object to or seek exclusion from the Proposed Settlement and to appear at the final Fairness Hearing; and (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice.  *See* Fed. R. Civ. P. 23(c)(2).

18. Additionally, the Court finds and concludes that the Notice plan set forth in the Preliminary Approval Order and effectuated by the Parties complied with the requirements of Fed. R. Civ. P. 23, along with the due process requirements prescribed

by the Florida and United States Constitutions. The Court further finds that the notice campaign stated in plain, easily understood language, *inter alia*, (a) the nature of the action; (b) the Settlement Class definition; (c) the claims and defenses at issue; (d) that Settlement Class Members could object to the proposed Settlement Agreement and could participate in person or through counsel; (e) the method by which Settlement Class Members could elect to be excluded from the proposed Settlement Agreement and Settlement Class, and that the Court will exclude any Class Members who timely and properly requested exclusion; and (f) the binding effect of final judgment on Settlement Class Members who did not request exclusion from the Settlement Class.

19. For these reasons, the Notice as disseminated is finally approved as fair, reasonable, and adequate.

20. The Court finds that the Class Action Fairness Act Notice provided on behalf of GEICO by the Settlement Administrator complied with 28 U.S.C. § 1715(b). None of the agencies to whom notice was provided objected to the settlement, which supports the fairness of the Settlement Agreement. *See, e.g.*, *Hamilton v. SunTrust Mortg, Inc.*, No. 13-60749, 2014 U.S. Dist. LEXIS 154762, at *4 (S.D. Fla. Oct. 24, 2014) (finding that where "not a single state attorney general or regulator submitted an objection…such facts are overwhelming support for the settlement").

21. The Fairness Hearing and the evidence before the Court support a finding that the Agreement was entered in good faith between the Plaintiffs and Defendants. Specifically, the Court affirms its findings in the Order granting preliminary approval that negotiations occurred at arm's length, that there was sufficient and extensive

discovery prior to settlement, and that the Settlement Agreement is fair, reasonable, and adequate to Settlement Class Members, based on, *inter alia*, the absence of any objections.

22. Based on the terms and conditions set forth in the Settlement Agreement, and given the benefits conferred by the Settlement Agreement to Settlement Class Members compared to the risks of continued prosecution and appeal, settlement of this Action is finally approved as fair, reasonable, adequate, and in the best interest of Settlement Class Members.

23. Where a proposed settlement class complies with the Rule 23 requirements, this Circuit expresses a strong preference towards settlement of class litigation, and as such class settlements should be approved if the terms are "fair, adequate, reasonable, and not the product of collusion." *Leverso v. SouthTrust Bank*, 18 F.3d 1527, 1530 (11th Cir. 1994).

24. The textual requirements for approval of proposed settlements are set forth in Rule 23(e)(2), under which settlements may be approved if (i) the Class was adequately represented and the settlement was negotiated at arm's length, and (ii) the relief provided is adequate under the factors outlined in Rule 23(e)(2)(C). The Court finds that these requirements are satisfied here.

25. Rule 23 is intended to "focus the court and the lawyers on the core concerns" of whether a settlement is fair and reasonable, but not to eliminate the various circuits' governing law on class action settlements. Fed. R. Civ. P. 23(e)(2) Committee Notes on Amendment – 2018. As such, the factors prescribed by *Bennett v. Behring Corp.*, 737

F.2d 982 (11th Cir. 1984) for courts to consider when evaluating the terms of a proposed settlement remain relevant. *See Cook v. Gov't Emples. Ins. Co.*, 2020 U.S. Dist. LEXIS 111956, at *16-17 (M.D. Fla. Jun. 22, 2020) (explaining that *Bennett* factors are relevant "particularly to the extent not encompassed by the Rule 23(e)(2)(C) factors."). These factors are: (1) likelihood of success at trial; (2) range of potential recovery; (3) the point on the range at which a settlement is fair, adequate, and reasonable; (4) complexity, expense, and duration of litigation; (5) nature of any opposition to the settlement; and (6) stage of proceedings when settlement occurred. *Bennett*, 737 F.2d at 986.

26. The Rule 23(e)(2) threshold requirements – adequate representation and arm's length negotiations – weigh in favor of settlement here. First, the question of adequate representation concerns whether the class representatives secured the information and knowledge of the relevant claims and defenses necessary to make an intelligent assessment of the pros and cons of potential settlement terms. Fed. R. Civ. P. 23(e)(2)(A); *see also Williams v. New Penn Fin., LLC*, Case No.: 3:17-cv-570-J-25JRK, 2019 U.S. Dist. LEXIS 106268, at * (M.D. Fla. May 8, 2019) (adequacy requirement addresses whether class representatives had "adequate information base" to evaluate potential settlement terms).[1]

---

[1] As other courts have noted, this requirement essentially overlaps with the *Bennett* "stage of proceedings" factor, *see Cook*, 2020 U.S. Dist. LEXIS 111956, at *18 (citations omitted), which is also intended "to ensure that Plaintiffs had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation." *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005).

27. Settlement occurred at an advanced stage of litigation, after contested issues of class certification, discovery, and summary judgment were extensively briefed and litigated – indeed, in the *Roth* case, final judgment had already been entered, the appeal was fully briefed, and the case was on the eve of oral argument. Record evidence demonstrates that the Class Counsel evaluated voluminous discovery, including tens of thousands of pages of documents and millions of data inputs, and conducted dozens of depositions of fact and expert witnesses. Unquestionably, then, the Class Representatives and their Counsel were well-versed in the information necessary to evaluate the merits and benefits of settlement compared to the risk of further litigation. *See Cook*, 2020 U.S. Dist. LEXIS 111956, at *18-19 (adequacy requirement was "clearly" met where settlement was achieved after "voluminous discovery" and "numerous depositions" and after "class certification, discovery, and summary judgment were extensively briefed and litigated.") (citing *Grant v. Ocwen Loan Servicing, LLC*, 2019 U.S. Dist. LEXIS 14673, at *14-15 (M.D. Fla. Jan. 29, 2019)).

28. As such, the Court finds that the Class Representatives have satisfied the Rule 23(e)(2)(A) "adequacy of representation" requirement, and further finds that the *Bennett* "stage of proceedings" weighs in favor of approving the Settlement Agreement.

29. Additionally, the record evidence demonstrates the "arm's length negotiations" requirement prescribed by Rule 23(e)(2)(A) is also satisfied here, particularly given that settlement occurred after extensive negotiations overseen by Rodney Max, a well-respected mediator. *See, e.g.*, *Brna v. Isle of Capri Casinos Inc.*, 2018 U.S. Dist. LEXIS

15

26662, at *4-5 (S.D. Fla. Feb. 20, 2018) (Rodney Max's involvement "serves to reject any notion that a resulting settlement was the product of collusion."). Settlements that are achieved with the assistance and under the supervision of a neutral mediation are presumed to have occurred at arm's length and to be free from collusion. *See Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 470 (S.D. Fla. 2002) (Where the parties have negotiated at arm's length, the Court should find that the settlement is not the product of collusion); McLaughlin on Class Actions § 6:7 (12th ed.) ("A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion.").

30. Additionally, this Court notes that it directly observed the contested nature of this litigation. The Parties comprehensively disputed and litigated numerous issues of fact and law in motions and other practice at every stage of this litigation, and they thoroughly developed the factual disputes and legal questions at issue, all of which further confirms for the Court that the Settlement Agreement was free of any collusive effects. *See, e.g.*, *Diaz v. Hillsborough County Hosp. Auth.*, 2000 U.S. Dist. LEXIS 14061, at *15-16 (M.D. Fla. Aug. 7, 2000) (years of contested litigation prior to settlement demonstrates lack of collusion).

31. The Court therefore finds that the Rule 23(e)(2)(a) "arm's length negotiations" procedural requirement is satisfied here.

32. Turning to whether the substantive terms of the Settlement Agreement are fair and reasonable, Rule 23(e)(2)(C) prescribes the following factors for courts to analyze in evaluating a settlement's terms: the risk of non-settlement, the method for processing

claims and distributing relief, and the terms of attorneys' fees. *See* Fed. R. Civ. P. 23(e)(2)(C)(i)-(iii).

33. The first factor – the "costs, risks, and delay of trial and appeal" – overlaps with the first four *Bennett* factors: (1) likelihood of success, (2) range of potential recovery, (3) where, on the range of potential recovery, the amount to which Class Members are entitled falls, and (4) the duration and length of litigation. *See, e.g.*, *Williams v. New Penn Fin., LLC*, 2019 U.S. Dist. LEXIS 106268, at *11 (M.D. Fla. May 8, 2019). The question under Rule 23(e)(2)(C)(i) and the first four *Bennett* factors is whether class members' potential recovery if ultimately successful on the merits, taking into account the risks of losing outright, is consistent with the relief provided by the proposed settlement agreement. *See Cook*, 2020 U.S. Dist. LEXIS 111956, at *20 ("[C]ourts should estimate the potential recovery if ultimately successful versus the risks of losing outright and determine whether the relief provided comports therewith."). The question is not the amount of relief in a vacuum, but "whether that relief is reasonable when compared with the relief 'plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing.'" *Burrow v. Forjas Taurus S.A.*, Case No. 16-21606-Civ-TORRES, 2019 U.S. Dist. LEXIS 151734, at *9 (S.D. Fla. Sep. 6, 2019) (citations omitted).

34. The damages sought in the pleadings was ACV Sales Tax (i.e., sales tax calculated as 6% of the adjusted vehicle value, plus applicable local surtax) and $75.25 in title fees, plus prejudgment interest. This was also the amount awarded by the Court in entering summary judgment and final judgment in the *Roth* case. Thus, potential recovery

ranges from $0.00 (were Class Members to lose outright) to ACV Sales Tax and $75.25, plus prejudgment interest, for each Settlement Class Member. The Settlement Agreement provides the top amount of potential damages, plus an additional $4.60 in tag transfer fees, to every Settlement Class Member who submits a claim.

35. As such, the place "on the range of potential recovery" in which the relief afforded falls is clearly adequate, as it exceeds the top of that range. *See Lee v. Ocwen Loan Servicing, LLC*, 2015 U.S. Dist. LEXIS 121998, at *7 (S.D. Fla. Sep. 14, 2015) (settlements that "provide near-complete relief to class members on a claims-made basis" are an "extraordinary result"); *cf. Bennett*, 737 F.2d at 987 n. 9 (approved settlement providing 5.6% of the potential recoverable damages). The Court notes that, under the Settlement Agreement, GEICO agreed to change (and in fact has changed) their business practice and begin including ACV Sales Tax and at least $79.85 in Transfer Fees to all leased-vehicle total-loss insureds. *See Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1326 (S.D. Fla. 2007) (potential recovery and benefits "spans from a finding of non-liability" to "varying levels of injunctive relief" to monetary benefits).

36. The Court also notes that the risk of no recovery at all is significant. While the Court granted class certification in *Roth* and *Joffe*, and granted summary judgment in *Roth*, every case carries a risk that success at the trial court level will be overturned by the appellate court. Not only is there no Florida Supreme Court or Florida appellate court directly on point, but the Seventh Circuit came to a different conclusion than this Court on an identical claim with virtually identical policy language, *see Sigler v. Geico Cas.*

*Co.*, 967 F.3d 658 (7th Cir. 2020), which highlights the risk facing the Settlement Class Member on appeal.

37. Thus, the Court finds that Rule 23(e)(2)(C)(i) weighs in favor of approving the Settlement Agreement.

38. The next substantive factor relevant to the terms of proposed settlement agreements is the method for "distributing relief" and "processing class-members claims." Fed. R. Civ. P. 23(e)(2)(C)(ii). Here, the claims' process and forms approved by the Court and implemented by the Parties was simple and straightforward. GEICO provided the information necessary to pre-fill the settlement claim forms, meaning that Settlement Class Members needed only to attest that the information was correct to the best of their knowledge (or update their address in the event they had moved). *See Cook*, 2020 U.S. Dist. LEXIS 111956, at *22-23 (finding that similar method for claim processing weighed in favor of approval because it was "simple, streamlined, and straightforward) (citing *Wilson v. Everbank*, 2016 U.S. Dist. LEXIS 15751, 2016 WL 457011, at *9 (S.D. Fla. Feb. 3, 2016) (finding significant that claim process "should take no more than a few minutes for the average claimant to complete")).

39. When preliminarily approving the proposed Settlement Agreement, DE 368, the Court addressed the claims-made structure, and explained that this structure did not undermine the fairness or adequacy of the Agreement. Upon further review of the claims process, this Court confirms such finding, and notes that it is well-established in this Circuit that a claims-made structure does not undermine the reasonableness of a settlement. *See Poertner*, 618 Fed. Appx. 624 (confirming approval of class settlement

with less than 1% claims rate); *see also, e.g.*, *Hamilton v. SunTrust Mortg. Inc.*, 2014 WL 5419507, at *6 (S.D. Fla. Oct. 24, 2014) (a claims-made structure does not impact the "fairness, reasonableness, or adequacy of proposed settlement."); *Bastian v. United Servs. Auto. Ass'n*, 2017 U.S. Dist. LEXIS 180757 (M.D. Fla. Nov. 1, 2017) (approving similar claims-made settlement in class action concerning total-loss vehicles); *Montoya v. PNC Bank, N.A.*, 2016 WL 1529902 (S.D. Fla. Apr. 13, 2016). This Court agrees with Judge Goodman that "[n]egotiating for a smaller amount to go to Class Members would, in effect, unfairly reward some Class Members for their own indifference at the expense of those who would take the minimal step of returning the simple Claim Form to receive the larger amount." *Lee v. Ocwen Loan Servicing, LLC*, Case No. 14-cv-60649-GOODMAN, 2015 WL 5449813, at *18 (S.D. Fla. Sep. 14, 2015).

40. The Court notes that GEICO made clear it would not have settled the case on a direct pay model and would instead have continued the appeal that had been pending (and was fully briefed) in the Eleventh Circuit. *See Montoya v. PNC Bank, N.A.*, 2016 U.S. Dist. LEXIS 50315, at *49 (S.D. Fla. Apr. 13, 2016) (claims-made settlement offered the best and "only real relief" possible in settlement because defendants "would not have agreed" to direct pay structure). As such, the question is not whether the claims-made structure is fair and reasonable when compared to a hypothetical direct-pay structure – the question is whether the claims-made settlement is fair and reasonable when compared to no settlement at all. *See Casey v. Citibank, N.A.*, 2014 WL 4120599, at *3 (N.D. N.Y. Aug. 21, 2014) (while direct payment may have resulted in more class

members receiving some payment, "there is no reason to believe the defendants would agree to such terms" and thus the feasibility of direct payment "is irrelevant").

41. The Court further notes that rather than – as in some claims-made settlements – calling for a set pool of money from which attorneys' fees and other costs are withdrawn and then providing a discounted amount to class members up to the cap the defendant agreed to set aside, the Settlement Agreement here makes whole and pays in full any Settlement Class Member who submits a claim. Such a structure is uniformly considered fair to members of a settlement class. *See Cotton v. Hinton*, 559 F.2d 1326, 1334 (5th Cir. 1977) (where a class settlement made claimants whole, objections as to fairness were "meritless"); *Krell v. Prudential Ins. Co. of Am. (in Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)*, 148 F.3d 283, 323 (3d Cir. 1998) (finding that settlement which required submission of claims and made whole such claimants was "extraordinary relief").

42. Thus, this Court finds that Rule 23(e)(2)(C)(ii) favors approval of the Settlement Agreement.

43. The next factor is the "terms of any proposed award of attorney's fees[.]" Fed. R. Civ. P. 23(e)(2)(C)(iii). Whether attorneys' fees are reasonable on their own terms was addressed by Judge Snow's R&R, see DE 371, and is further addressed below. The question under Rule 23(e)(2)(C) is whether attorneys' fees impacted the substantive Settlement Agreement terms. *See Cook*, 2020 U.S. Dist. LEXIS 111956, at *24 (explaining that Rule 23(e) analysis is "distinct from the Rule 23(h) analysis" and "addresses if and how the attorneys' fees impacted the terms of the settlement.").

44. The Court notes that the Settlement Agreement provides that (1) if this Court awards an amount in attorneys' fees, such amount is to be paid separately by GEICO and will have no impact on Settlement Class Members' recoveries, and (2) payments to Settlement Class Members are not conditioned on an attorneys' fees award. *See Burrow*, 2019 U.S. Dist. LEXIS 151734, at *27-28 (evaluating Rule 23(e)(2)(C)(iii) and finding significant that fees "are to be paid by the Defendants separately and in addition to the relief granted to the Settlement Class Members" and "was not conditioned on any amount of attorneys' fees being awarded by the Court").

45. Thus, this Court finds that Rule 23(e)(2)(C)(iii) favors approval of the Agreement.

46. The final Rule 23 substantive factor addresses whether the Settlement Agreement equitable treats class members. *See* Fed. R. Civ. P. 23(e)(2)(D). Under the Settlement Agreement, Settlement Class Members are treated identically – every Class Member was to receive the same Notice, the same pre-filled Claim Form, and the same measure of damages. *See Cook*, 2020 U.S. Dist. LEXIS 111956, at *24 (finding that Rule 23(e)(2)(D) favored settlement because "Settlement Class Members are treated identically insofar as it relates to Notice, Claim Forms, damages, and all other material ways."). Additionally, the scope of the release identically impacts all Class Members. *See* Rule 23(e)(2)(D), Committee Notes on Rules - 2018 Amendment (courts should evaluate whether "the scope of the release may affect class members in different ways"). As such, this Court finds that Rule 23(e)(2)(D) weighs in favor of approval of the settlement.

47. Finally, the Court notes that the two *Bennett* factors not subsumed within Rule 23 – *i.e.*, the opposition to the settlement terms and the opinions of the Class Representatives – weigh in favor of settlement. First, not a single Class Member lodged an objection, and only one Class Member requested exclusion. DE 372-1 Admin. Decl. at ¶¶ 6-7, 20-22. These numbers strongly support the fairness, adequacy, and reasonableness of the Settlement Agreement. *See Saccoccio*, 297 F.R.D. at 694 ("[L]ow resistance to the settlement [through opt- outs and objections] ... weighs in favor of approving the settlement."); *Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1252 (S.D. Fla. 2016) (one objection out of "hundreds of thousands class members" indicates strong satisfaction with settlement).

48. Second, the opinions of Class Counsel and the Named Plaintiffs favors approval of the settlement. Class Counsel are experienced class action litigators with excellent reputations, and this Court is inclined to give weight to their opinions. *See Thompson v. State Farm Fire & Cas. Co.*, 2019 U.S. Dist. LEXIS 6137, at *14-15 (M.D. Ga. Jan. 14, 2019) (relying on opinion of Class Counsel because "[a]bsent fraud, collusion, or the like, the district court should be hesitant to substitute its own judgment for that of counsel.") (quotations omitted); *Cook*, 2020 U.S. Dist. LEXIS 111956, at *26 (finding that the undersigned are "experienced and well-regarded class action litigators" and taking note of their opinions).

49. Thus, this Court finds that the remaining *Bennett* factors favor approval of the Settlement Agreement.

50. The Parties also jointly moved to vacate this Court's summary judgment Order in *Roth* should this Court grant final approval of the Settlement Agreement. As this Court noted in granting preliminary approval, vacatur requires this Court to "determine the propriety of granting vacatur by weighing the benefits of settlement to the parties and to the judicial system (and thus to the public as well) against the harm to the public in the form of lost precedent." *See Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1336 (11th Cir. 2016). Upon further review, the Court confirms and finds that, because the Order on summary judgment concerned an interpretation of GEICO-specific insurance policies under Florida law, is not binding precedent, and no precedential value is lost by vacating the Order, the benefits of settlement outweigh any harm to the public in the form of lost precedent.

**NOW, THEREFORE, IT IS FURTHER ORDERED AND ADJUDGED THAT**

51. The Court possesses subject matter jurisdiction over this Action and to approve the Settlement Agreement, and has personal jurisdiction over the Named Plaintiffs, Defendants, and all Settlement Class Members. The Motion for Final Approval of Class Action Settlement [DE 373] is **GRANTED**.

52. The Court finds that all Rule 23(a) prerequisites for certification of a settlement class have been satisfied and that the Rule 23(b)(3) factors favor certification.  As such, the Court certifies the Settlement Class for settlement purposes only.

53. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate and consistent with due process requirements, and are in the best interests of the Settlement Class.  The Settlement Agreement, including all terms and provisions,

is approved in all respects, and the Parties are directed to effectuate the Agreement in accordance with its terms.

54. The Court finds that, in negotiating, entering, and implementing the Settlement Agreement, Class Counsel and the Named Plaintiffs adequately, appropriately, and fairly represented and protected the interests of Settlement Class Members.  As such, the Court reconfirms its appointment of the Named Plaintiffs and Class Counsel as Class Representatives, as set forth above.

55. The Court approves the Opt-Out List submitted by the Settlement Administrator, which is found at [DE 372]. The Settlement Class Member who submitted the timely request for exclusion as set forth in the Opt-Out list is hereby excluded from the Settlement Class and shall neither share in nor be bound by the Final Order and Judgment. All other Settlement Class Members are adjudged to be members of the Settlement Class and are bound by this Final Order and Judgment and by the terms of the Settlement Agreement, including the terms and provisions of the Release set forth therein.

56. This Action is **DISMISSED WITH PREJUDICE** in its entirety on the merits, without leave to amend and without additional fees or costs except those expressly provided in this Final Order and Judgment granting the Motion for Attorneys' Fees, Costs, and Incentive Awards.

57. Upon entry of this Final Order and Judgment, each Settlement Class Member (unless excluded by the Court), as well as their heirs, estates, trustees, executors, administrators, agents, beneficiaries, successors, assigns, and representatives, and/or anyone acting or purporting to act for them or on their behalf, regardless of whether

they have submitted a Claim Form, shall be conclusively deemed to have fully released and discharged all Released Claims against all Released Parties as defined and set forth in the Settlement Agreement.

58. Other than Defendants, Defendants' counsel and their clerical/administrative personnel, Class Counsel and clerical/administrative personnel employed by Class Counsel, the Settlement Administrator and any clerical/administrative personnel employed by the Settlement Administrator, and such other persons as the Court finds necessary and may order after hearing or notice to counsel of record, no persons shall be permitted to access any Confidential Information, as defined and set forth in the Settlement Agreement. Class Counsel shall return to Defendants all Confidential Information pursuant to and in accordance with the terms of the Settlement Agreement.

59. This Final Order and Judgment incorporates the remaining terms of the Settlement Agreement, including all provisions addressing jurisdiction to enforce the terms and provisions of the Settlement Agreement, admissibility of the Settlement Agreement, as well as the requirements for properly and timely submitting claims.

60. The Parties filed a Joint Motion to Vacate Summary Judgment Order [DE 354], which the Court granted on August 27, 2020. *See* [DE 367]. As set forth in the Joint Motion, vacatur of various Orders entered in *Roth* and *Joffe* is a material term of the Settlement Agreement if this Court were to grant final approval of the Settlement Agreement. Under the terms of the Settlement Agreement, should the Agreement not be finally approved, the Parties agreed such Orders should not be vacated – or, if vacated, should be reinstituted. Because this Final Order and Judgment grants final approval of the

Settlement Agreement, and for the reasons set forth in the Joint Motion (DE 354) and this Court's indicative ruling [DE 363 at pgs. 4-5 of 7], the Court confirms the Joint Motion to Vacate is granted and the orders listed in [DE 367] are hereby **VACATED**.

61. Plaintiffs have requested that the Court approve attorneys' fees of $8,700,000, costs of up to $350,000, and service awards of $10,000 to each of the Named Plaintiffs. Plaintiffs supported their request and petition with voluminous records, declarations, and supporting materials. *See* [DE 369].

62. This Court has reviewed all declarations and evidence submitted in support thereof, including the declaration submitted by attorneys' fee, costs, and incentive award expert Robert Josefsberg, an experienced and well-regarded class action and complex litigation practitioner.

63. The Court has also reviewed the R&R submitted by Judge Snow, *see* [DE 371], who recommended that the Court grant the Motion and award attorneys' fees of $8,700,000, costs of $350,000, and Service Awards of $10,000 to each of the Named Plaintiffs. No objections to the R&R have been filed, and as such, the R&R is subject to review for clear error. *See Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006) (absent a timely-filed objection, a district court need only review a Report and Recommendation for clear error).

64. This Court analyzed the R&R concerning the application for attorneys' fees for clear error under applicable Eleventh Circuit law. *See Camden I Condominium Ass'n, Inc. v. Dunkle,* 946 F.2d 768 (11th Cir. 1991); *Poertner v. Gillette Co.,* 618 Fed. Appx. 624

(11th Cir. 2015); *Muransky v. Godiva Chocolatier, Inc.*, 905 F.3d 1200 (11th Cir. 2018).

65. The Court agrees that attorneys' fees of $8,700,000 are reasonable under the analysis prescribed by Eleventh Circuit law and under Rule 23(h), whether calculated as a percentage only of the cash benefits secured by the terms of the Settlement Agreement (in which case it represents 21.56% of the estimated benefits conferred) or as a percentage of the overall benefit including prospective relief (18.45% when including only one year of prospective relief, and 10.8% of the benefit when including five years of prospective relief), particularly given the favorable non-monetary terms of the Agreement, including the robust Notice and narrowly-tailored release. See *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1242 (11th Cir. 2011) ("[T]his Court has often stated that the majority of fees in these cases are reasonable where they fall between 20-25% of the claims.") (citations and quotations omitted).

66. Moreover, the fee amount is reasonable if considered under Fla. Stat. § 627.428, as interpreted by *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150-51 (Fla. 1985), *Standard Guaranty Insurance Co. v. Quanstrom*, 555 So. 2d 828, 834 (Fla. 1990), *Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122 (Fla. 2017), and based on the declarations submitted by Mr. Josefsberg and Class Counsel. The Court notes that the amount sought here, given the rates previously approved by the Court and the number of hours reasonably expended, would apply a multiplier of 1.43, which is less than the 2.0 multiplier this Court previously found reasonable in *Roth*.

67. The Court also agrees that in this case, state law governs the issue of Service Awards, *see Chieftain Royalty Co. v. Enervest Energy Insitutional Fund XIII-A, L.P.*, 861 F. 3d 1182, 1195 (10th Cir. 2017), and thus that *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020) is inapplicable to this case.  Here, Florida law permits providing Service Awards to class representatives. *See Altamonte Springs Imaging, L.C. v. State Farm Mut. Auto. Ins. Co.*, 12 So. 3d 850, 857 (Fla. 3rd DCA 2009).

68. The Notice informed the Settlement Class Members of the amount of attorneys' fees, costs, and service awards sought in Settlement Agreement. Admin. Decl. at exhibits A, C, and E.  Plaintiffs' filed their Motion for Attorneys' Fees, Costs, and Service Awards and posted the Motion on the Settlement Website on September 28, 2020, making it available to Settlement Class Members who were first mailed notice the same day (Roth, DE 369).  Out of the 17,498 notices mailed to Settlement Class Members, not a single objection was made.

69. The Court finds the R&R does not contain clear error.  As such, and for the additional reasons set forth herein, the Court hereby **ADOPTS AND APPROVES** the Report and Recommendation [DE 371] and hereby **GRANTS** the Motion for Attorneys' Fees, Costs, and Service Awards [DE 369]. The Court awards $8,700,000 in attorneys' fees and $350,000 in costs to Class Counsel and awards a service award of $10,000 each to Ms. Roth, Ms. Joffe, Ms. Rodriguez, and Ms. Schertzer.  Defendants shall pay the attorneys' fee and costs award to Class Counsel and the Service Awards to the Class Representatives pursuant to and in accordance with the terms of the Settlement Agreement.

70. The Court reaffirms its appointment of JND Legal Administration as the Settlement Administrator.

71. Without in any way affecting the finality of this Final Judgment, and without affecting the jurisdiction of any other court to enforce the Settlement Agreement as appropriate, this Court shall retain continuing jurisdiction over this Action for purposes of: (a) enforcing the terms and provisions of the Settlement Agreement, (b) hearing and resolving any application by a Party for a settlement bar order, and/or (c) any other matter related or ancillary to any of the foregoing.

72. In accordance with Fed. R. Civ. P. 54, this Final Order and Judgment is a final and appealable order.

73. This case shall remain **CLOSED**.

74. The Clerk is **DIRECTED** to **DENY AS MOOT** any pending motions not addressed in this Final Order and Judgment in Case No. 16-62942-CIV-WPD *Roth v. GEICO General Ins. Co.* and in Case No. 18-61361-WPD *Joffe et al v. GEICO Indemnity Company et al.*

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of February, 2021.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record